# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE and GEORGIA REPUBLICAN PARTY, INC., | |
| Plaintiffs, | |
| v. | No. _____ |
| THOMAS MAHONEY III, MARIANNE HEIMES, TRISH BROWN, JAMES HALL, and GLYNDA JONES in their official capacities as members of the Chatham County Board of Elections; SHERRI ALLEN, AARON V. JOHNSON, MICHAEL HEEKIN, TERESA K. CRAWFORD, and JULIE ADAMS in their official capacities as members of the Fulton County Registration and Elections Board; VASU ABHIRAMAN, NANCY JESTER, ANTHONY LEWIS, SUSAN MOTTER, and KARLI SWIFT in their official capacities as members of the DeKalb County Board of Registration and Elections; STEVEN F. BRUNING, TORI SILAS, STACY EFRAT, DEBBIE FISCHER, and JENNIFER MOSBACHER in their official capacities as members of the Cobb County Board of Registration and Elections; ALICE O'LENICK, WANDY TAYLOR, LORETTA MIRANDOLA, DAVID HANCOCK, and ANTHONY RODRIQUEZ in their official capacities as members | |

of the Gwinnett County Board of Registrations and Elections, DANNY HOPE, DOROTHY FOSTER HALL, CAROL WESLEY, PAT PULLAR, and DOMINIQUE GRANT in their official capacities as members of the Clayton County Board of Registrations and Elections, HUNAID QADIR, ADAM SHIRLEY, ROCKY RAFFLE, PATRICIA TILL, and WILLA FAMBROUGH in their official capacities as members of the Clarke County Board of Registrations and Elections,

Defendants.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs the Republican National Committee and the Georgia Republican Party, Inc., bring this action to challenge Defendants' violations of state election law that result in disparate treatment of Georgia voters:

## INTRODUCTION

1. Under Georgia law, "the period of advance voting … shall end on the Friday immediately prior to" the election. O.C.G.A. §21-2-385(d)(1)(B). The law provides "that voting shall occur only on the days specified in this paragraph and counties and municipalities shall not be authorized to conduct advance voting on any other days." *Id.*

2. Under Georgia law, "the term 'absentee elector' means an elector of this state or a municipality thereof who casts a ballot in a primary, election,

or runoff other than in person at the polls on the day of such primary, election, or runoff." O.C.G.A. §21-2-380.

3.     The law is clear—the period of advance voting is over. But, that hasn't stopped Fulton, DeKalb, Cobb, Gwinnett, Athens-Clarke, Clayton, and Chatham counties from announcing at the eleventh hour that they will open this weekend and Monday for voters to return absentee ballots.

4.     The county's actions violate state law.

5.     Worse, the county's actions violate the Equal Protection Clause of the Fourteenth Amendment by granting special privileges to voters of those counties in violation of state law, thus arbitrarily and disparately affecting against voters and candidates in other counties.

6.     Worse still, the county's actions violate the federal Elections Clause by flouting the Georgia General Assembly's regulations setting the "Manner" of federal elections. U.S. Const. art. I, §4.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction because this action arises under the Constitution and laws of the United States. 28 U.S.C. §§1331, 1343.

8.     Venue is proper because at least one Defendant resides in this district and all Defendants are residents of Georgia, and because a substantial part of the events giving rise to the claims occurred in this district. *Id.* §1391(b).

## PARTIES

9.    Plaintiff Republican National Committee ("RNC") is the national committee of the Republican Party, as defined by 52 U.S.C. §30101(14), with its principal place of business at 310 First Street S.E., Washington D.C., 20003.

10.    The RNC organizes and operates the Republican National Convention, which nominates a candidate for President and Vice President of the United States.

11.    The RNC represents over 30 million registered Republicans in all 50 states, the District of Columbia, and the U.S. territories. It is comprised of 168 voting members representing state Republican Party organizations, including three members who are registered voters in Georgia.

12.    The RNC works to elect Republican candidates to state and federal office. On November 5, 2024, its candidates will appear on the ballot in Georgia for election to the Presidency and U.S. House of Representatives.

13.    The RNC has vital interests in protecting the ability of Republican voters to cast, and Republican candidates to receive, effective votes in Georgia elections and elsewhere. The RNC brings this suit to vindicate its own rights in this regard, and in a representational capacity to vindicate the rights of its members, affiliated voters, and candidates.

14.    The RNC also has an interest in preventing Defendants' illegal change of voting deadlines. By deciding at the last minute to keep their offices

open over the weekend, the Defendants have extended early voting in violation of statutory deadlines. The RNC relies on those deadlines to determines its strategic plans and resources to devote to Georgia elections.

15. By changing the deadlines on the eve of the election, the Defendants harm the RNC's mission to turn out Republican voters and elect Republican candidates.

16. Specifically, the RNC has determined the resources and strategies it will need to maximize Republican turnout in Georgia based on current voting rules and deadlines. Those strategies include ballot-chase programs and in-person turnout efforts. By suddenly opening offices for absentee voting on the final weekend before the election, Defendants harm the RNC's strategies and turnout efforts.

17. For example, the RNC engages in substantial efforts in furtherance of ensuring the integrity of elections in which its candidates compete and voters vote. Such efforts include assigning poll watchers to observe any location where voting activities occur. Because of Defendants' sudden addition of several days of absentee voting activities at election offices, the RNC was forced to quickly mobilize staff and volunteers to ensure a poll watcher presence at election offices across the Defendants' counties. The time and resources devoted to responding to Defendants' unlawful actions came at

the expense of other important RNC activities during the final weekend before the election.

18.     Moreover, in order to maintain competitive parity with its Democratic opponents, the RNC must shift resources this weekend from other mission-critical efforts to chase absentee ballots and encourage voters to return them to the Defendants' newly opened offices. If the RNC doesn't shift those resources, it will suffer a competitive disadvantage. If it does shift those resources, it must sacrifice other activities that are critical to its mission of turning out Republican voters and electing Republican candidates. Regardless, the Defendants' illegal actions harm the RNC's ability to pursue its core activities.

19.     Plaintiff Georgia Republican Party, Inc. ("GAGOP") is a political party in Georgia. The Georgia Republican Party and its members exercise their federal and state constitutional rights of speech, assembly, petition, and association to develop statewide political organization, promote the Republican Party platform, and secure the election of all duly nominated Republican candidates.

20.     The Georgia Republican Party has the same interests in this case as the RNC and seeks to vindicate those interests in the same ways.

21.     The RNC and GAGOP also bring this lawsuit on behalf of their members and voters. Specifically, they bring this suit on behalf of Georgia

voters and candidates who live, vote, or are running for office in counties other than the Defendants' counties. Those voters and candidates are being denied equal protection under the law by Defendants' unlawful extension of election deadlines.

22.     Defendants Sherri Allen, Aaron V. Johnson, Michael Heekin, Teresa K. Crawford, and Julie Adams are members of the Fulton County Board of Registration and Elections, which is the election superintendent for Fulton County. The superintendent is charged with overseeing the conduct of Fulton County elections and implementing laws and regulations, including managing the process for absentee voting and tabulating valid absentee ballots. O.C.G.A. § 21-2-381; O.C.G.A. § 21-2-386(a)(2)(A). They are being sued in their official capacities. Defendants principal place of business for conducting elections is located at 5600 Campbellton Fairburn Road, Fairburn, GA 30213 and its Government Center is Fulton County Government Center, 141 Pryor Street, SW, Atlanta, GA 30303.

23.     Defendants Vasu Abhiraman, Nancy Jester, Anthony Lewis, Susan Motter, and Karli Swift are members of the DeKalb County Board of Registration and Elections, which is the election superintendent for DeKalb County. The superintendent is charged with overseeing the conduct of DeKalb County elections and implementing laws and regulations, including managing the process for absentee voting and tabulating valid absentee ballots. O.C.G.A.

§ 21-2-381; O.C.G.A. § 21-2-386(a)(2)(A). They are being sued in their official capacities. Defendants principal place of business for conducting elections is located at 4380 Memorial Dr # 300, Decatur, GA 30032 and its Government Center is 1300 Commerce Drive Decatur, GA 30030.

24.     Defendants Steven Bruning, Tori Silas, Stacy Efrat, Debbie Fischer, and Jennifer Mosbacher are the members of the Cobb County Board of Registration and Elections, which is the election superintendent for Cobb County. The superintendent is charged with overseeing the conduct of Cobb County elections and implementing laws and regulations, including managing the process for absentee voting and tabulating valid absentee ballots. O.C.G.A. § 21-2-381; O.C.G.A. § 21-2-386(a)(2)(A). They are being sued in their official capacities. Defendants principal place of business for conducting elections is located at 995 Roswell St NE, Marietta, GA 30060 and its Government Center is 100 Cherokee St NE, Marietta, GA 30090.

25.     Defendants Alice O'Lenick, Wandy Taylor, Loretta Mirandola, David Hancock, and Anthony Rodriquez are members of the Gwinnett County Board of Registration and Elections, which is the election superintendent for Gwinnett County. The superintendent is charged with overseeing the conduct of Gwinnett County elections and implementing laws and regulations, including managing the process for absentee voting and tabulating valid absentee ballots. O.C.G.A. § 21-2-381; O.C.G.A. § 21-2-386(a)(2)(A). They are

being sued in their official capacities. Defendants principal place of business for conducting elections is located at 455 Grayson Hwy #200, Lawrenceville, GA 30046 and its Justice and Administration Center is 75 Langley Drive Lawrenceville, GA 30046.

26.     Defendants Thomas Mahoney III, Marianne Heimes, Trish Brown, James Hall, and Glynda Jones are the members of the Chatham County Board of Elections, which is the election superintendent for Chatham County. The superintendent is charged with overseeing the conduct of Chatham County elections and implementing laws and regulations, including managing the process for absentee voting and tabulating valid absentee ballots. O.C.G.A. § 21-2-381; O.C.G.A. § 21-2-386(a)(2)(A). They are being sued in their official capacities. Defendants principal place of business for conducting elections is located at 1117 Eisenhower Drive, Suite F, Savannah, Georgia 31406 and its Government Center is 124 Bull Street, Suite 210, Savannah, GA 31401.

27.     Defendants Danny Hope, Dorothy Foster Hall, Carol Wesley, Pat Pullar, and Dominique Grant are the members of the Clayton County Board of Elections, which is the election superintendent for Clayton County. The superintendent is charged with overseeing the conduct of Clayton County elections and implementing laws and regulations, including managing the process for absentee voting and tabulating valid absentee ballots. O.C.G.A. § 21-2-381; O.C.G.A. § 21-2-386(a)(2)(A). They are being sued in their official

capacities. Defendants principal place of business for conducting elections is located at 7946 North McDonough Street, Jonesboro, Georgia 30236.

28.     Defendants Hunaid Qadir, Adam Shirley, Rocky Raffle, Patricia Till, and Willa Fambrough are members of the Clarke County Board of Elections which is the election superintendent for Clarke County. The superintendent is charged with overseeing the conduct of Clarke County elections and implementing laws and regulations, including managing the process for absentee voting and tabulating valid absentee ballots. O.C.G.A. § 21-2-381; O.C.G.A. § 21-2-386(a)(2)(A). They are being sued in their official capacities. Defendants principal place of business for conducting elections is located at 2555 Lexington Road, Athens, Georgia 30605.

## ALLEGATIONS

29.     Georgia law provides for a period of "advance voting" that "shall end on the Friday immediately prior to each … election." O.C.G.A. §21-2-385 (d)(1)(B).

30.     The legal deadline for the end of advance voting in Georgia was Friday, November 1, 2024.

31.     Georgia law mandates that advance voting "shall occur only on the days" up until Friday, November 1, 2024, and "counties and municipalities shall not be authorized to conduct advance voting on any other days." O.C.G.A. §21-2-385 (d)(1)(B).

32.    However, the Fulton County Registration and Elections Board publicly announced that "election offices around Fulton County will be opened throughout the weekend to accommodate voters seeking to hand-return their absentee ballots." *Elections Office to Maintain Extended Hours Through the Weekend*, FULTON CNTY. REG. & ELEC. BD. (Nov. 1, 2024), https://perma.cc/W2J2-5CJR.

33.    Consequently, advance voting is continuing in Fulton County past the November 1, 2024 statutory deadline and extending through the weekend of November 2-3, 2024.

34.    The Gwinnett County Registration and Elections Board has publicly announced that "[t]welve advance polling locations will be open daily, including Saturday and Sunday, for the November 5 General Election from 7:00am to 7:00pm." *Advance Voting for General Election*, Gwinnett Cnty. Reg. & Elec. Bd., https://www.gwinnettcounty.com/departments/elections.

35.    Consequently, advance voting is continuing in Gwinnett County past the November 1, 2024 statutory deadline and extending through the weekend of November 2-3, 2024.

36.    The Chatham County Board of Elections is allowing advance voting to continue on Saturday, November 2, 2024, and Monday, November 4, 2024. *Chatham County Voter Registration Office to Accept Completed Absentee Ballots through Election Day*, WTOC (Nov. 1, 2024, 4:13 PM),

https://www.wtoc.com/2024/11/01/chatham-county-voter-registration-office-accept-completed-absentee-ballots-through-election-day/.

37.     Consequently, advance voting is continuing in Chatham County past the November 1, 2024 statutory deadline and extending through November 4, 2024.

38.     The Cobb County Registration and Elections Board has publicly announced that "Absentee by Mail Ballots for the November 5, 2024 General Election will be accepted this weekend" on "Saturday, Nov. 2, 2024" and "Sunday, Nov. 3, 2024." *Cobb County Elections Accepting Absentee by Mail Ballots This Weekend*, Cobb Cnty. Reg. & Elec. Bd. (Oct. 29, 2024), https://www.cobbcounty.org/events/cobb-county-elections-accepting-absentee-mail-ballots-weekend.

39.     Consequently, advance voting is continuing in Cobb County past the November 1, 2024 statutory deadline and extending through the weekend of November 2-3, 2024.

40.     The DeKalb County Board of Registration and Elections is allowing advance voting to continue "on Saturday and Sunday from 8 a.m. to 3 p.m. and on Monday from 8 a.m. to 5 p.m." Meimei Xu, *Several Metro Atlanta Elections Offices to Open This Weekend and Monday for Absentee Ballot Drop Off*, WABE (Nov. 1, 2024),  https://www.wabe.org/several-metro-atlanta-

[elections-offices-to-open-this-weekend-and-monday-for-absentee-ballot-drop-off/](elections-offices-to-open-this-weekend-and-monday-for-absentee-ballot-drop-off/).

41.     Consequently, advance voting is continuing in DeKalb County past the November 1, 2024 statutory deadline and extending through the weekend of November 2-3, 2024.

42.     However, upon information and belief, many other Georgia counties will not have locations open for advance voting through the weekend of November 2-3, 2024, including Clayton County, Georgia. *Id*.

43.     The dates of November 2-4, 2024, are outside the advanced voting period authorized by Georgia law. O.C.G.A. §21-2-385 (d)(1)(B).

44.     Georgia law further provides that certain "building[s]" that are "generally accessible to the public" shall serve the "purpose of advance voting." O.C.G.A. §21-2-382(a).

45.     However, upon information and belief, only some of the buildings that serve the purpose of advance voting in the Georgia counties allowing advance voting to continue on the dates of November 2-4, 2024, will remain open.

46.     On November 2, 2024, Plaintiffs informed Defendants of their legal violations, requested that the Defendants cease their illegal conduct, and that the Defendants take steps to sequester ballots and preserve evidence in anticipation of litigation.

## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. §1983 – Violation of the Equal Protection Clause of U.S. Constitution (Amend. XIV, §1)

47.     Plaintiffs incorporate all their prior allegations.

48.     42 U.S.C. §1983 authorizes suits for the deprivation of a right secured by the Constitution or the laws of the United States caused by a person acting under the color of state law.

49.     "Undeniably the Constitution of the United States protects the right of all qualified citizens to vote…." *Reynolds v. Sims*, 377 U.S. 533, 554 (1964).

50.     "Having once granted the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another." *Bush v. Gore*, 531 U.S. 98, 104-05 (2000).

51.     The Equal Protection Clause of the Fourteenth Amendment thus guarantees qualified voters a right to participate equally with other qualified voters in the electoral process. *See Reynolds*, 377 U.S. 533, 566 (1964) ("Diluting the weight of votes because of place of residence impairs basic constitutional rights under the Fourteenth Amendment just as much as invidious discriminations based upon factors such as race…."); *Dunn v. Blumstein*, 405 U.S. 330, 336 (1972) ("[A] citizen has a constitutionally protected right to participate in elections on an equal basis with other citizens

in the jurisdiction."); *Harper v. Va. Bd. of Elections*, 383 U.S. 663, 665 (1966) ("[O]nce the franchise is granted to the electorate, lines may not be drawn which are inconsistent with the Equal Protection Clause of the Fourteenth Amendment.").

52. "Equal protection applies" to the right to vote, "as well to the manner of its exercise." *Bush*, 531 U.S. at 104.

53. The Equal Protection Clause also "ensure[s] that qualified voters are given an equal opportunity to participate in elections." *Fla. State Conf. of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1185–86 (11th Cir. 2008) (Barkett, J., concurring in part, dissenting in part) (collecting cases). The Clause prohibits "arbitrary and disparate treatment of [the State's] citizens based on their county of residence." *Id.*

54. The Defendants' actions result in disparate voting opportunities for Georgia voters based solely on their county of residence. Voters in counties that are not opening their offices this weekend are thus "less likely to cast effective votes" because they have fewer days to do so. *Wexler v. Anderson*, 452 F.3d 1226, 1232 (11th Cir. 2006).

55. The arbitrary treatment is even more egregious because it is the result of Defendants' *violation* of state law, not an ambiguity or gap in state law. Some election rules "reasonably provide for jurisdiction-by-jurisdiction variation." *Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072, 1091

(9th Cir. 2024). But here, the Defendants have violated a state law that provides for uniformity. In doing so, they are arbitrarily treating voters in their counties differently than voters in other counties.

56.     In short, the Equal Protection Clause's "Uniformity Principle" articulated in *Bush v. Gore* "generally forbids states or election officials from providing materially different treatment to similarly situated groups of voters participating in the same election." Michael T. Morley, Bush v. Gore*'s Uniformity Principle and the Equal Protection Right to Vote*, 28 Geo. Mason L. Rev. 229, 261 (2020).

57.     Defendants' actions under color of law violate the Equal Protection Clause.

## COUNT II

### *Ex Parte Young* – Violation of the Equal Protection Clause of the U.S. Constitution (Amend. XIV, §1)

58.     Plaintiffs incorporate all their prior allegations.

59.     *Ex parte Young* permits suits for prospective relief against state officials acting in violation of federal law. 209 U.S. 123 (1908). Under *Ex parte Young*, "a suit alleging a violation of the federal constitution against a state official in his official capacity for injunctive relief on a prospective basis is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment." *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011). The

doctrine permits injunctions against "ongoing and continuous violations of federal law." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999).

60.     *Ex parte Young* permits injunctive relief against the Defendants because the Defendants state officials named in their official capacities, the Defendants are currently violating federal law, and the Plaintiffs seek prospective relief.

61.     As explained in Count I, the Defendants are currently engaging in actions that violate the Equal Protection Clause.

## COUNT III

### 42 U.S.C. §1983 – Violation of the Elections Clause of the U.S. Constitution
### (U.S. Const. art. 1, §4)

62.     Plaintiffs incorporate all their prior allegations.

63.     The Elections Clause provides that: "The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by *the Legislature thereof*." U.S. Const. art. 1, § 4, cl. 1. (emphasis added).

64.     The Elections Clause is an "express delegation[] of power," *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 804 (1995), that grants state legislatures the exclusive "authority to provide a complete code" for federal elections, *Smiley v. Holm*, 285 U.S. 355, 366 (1932).

65.     Only the Georgia General Assembly, and not a county board, has the authority to establish the state's deadline for advance voting in the November federal election. The Georgia General Assembly has done this by unambiguously requiring that advance voting "shall end on the Friday immediately prior to each… election," which was November 1, 2024. O.C.G.A. §21-2-385 (d)(1)(B). The General Assembly has not delegated authority to the county boards to alter that uniform rule.

66.     Defendants' "attempt to re-write the laws governing the deadlines" for advance voting in Georgia's 2024 federal election are consequently "invalid." *Carson v. Simon*, 978 F.3d 1051, 1060 (8th Cir. 2020). "[I]t is not the province" of a county official "to re-write the state's election code." *Id*. By "setting the schedule for the elections" in a different manner than the one prescribed by the General Assembly, Defendants are "acting in a role assigned and entrusted by the Constitution to the legislature." *Valenti v. Mitchel*, 790 F. Supp. 551, 555 (E.D. Pa. 1992), *aff'd*, 962 F.2d 288, 297 (3d Cir. 1992).

67.     Defendants' "plan" to receive and count ballots "after the deadline" established by the Georgia General Assembly "necessarily means that otherwise invalid ballots will be entered in the vote totals that determine whether the Electors will be elected or not." *Carson*, 978 F.3d at 1060.

68.     Defendants' violation of the Elections Clause consequently will directly injure the Republican candidates whom Plaintiffs represent and who are seeking election in Georgia. These Republican candidates "have a cognizable interest in ensuring that the final vote tally accurately reflects the legally valid votes cast. An inaccurate vote tally is a concrete and particularized injury to candidates." *Carson*, 978 F.3d at 1058. They are "harmed" by Defendants' receipt and counting of ballots in violation of state law. *Trump v. Wisconsin Elections Comm'n*, 506 F. Supp. 3d 620, 632 (E.D. Wis. 2020).

69.     Since Defendants' extension of the advance voting period will cause them to receive and count ballots up to three days **after** the statutory deadline for advance voting, Defendants are violating Georgia election law, and their actions must be declared invalid under the Elections Clause of the United States Constitution. U.S. Const. art. 1, § 4, cl. 1.

## COUNT IV
## *Ex Parte Young* – Violation of the Elections Clause of the U.S. Constitution
## (U.S. Const. art. 1, §4)

70.     Plaintiffs incorporate all their prior allegations.

71.     *Ex parte Young* permits suits for prospective relief against state officials acting in violation of federal law. 209 U.S. 123 (1908). Under *Ex parte Young*, "a suit alleging a violation of the federal constitution against a state

official in his official capacity for injunctive relief on a prospective basis is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment." *Grizzle*, 634 F.3d at 1319. The doctrine permits injunctions against "ongoing and continuous violations of federal law." *Summit Med. Assocs.*, 180 F.3d at 1337.

72. *Ex parte Young* permits injunctive relief against the Defendants because the Defendants state officials named in their official capacities, the Defendants are currently violating federal law, and the Plaintiffs seek prospective relief.

73. As explained in Count III, the Defendants are currently engaging in actions that violate the Elections Clause and Electors Clause.

## **PRAYER FOR RELIEF**

Plaintiffs request entry of a judgment granting:

a. A declaratory judgment that Defendants violated the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution;

b. A declaratory judgment that Defendants violated the Elections Clause of Article I, §4 of the U.S. Constitution.

c. A temporary, preliminary, and permanent injunction prohibiting Defendants from accepting ballots at election offices between November 2 and November 4;

d. A temporary, preliminary, and permanent injunction requiring Defendants to segregate ballots returned in person to election offices between November 2 and November 4;

e. A temporary restraining order and preliminary injunction granting the relief specified above during the pendency of this action;

f. Plaintiffs' reasonable costs and expenses, including attorneys' fees; and

g. All other preliminary and permanent relief that Plaintiffs are entitled to, and that the Court deems just and proper.

Respectfully submitted this 3rd day of November, 2024.

/s/ *Mark A. Bandy*
Mark A. Bandy, Esq,
GA Bar 035974
Law Offices of Mark A. Bandy, PC
340 Eisenhower Dr., Building 800
Savannah, GA 31406
mark@markbandylaw.com
(912) 509-7015

Alex B. Kaufman
Georgia Bar: 136097
Chalmers, Adams, Backer & Kaufman, LLC
100 N. Main St., Suite 340
Alpharetta, GA 30009
AKaufman@chalmersadams.com
(404) 964-5587

*Counsel for Plaintiffs*