# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE and GEORGIA REPUBLICAN PARTY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS MAHONEY III, et al. <br><br> Defendants. | No. _____ |

## VERIFIED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION / TEMPORARY RESTRAINING ORDER

Plaintiffs the Republican National Committee and the Georgia Republican Party, Inc., seek temporary, preliminary, and permanent injunctive relief prohibiting Defendants—election officials in several counties across Georgia—from receiving absentee ballots at election offices in violation of state law and in violation of the Equal Protection Clause and Elections Clause of the United States Constitution. Defendants' actions will cause irreparable harm to Plaintiffs and their candidates, members, and voters, because they are conducting the election in violation of law, causing Plaintiffs to suffer a competitive disadvantage, and requiring Plaintiffs to divert critical resources in the final days of the campaign to respond to Defendants' unlawful actions. Plaintiffs require immediate injunctive relief to protect their rights during this election. Accordingly, this motion is filed on an emergency basis pursuant to Local Rule 7.7.

## BACKGROUND

Georgia law provides for a period of "advance voting" that "shall end on the Friday immediately prior to each … election." O.C.G.A. §21-2-385 (d)(1)(B). Therefore, the legal deadline for the end of advance voting in Georgia was Friday, November 1, 2024,  Georgia law mandates that advance voting "shall occur only on the days" up until Friday, November 1, 2024, and "counties and municipalities shall not be authorized to conduct advance voting on any other days." O.C.G.A. §21-2-385 (d)(1)(B).

However, Defendant Fulton County Registration and Elections Board publicly announced that "election offices around Fulton County will be opened throughout the weekend to accommodate voters seeking to hand-return their absentee ballots." Elections Office to Maintain Extended Hours Through the Weekend, FULTON CNTY. REG. & ELEC. BD. (Nov. 1, 2024), https://perma.cc/W2J2-5CJR.

Thus, in violation of Georgia law, advance voting is continuing in Fulton County past the statutory deadline. Athens-Clarke, Chatham, Clayton, Cobb, DeKalb, and Gwinnett counties have also continued advance voting past the deadline. Compl. ¶¶ 29-46.

The dates of November 2-4, 2024, are outside the advanced voting period authorized by Georgia law. O.C.G.A. §21-2-385 (d)(1)(B). On November 2, 2024, Plaintiffs informed Defendants of their legal violations, requested that the Defendants cease their illegal conduct, and that the Defendants take steps to sequester ballots and preserve evidence in anticipation of litigation.

## ARGUMENT

A plaintiff is entitled to preliminary injunctive relief if "(1) it has a substantial likelihood of success on the merits; (2) it will suffer an irreparable injury unless the injunction is granted; (3) the harm from the threatened

injury outweighs the harm the injunction would cause the opposing party; and (4) the injunction would not be adverse to the public interest." *Gonzalez v. Governor of Georgia*, 978 F.3d 1266, 1270–71 (11th Cir. 2020). The third and fourth factors "'merge' when, as here, the [g]overnment is the opposing party." *Id.*

### A. Plaintiffs are likely to succeed on the merits.

Under Georgia law, "the period of advance voting … shall end on the Friday immediately prior to" the election. O.C.G.A. §21-2-385(d)(1)(B). The law provides "that voting shall occur only on the days specified in this paragraph and counties and municipalities shall not be authorized to conduct advance voting on any other days." *Id.* The law is clear—the period of advance voting is over. That has not stopped Fulton, DeKalb, Cobb, Gwinnett, Athens-Clarke, Clayton, and Chatham Counties ("Defendant Counties") from announcing at the eleventh and a half hour that they will open (and in fact have opened) this weekend (November 2nd and 3rd) and Monday (November 4th) for voters to return absentee ballots.

The Defendants' actions not only violate state law, they violate the United States Constitution. Defendants are violating the Equal Protection Clause of the Fourteenth Amendment by granting special privileges to voters of those Defendant Counties in violation of Georgia law resulting in arbitrarily and disparately affecting voters and candidates in non-Defendant Counties. Moreover, Defendants violate the federal Elections Clause by flouting the Georgia General Assembly's regulations setting the "Manner" of federal elections. U.S. Const. art. I, §4.

### 1. Equal Protection Clause

"Undeniably the Constitution of the United States protects the right of all qualified citizens to vote…." *Reynolds v. Sims*, 377 U.S. 533, 554 (1964).

"Having once granted the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another." *Bush v. Gore*, 531 U.S. 98, 104-05 (2000). The Equal Protection Clause of the Fourteenth Amendment thus guarantees qualified voters a right to participate equally with other qualified voters in the electoral process. *See Reynolds*, 377 U.S. 533, 566 (1964) ("Diluting the weight of votes because of place of residence impairs basic constitutional rights under the Fourteenth Amendment just as much as invidious discriminations based upon factors such as race…."); *Dunn v. Blumstein*, 405 U.S. 330, 336 (1972) ("[A] citizen has a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction."); *Harper v. Va. Bd. of Elections*, 383 U.S. 663, 665 (1966) ("[O]nce the franchise is granted to the electorate, lines may not be drawn which are inconsistent with the Equal Protection Clause of the Fourteenth Amendment.").

"Equal protection applies" to the right to vote, "as well to the manner of its exercise." *Bush*, 531 U.S. at 104. The Equal Protection Clause also "ensure[s] that qualified voters are given an equal opportunity to participate in elections." *Fla. State Conf. of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1185–86 (11th Cir. 2008) (Barkett, J., concurring in part, dissenting in part) (collecting cases). The Clause prohibits "arbitrary and disparate treatment of [the State's] citizens based on their county of residence." *Id.*

The Defendants' actions result in disparate voting opportunities for Georgia voters based solely on their county of residence. Voters in counties that are not opening their offices this weekend are thus "less likely to cast effective votes" because they have fewer days to do so. *Wexler v. Anderson*, 452 F.3d 1226, 1232 (11th Cir. 2006). The arbitrary treatment is even more egregious because it is the result of Defendants' *violation* of state law, not an ambiguity

4

or gap in state law. Some election rules "reasonably provide for jurisdiction-by-jurisdiction variation." *Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072, 1091 (9th Cir. 2024). But here, the Defendants have violated a state law that provides for uniformity. In doing so, they are arbitrarily treating voters in their counties differently than voters in other counties.

In short, the Equal Protection Clause's "Uniformity Principle" articulated in *Bush v. Gore* "generally forbids states or election officials from providing materially different treatment to similarly situated groups of voters participating in the same election." Michael T. Morley, Bush v. Gore*'s Uniformity Principle and the Equal Protection Right to Vote*, 28 Geo. Mason L. Rev. 229, 261 (2020). Defendants' actions thus violate the Equal Protection Clause.

**2. Elections Clause**

The Elections Clause provides that: "The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by *the Legislature thereof*." U.S. Const. art. 1, § 4, cl. 1. (emphasis added). The Elections Clause is an "express delegation[] of power," *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 804 (1995), that grants state legislatures the exclusive "authority to provide a complete code" for federal elections, *Smiley v. Holm*, 285 U.S. 355, 366 (1932). Only the Georgia General Assembly, and not a county board, has the authority to establish the state's deadline for advance voting in the November federal election. The Georgia General Assembly has done this by unambiguously requiring that advance voting "shall end on the Friday immediately prior to each… election," which was November 1, 2024. O.C.G.A. §21-2-385 (d)(1)(B). The General Assembly has not delegated authority to the county boards to alter that uniform rule.

5

Defendants' "attempt to re-write the laws governing the deadlines" for advance voting in Georgia's 2024 federal election are consequently "invalid." *Carson v. Simon*, 978 F.3d 1051, 1060 (8th Cir. 2020). "[I]t is not the province" of a county official "to re-write the state's election code." *Id*. By "setting the schedule for the elections" in a different manner than the one prescribed by the General Assembly, Defendants are "acting in a role assigned and entrusted by the Constitution to the legislature." *Valenti v. Mitchel*, 790 F. Supp. 551, 555 (E.D. Pa. 1992), *aff'd*, 962 F.2d 288, 297 (3d Cir. 1992). Since Defendants' extension of the advance voting period will cause them to receive and count ballots up to three days after the statutory deadline for advance voting, Defendants are violating Georgia election law, and their actions must be declared invalid under the Elections Clause of the United States Constitution. U.S. Const. art. 1, § 4, cl. 1.

**B. Plaintiffs will suffer irreparable harm.**

Plaintiffs will suffer irreparable harm if Defendants are not enjoined from illegally conducting the election. In the election context, harms sustained by violations of election law are irreparable if not enjoined prior to the election occurring. "[O]nce the election occurs, there can be no do-over and no redress," making the injury "real and completely irreparable if nothing is done to enjoin [the challenged] law." *League of Women Voters of N. C. v. North Carolina*, 169 F.3d 224, 247 (4th Cir. 2014). If allowed to continue, Defendants' unlawful actions will "foreclose[ ]" electoral opportunities for Plaintiffs and their candidates and voters that cannot be restored after the fact. *Brown v. Chote*, 411 U.S. 452, 457 (1973) (candidate opportunities "irreparably lost"); *see also Mecinas v. Hobbs*, 30 F.4th 890, 898 (9th Cir. 2022) (political party is harmed if "an allegedly unlawful election regulation makes the competitive landscape worse for a candidate or that candidate's party than it would otherwise be if

the regulation were declared unlawful"); *id.* (recognizing injury "that results from being forced to participate in an 'illegally structure[d] competitive environment'").

Here, Defendants' violations of state law put Plaintiffs and their candidates, members, and voters at a disadvantage by offering disparate voting opportunities across the state. This injury cannot be remedied after the election, and relief is therefore required now to prevent continued violations of the law.

### C. Balance of Equities / Public Interest

The balance of hardships weighs strongly in Plaintiffs' favor. On the one hand, Plaintiffs will suffer irreparable harm to their electoral prospects and competitiveness and voting rights if Defendants continue to violate the law. Indeed, because Plaintiffs will suffer injury to their constitutional rights, "the balance of hardships tips decidedly in the plaintiff's favor." *Greater Chautauqua Fed. Credit Union v. Marks*, 600 F. Supp. 3d 405, 433 (S.D.N.Y. 2022). On the other hand, Defendants "cannot suffer harm from an injunction that merely ends an unlawful practice." *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 191 (D.D.C. 2015).

There is "no public interest in the perpetuation of unlawful [government] action." *Washington v. DeVos*, 481 F. Supp. 3d 1184, 1197 (W.D. Wash. 2020) (quoting *League of Women Voters of United States v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016)). "To the contrary, there is a substantial public interest in having governmental agencies abide by the … laws that govern their existence and operations." *Id.* There is a particularly strong public interest in enforcing election laws meant to safeguard the integrity of the electoral process. *See Purcell v. Gonzalez*, 549 U.S. 1, 4, 127 S. Ct. 5, 7 (2006) ("Confidence in the integrity of our electoral processes is essential to the functioning of our

participatory democracy."). Accordingly, there is a substantial public interest in requiring Defendants to comply with Georgia election law and not cause disparate voting opportunities across the state.

## CONCLUSION

Plaintiffs request entry of a preliminary injunction prohibiting Defendants from continuing to receive absentee ballots delivered in person after the advance voting period ended. Plaintiffs also request that Defendants segregate any absentee ballots received in such manner after the end of the advance voting period.

Respectfully submitted this 3rd day of November, 2024.

/s/ *Mark A. Bandy*
Mark A. Bandy, Esq,
GA Bar 035974
Law Offices of Mark A. Bandy, PC
340 Eisenhower Dr., Building 800
Savannah, GA 31406
mark@markbandylaw.com
(912) 509-7015

Alex B. Kaufman
Georgia Bar: 136097
Chalmers, Adams, Backer & Kaufman, LLC
100 N. Main St., Suite 340
Alpharetta, GA 30009
AKaufman@chalmersadams.com
(404) 964-5587

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of **VERIFIED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION / TEMPORARY RESTRAINING ORDER** to be served on all counsel of record by filing same through the Court's CM/ECF system.

This 3rd day of November, 2024.

/s/ *Mark A. Bandy*
Mark A. Bandy, Esq,
GA Bar 035974
Law Offices of Mark A. Bandy, PC
340 Eisenhower Dr., Building 800
Savannah, GA 31406
mark@markbandylaw.com
(912) 509-7015

Alex B. Kaufman
Georgia Bar: 136097
Chalmers, Adams, Backer & Kaufman, LLC
100 N. Main St., Suite 340
Alpharetta, GA 30009
AKaufman@chalmersadams.com
(404) 964-5587

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

REPUBLICAN NATIONAL
COMMITTEE and GEORGIA
REPUBLICAN PARTY, INC.,

    Plaintiffs,

v.

THOMAS MAHONEY III, et al.

    Defendants.

No. _____

## VERIFICATION

PERSONALLY APPEARED BEFORE ME, the undersigned attesting officer duly qualified to administer oaths, Jared Hooper who after being duly sworn deposes and states on oath that the information supplied in the foregoing **VERIFIED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION / TEMPORARY RESTRAINING ORDER** is true and correct to the best of their personal knowledge.

This 3rd day of November, 2024.

_____
Jared Hooper
Georgia Election Integrity Director, RNC

Sworn to and subscribed before me
This 3rd day of November, 2024.

_____
Notary Public
My Commission Expires: 11/29/2026



10