# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE and GEORGIA REPUBLICAN PARTY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS MAHONEY III *et al.*, <br><br> Defendants. | Case No. 4:24-cv-00248 |

## AMICUS BRIEF IN OPPOSITION TO PLAINTIFFS' COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

Allegra J. Lawrence (GA Bar No. 439797)
Leslie J. Bryan (GA Bar No. 091175)
Michelle L. McClafferty (GA Bar No. 161970)
LAWRENCE & BUNDY LLC
1180 West Peachtree Street, NW, Suite 1650
Atlanta, Georgia 30309
Telephone: (404) 400-3350
allegra.lawrence-hardy@lawrencebundy.com
leslie.bryan@lawrencebundy.com
michelle.mcclafferty@lawrencebundy.com

*Counsel for Amici Curiae*

**Table of Contents**

I. IDENTITY AND STATEMENT OF INTEREST ............................................... 1

II. ARGUMENT AND CITATION TO AUTHORITIES ...................................... 2

    A. Plaintiffs point to no law that classifies absentee voting as advance voting ............................................................................................ 3

    B. Plaintiffs' hypocrisy in suing only democratic counties that accepted absentee ballots over the weekend belies their claims. ................................................................................................................ 5

III. CONCLUSION ................................................................................................. 6

## I. IDENTITY AND STATEMENT OF INTEREST[1]

Amici file this brief opposing Plaintiffs' complaint for declaratory and injunctive relief because amici have a fervent interest in protecting the integrity of this state's election so that every legal vote counts. Amici are a group of individuals who include Georgia's former Lieutenant Governor, former Associate Counsel to President George W. Bush, former Special Counsel to President Donald J. Trump, policy analysts, former government attorneys, and congressional representatives who staunchly defend the Constitution, the interests of the American people, and the rule of law:

Ty Cobb served as Special Counsel to President Donald J. Trump (2017-2018); former Assistant United States Attorney for the District of Maryland (Chief of the Criminal Division); and a former Senior Trial Counsel, Office of Independent Counsel (the Honorable Arlin Adams-HUD). Natalie Crawford serves as Executive Director of Georgia First and was the former Vice-Chair and Chair of the Habersham County Commission (R) (2015-2020). Geoff Duncan served as Georgia's Lieutenant Governor (R) (2019-2023) and a Member of the Georgia House of Representatives representing the 26th District (R) (2013-2017). Mickey Edwards served as the Representative of the Fifth Congressional District of

---

[1] No counsel for a party authored this brief in whole or in part, and no party or counsel for a party made a monetary contribution intended to fund the preparation or submission of this brief.

1

Oklahoma (R) (1977-1993). Shannon Ferguson is the Senior Policy Analyst and Strategic Communications Director at Georgia First. Richard Painter served as the Associate Counsel to President George W. Bush (R) (2005-2007). Claudine Schneider served as the Representative of the Second Congressional District of Rhode Island (R) (1981-1991).

The above-identified amici offer their insights based on their collective decades of relevant experience. Election integrity has emerged as a focal point for political discourse in the United States, particularly among some Republicans after the 2020 election. Amici have a zealous interest in the outcome of this case, particularly in ensuring Plaintiffs' effort to undermine election integrity, with their lawsuit seeking to throw away legal votes, is denied.

## II.   ARGUMENT AND CITATION TO AUTHORITIES

Plaintiffs' complaint challenges seven traditionally democratic Georgia counties—Fulton, Cobb, Gwinnett, Clayton, DeKalb, Chatham, and Clarke—accepting hand-delivered absentee ballots over the weekend (and Monday) prior to Election Day 2024. Their complaint is factually and legally inaccurate and seeks the same relief that Judge Kevin M. Farmer in the Superior Court of Fulton County squarely rejected this past weekend. Plaintiffs' proverbial second bite at the apple in this Court should be denied. Amici write to highlight two particular failures of Plaintiffs' complaint: (1) Plaintiffs offer no support for the conclusion that absentee

voting is "advance voting;" and (2) Plaintiffs' hypocrisy in suing only democratic counties that accepted absentee ballots over the weekend belies their claims.

### A. Plaintiffs point to no law that classifies absentee voting as advance voting.

In accusing the seven Georgia counties of violating the law by accepting hand-delivered absentee ballots over the weekend and into the Monday before Election Day, Plaintiffs rely on O.C.G.A. § 21-2-385(d)(1)(B), alleging that Georgia law provides for a period of "advance voting" that "shall end on the Friday immediately prior to each . . . election." (Compl. ¶ 29, ECF No. 1.) But Plaintiffs are purposefully confusing "advance voting" with "absentee voting," which are two entirely separate methods of voting. Plaintiffs point to no statute or regulation that classifies absentee voting as advance voting. And Plaintiffs know that Defendants' accepting of hand-delivered absentee ballots until the close of the polls on Election Day is authorized by Georgia law. Indeed, Fulton County Republican Party, Inc. and the Georgia Republican Party, Inc. raised the same argument against Fulton County—an argument that was squarely rejected by Judge Kevin M. Farmer in the Superior Court of Fulton County during a hearing on Saturday, November 2, 2024. *See* Fulton Cnty. Elections Hr'g at 1:00:30, *Fulton Cnty. Republican Party, Inc. v. Fulton Cnty*, (Nov. 2, 2024), https://www.youtube.com/live/wGqGpNsqODg.

3

As Judge Farmer recognized, both O.C.G.A. § 21-2-382(a) and O.C.G.A. § 21-2-386(a)(1)(F) allow voters to deliver their absentee ballots in person to county election offices. Specifically, O.C.G.A. § 21-2-382(a) provides, in relevant part:

> Any other provisions of this chapter to the contrary notwithstanding, the board of registrars may establish additional registrar's offices or places of registration for the purpose of receiving absentee ballots under Code Section 21-2-381 . . ., provided that any such site is a building that is a branch of the county courthouse, a courthouse annex, a government service center providing general government services, another government building generally accessible to the public, or a building that is used as an election day polling place, notwithstanding that such building is not a government building.

O.C.G.A. § 21-2-382(a). Moreover, as Judge Farmer aptly recognized, the language in O.C.G.A. § 21-2-382(a)—that "[a]ny other provisions of this chapter to the contrary notwithstanding"—overrides the provision upon which Plaintiffs rely (if it even applied to absentee ballots, which it does not). *See* Fulton Cnty. Elections Hr'g at 24:50, *Fulton Cnty. Republican Party, Inc. v. Fulton Cnty*, (Nov. 2, 2024), https://www.youtube.com/live/wGqGpNsqODg. Finally, O.C.G.A. § 21-2-386(a)(1)(F) provides that only those absentee ballots received "after the closing of the polls on the day of the primary or election" are those that will be destroyed and not counted. If the law provides that absentee ballots received on Election Day are not late, then the only logical conclusion is that absentee ballots received

4

before Election Day are not late. Accordingly, Plaintiffs' (second) effort to block timely and valid votes should be denied.

### B. Plaintiffs' hypocrisy in suing only democratic counties that accepted absentee ballots over the weekend belies their claims.

Plaintiffs' complaint names only traditionally democratic-leaning counties that accepted absentee ballots over the weekend, strategically omitting any traditionally republican-leaning counties engaged in the same practice. For example, plaintiffs did not sue traditionally republican Walton County,[1] which also opened its board of elections office to accept hand-delivered absentee ballots over the weekend and through the close of the polls on Tuesday (as reflected in the below screenshot from Walton County's Facebook page):

---

[1] *See* https://www.waltoncountyga.gov/DocumentCenter/View/4527/General-Election-November-3-2020 (reflecting republican results for Walton County in 2020 election).



Plaintiffs' selective targeting of counties exposes that their concerns are strictly partisan and not legal in nature.

## III.   CONCLUSION

For the reasons stated above, amici respectfully request the Court deny Plaintiffs' request for declaratory and injunctive relief.

Dated: November 4, 2024                    Respectfully submitted,

6

*s/ Allegra J. Lawrence*
Allegra J. Lawrence (GA Bar No. 439797)
Leslie J. Bryan (GA Bar No. 091175)
Michelle L. McClafferty (GA Bar No. 161970)
LAWRENCE & BUNDY LLC
1180 West Peachtree Street, NW, Suite 1650
Atlanta, Georgia 30309
Telephone:   (404) 400-3350
Facsimile:    (404) 609-2504
allegra.lawrence-hardy@lawrencebundy.com
leslie.bryan@lawrencebundy.com
michelle.mcclafferty@lawrencebundy.com

*Counsel for Amici Curiae*

7

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2024, a true and accurate copy of the foregoing was electronically filed with the Court using the CM/ECF system. Service on noticed counsel for all parties will be accomplished through the Court's electronic filing system.

s/ *Allegra J. Lawrence*