**U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE and GEORGIA REPUBLICAN PARTY, INC., | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO.: 4:24-CV-248 |
| THOMAS MAHONEY III, et al., | |
| Defendants, | |
| DEMOCRATIC NATIONAL COMMITTEE and DEMOCRATIC PARTY OF GEORGIA, INC., | |
| Intervenor Defendants. | |

**INTERVENOR DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION/TEMPORARY
RESTRAINING ORDER**

**AND**

**MEMORANDUM OF LAW IN SUPPORT OF INTERVENOR
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................3

BACKGROUND ....................................................................................4

LEGAL STANDARD.............................................................................8

I.     Plaintiffs Cannot Succeed On The Merits ....................................9

     A.    Georgia Law Permits Hand Delivery of Absentee Ballots at County-Designated Locations up to and on Election Day ................................9

     B.    Plaintiffs Cannot Demonstrate a Constitutional Violation ................12

     C.    Ongoing State Court Proceedings Require Abstention......................16

II.    Plaintiffs Are Unlikely To Succeed On The Merits Of Their Claims Because *Purcell* And Laches Bar Relief ...................................19

     A.    *Purcell* Bars Relief...........................................................................19

     B.    Laches Bars Relief.............................................................................21

III.   The Balance Of Harms And Public Interest Favor Defendants.................23

CONCLUSION......................................................................................24

## INTRODUCTION

Georgia's election code states that absentee ballots can be returned until the polls close on election day and allows counties to establish locations for the receipt of hand-delivered absentee ballots.  O.C.G.A. §§ 21-2-382(a), 21-2-385, 21-2-386(a)(1)(A).  This year, as in prior years, Georgia counties exercised that statutory authority to designate various locations for voters to hand deliver absentee ballots.  And this year, as in prior years, certain counties elected to keep such locations open after the end of in-person advance voting on November 1—just as Cobb, Chatham, and Fulton counties did in 2022.  Every aspect of this process is expressly permitted by Georgia's election code.  Indeed, a Georgia state court held exactly that just two days ago, rejecting claims brought by the Georgia Republican Party, Inc. ("GRP") premised on the same faulty interpretation of state law being advanced here.  Georgia's Secretary of State agrees too, confirming that "[u]nder state law, election officials can receive absentee ballots in person at govt facilities if the county chooses."[1]

With less than 48 hours before the close of polls, the Republican National Committee ("RNC") and GRP have nevertheless asked this Court to upend these

---

[1] Ex. A (@GaSecofState, X (Nov. 2, 2024, 2:04 PM); *see also* Ex. B (@GabrielSterling, X (Nov. 2, 2024, 8:30 PM) (Chief Operating Officer in the Office of the Georgia Secretary of State stating "To be clear, no election laws were broken in Georgia today.  The law clearly states that govt buildings can be used to receive absentee ballots.  A judge said so this morning.").

permitted procedures for receiving absentee ballots.  Ignoring the plain language of the election code, they claim that counties are barred from accepting absentee ballots delivered by hand after the end of in-person advance voting on November 1.  On plaintiffs' theory, this supposed breach of state law violates the federal constitution's Equal Protection and Elections Clauses.

Plaintiffs' claims fail because there is no statutory violation.  As the Secretary of State and Fulton County Superior Court have already explained, counties may choose to receive absentee ballots delivered by hand at designated locations up to and including on Election Day.  That authority has nothing to do with the advance voting period.  Any contrary reading of the law would be nonsensical, permitting absentee ballots to be received by mail on November 2, 3, and 4, but not to be received by hand delivery on those same days.  Were that not enough to deny relief— and it is—the existence of parallel state court proceedings favors this Court's abstention, plaintiffs have sought relief far too late, and plaintiffs cannot establish any of the other factors required for preliminary relief.  The emergency motion for a preliminary injunction or temporary restraining order should be denied and the Complaint should be dismissed.

## BACKGROUND

Georgia's election code explicitly allows in-person return of absentee ballots. O.C.G.A. § 21-2-385(a) (voter may "personally mail or personally deliver" absentee

ballot to the board of registrars).  And the code allows counties to establish locations for the receipt of hand-delivered absentee ballots "notwithstanding" any other election code provisions.  *Id*. § 21-2-382(a) ("Any other provisions of this chapter to the contrary notwithstanding, the board of registrars may establish additional registrar's offices or places of registration for the purpose of receiving absentee ballots[.]").

Pursuant to this express grant of statutory authority, Georgia counties regularly permit in-person return of absentee ballots to county offices up to and including on election day.  For example, during the 2022 general election, Cobb County ran a comprehensive "last call" program for absentee ballots to be dropped off in person at libraries across the county.[2]  Also in 2022, Chatham County permitted voters to turn in completed absentee ballots "to the Voter Registration Office, located at 1117 Eisenhower Dr, Suite E before 7 p.m. on Election Day."[3] Fulton County likewise permitted the in-person return of absentee ballots to the county elections office "by 7 p.m. on Election Day" in 2022.[4]  Indeed, the Secretary of State's official guidance for voting absentee has stated, since at least 2022, that a

---

[2] Ex. C (Croft, Taylor, "Absentee voters in Cobb can return ballots in person before Election Day," AJC POLITICS (Nov. 2, 2022)).

[3] Ex. D (Peebles, Will, "Request your absentee ballot now. How Georgia voters can prepare for the Nov. 8 election," SAVANNAHNOW (Aug. 23, 2022)).

[4] Ex. E ("Absentee Ballot Request Period Now Underway, November 4, 2022," FULTON CNTY. (August 22, 2022)).

"ballot must be received by the county registrar no later than the close of polls on Election Day" and "[d]elivery can be either U.S. first class mail or hand delivered by the voter."[5]   During the 2024 election cycle, numerous counties are again permitting voters to hand deliver absentee ballots to designated locations (typically elections offices) up to and including on election day.  *See, e.g.*, Compl. ¶¶ 32, 34, 36, 38, 40.  The counties announced that these locations would be accepting hand-delivered ballots after November 1 as early as July 2024.  *See, e.g.*, Ex. F (July 17, 2024 Official Meeting Minutes of Gwinnett County Board of Voter Registration and Elections).

On November 1, 2024, the Fulton County Republican Party, Inc. ("FCRP") and GRP sued Fulton County in state court, raising the same flawed interpretation of state law advanced in this suit.  *See* Ex. G (Verified Emergency Petition ("Super. Ct. Compl.")).  Specifically, FCRP and GRP alleged that Fulton County planned to permit voters to return absentee ballots in person to the county's Department of Registration and Elections on November 2 and 3, 2024 in violation of O.C.G.A. §§ 21-2-382 and 385(d)(1)(B).  *Id.* ¶¶ 10-14.  FCRP and GRP sought a preliminary injunction prohibiting Fulton County from doing so.  *Id.* ¶ 20, *see also id.* at 6.

---

[5] Ex. H (Raffensperger, Brad, *A Guide for Registered Voters: An Overview of Georgia's Absentee Voting Process*, Ga. Sec'y of State (Mar. 30, 2022)).

On November 2, 2024, a hearing was held on FCRP's and GRP's suit. [6]

DNC and DPG were granted intervention as defendants.  The court denied FCRP

and GRP relief from the bench, stating "[t]here's no violation, so I'm going to

deny your petition."[7]  The judge further observed that Georgia's election code

"seems to indicate that personal delivery to the registrar and not to a drop box is

kosher.  And more than kosher, lawful."[8]  That same day, hours after the judge's

ruling, Georgia's highest-ranking election official, Secretary of State

Raffensberger, confirmed the legality of these counties' actions, stating that

"[u]nder state law, election officials can receive absentee ballots in person at

gov[ernmen]t facilities if the county chooses."[9]

Having failed in the state court, Plaintiffs now seek to subvert that prior ruling

by forum-shopping their claim to this Court.  Plaintiffs filed a complaint and motion

for preliminary relief in this Court on November 3, 2024, alleging that the boards of

---

[6] A public recording of the hearing is available at
https://www.youtube.com/watch?v=wGqGpNsqODg.  References to the hearing
recording are cited herein as "11/2/2024 Tr."  Intervenor Defendants have ordered
a transcript of the November 2, 2024 hearing.  They will file the transcript with the
Court as soon as possible.

[7] *See* 11/2/2024 Tr. 1:10:34.

[8] *See id.* 15:18.

[9] Ex. A (@GaSecofState, X (Nov. 2, 2024, 2:04 PM)); *see also* Ex. B
(@GabrielSterling, X (Nov. 2, 2024, 8:30 PM)) (Chief Operating Officer in the
Office of the Georgia Secretary of State stating "To be clear, no election laws were
broken in Georgia today.  The law clearly states that govt buildings can be used to
receive absentee ballots.  A judge said so this morning.").

elections in Fulton, DeKalb, Cobb, Gwinnett, Athens-Clarke, Clayton, and Chatham counties are allowing voters to hand deliver absentee ballots to county elections offices on November 2, 3, and 4, 2024, which Plaintiffs allege violates O.C.G.A. § 21-2-385(d)(1)(B).[10]  Compl. ¶¶ 3, 29-31, 43-44.  Plaintiffs contend that permitting the return of absentee ballots in violation of state law contravenes the Equal Protection and Elections Clause of the Constitution, and seek (1) a declaration that defendant counties violated the law; (2) an injunction barring the acceptance of absentee ballots in person at election offices from November 2 to November 4; and (3) an order requiring counties to segregate those absentee ballots already returned to election offices in person after November 1.  *Id*. ¶¶ 47-73; *id.* at 20-21.

## LEGAL STANDARD

A plaintiff seeking a preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not

---

[10] Notably, Plaintiffs do not name as a defendant Walton County, which also opened election offices on November 2 and 3 to allow voters to drop off absentee ballots.  Ex. I (Ahn, Ashley & Wickert, David, "Georgia Republicans escalate attacks on counties that accepted weekend ballots," AJC POLITICS (Nov. 4, 2024)). Plaintiffs' failure to seek injunctive relief against all of the counties engaged in the process they contend is illegal means that any injunction this Court could issue would itself create the disparate voting opportunities Plaintiffs purport to seek to remedy by bringing this action.

be against the public interest.  *GeorgiaCarry.org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1322 (11th Cir. 2015).  In this Circuit, the standard for obtaining a temporary restraining order is the same as that for obtaining a preliminary injunction. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

Under Rule 12(b)(6), a complaint must be dismissed if it fails to allege sufficient facts to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  Well-pleaded factual allegations are presumed true, but legal conclusions are not.  *Forbes v. CitiMortgage, Inc.*, 2012 WL 13065511, at *1 (N.D. Ga. Apr. 17, 2012).

## ARGUMENT

### I.   Plaintiffs Cannot Succeed On The Merits

#### A.   Georgia Law Permits Hand Delivery of Absentee Ballots at County-Designated Locations up to and on Election Day

Plaintiffs argue that the time limit on "advance voting" set by O.C.G.A. § 21-

2-385(d)(1)(B) prohibits accepting absentee ballots hand delivered to designated county offices between November 2 to November 4.  Compl. ¶¶ 1, 29-31.  No such restriction exists.

As plaintiffs concede, O.C.G.A. § 21-2-385(d)(1)(B) addresses when "advance voting" can be conducted.  Under Georgia's election code, "advance voting" and "voting by absentee ballot" are distinct processes subject to different statutory requirements.  *See, e.g.*, O.C.G.A. § 21-2-382; *see also id*. §§ 21-2-385(e), 21-2-381(a)(1)(A).  Advance voting requires visiting an early voting location to vote in person.  *See* O.C.G.A. § 21-2-385(d).  These voters, while going through the check-in process, complete an absentee ballot application at the polls.  SEB Reg. § 183-1-14-.02(11).  The board of registrars immediately determines whether that voter is eligible, and if so, the voter is instantly issued a voter access card programmed with the correct ballot style.  *Id*.  The voter then makes their choices on a voting machine, prints their ballot, and submits it into a ballot scanner.  *Id*.

Absentee voting involves applying to the registrar for an "absentee-by-mail ballot."  O.C.G.A. § 21-2-381(a)(1)(A).  The procedures for applying for and receiving an "absentee-by-mail ballot" are governed by a separate statutory scheme.  *See id*.  For example, "absentee-by-mail ballot" applications are not instantaneous and must be received no later than 11 days prior to the election.  *Id*.  Once the application is received, the board of registrars assesses the voter's eligibility and

mails the voter a ballot, which can then be returned by mail **or** by hand to a designated county office.  O.C.G.A. § 21-2-385(a); *id.* § 21-2-382.

Georgia's election code expressly permits absentee ballots to be returned up to and including on election day to designated county offices.  Section 21-2-386(a)(1)(A) instructs county boards to "keep safely, unopened, and stored in a manner that will prevent tampering … all official absentee ballots received from absentee electors *prior to the closing of the polls on the day of the … election*." O.C.G.A. § 21-2-386(a)(1)(A) (emphasis added).  Such ballots are then processed and counted.  *Id.* § 21-2-386(a)(2).[11]  The code further allows absentee ballots to be returned by mail or in person.  *Id.* § 21-2-385 (voter may "personally mail or personally deliver" absentee ballot to the board of registrars).  Counties are also permitted to establish "additional registrar's offices or places of registration for the purpose of receiving absentee ballots," provided those locations meet certain basic requirements, such as being a government building or polling place.  *Id.* § 21-2-382(a).

Nothing in these provisions, nor any other, states that hand-delivered absentee ballots can only be accepted until the close of advance voting on November 1.  To

---

[11] Absentee ballots "returned to the board or absentee ballot clerk *after the closing of the polls* on the day of the primary or election," in contrast, are stored and then, "*without being opened*," must be destroyed.  O.C.G.A. § 21-2-386 (a)(1)(F) (emphasis added).

the contrary, the defendant counties must accept all absentee ballots received by the close of polls on election day, and are permitted to designate offices to receive hand-delivered ballots prior to that deadline. For that reason, just two days ago the Fulton County Superior Court rejected the same interpretation of state law that plaintiffs advance here (in a suit brought by GRP, no less). In so doing, the Fulton County Superior Court underscored the absurdity of Plaintiffs' legal position, under which the United States Postal Service can deliver an absentee ballot to a registrar on November 2, 3, or 4, but the voter themselves cannot. Nothing in Georgia's election code requires such a result, and the Fulton County Superior Court correctly concluded that the hand-delivery procedures plaintiffs seek to enjoin comply with the election code. For good reason—any contrary reading of the law would permit absentee ballots to be received by mail on November 2, 3, and 4, but not to be received by hand delivery on those same days.

## B.    Plaintiffs Cannot Demonstrate a Constitutional Violation

Plaintiffs' federal constitutional claims require establishing a violation of state law. Their equal protection claim is premised on "granting special privileges to voters of [defendant] counties *in violation of state law*." Compl. ¶ 5 (emphasis added). Their Elections Clause claim depends on proving that the counties' actions "flout[] *the Georgia General Assembly's regulations* setting the 'Manner' of federal elections." *Id.* ¶ 6 (emphasis added). Indeed, there is no way for plaintiffs to plead

an Elections Clause violation *without* an underlying statutory violation, because it is only such a violation that could (on Plaintiffs' theory) usurp the role of the General Assembly in regulating elections. Because plaintiffs cannot establish a violation of state law, *supra* Section I.A., their federal claims necessarily fail. But even setting this foundational defect aside, plaintiffs' equal protection and Elections Clause claims fail.

First, plaintiffs' equal protection claim is unlikely to be successful because it is premised on a supposed "'Uniformity Principle' articulated in *Bush v. Gore*," 531 U.S. 98 (2000), Compl. ¶ 56, that courts have repeatedly declined to extend beyond the *counting* of votes, *Bush*, 531 U.S. at 109; *see also City of Damascus v. Oregon*, 367 Or. 41, 53 (Or. 2020) (*Bush* was "about uniformity of procedures for tabulating votes"). Here, in contrast, plaintiffs' claims turn on how ballots may be cast—a situation never addressed in *Bush*.

In all events, "local entities, in the exercise of their expertise" may "develop different systems for implementing elections" consistent with the Equal Protection Clause, *Bush*, 531 U.S. at 109, and state law may "reasonably provide for jurisdiction-by-jurisdiction variation," *Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072, 1091 (9th Cir. 2024). As a result, even "when boards of elections 'vary ... considerably' in how they decide to reject ballots, those local differences in implementing statewide standards do not violate equal protection." *Trump v. Sec'y*

*of. Pa.*, 830 F. App'x 377, 381 (3d. Cir. 2020); *accord Donald J. Trump for President, Inc. v. Boockvar*, 502 F. Supp. 3d 899, 922-23 (M.D. Pa. Nov. 21, 2020) ("Requiring that every single county administer elections in exactly the same way would impose untenable burdens on counties, whether because of population, resources, or a myriad of other reasonable considerations.").

That is the case here, where some counties have decided to exercise the discretion granted to them by the General Assembly to designate additional locations to receive absentee ballots during the time permitted by the election code. Courts thus routinely reject equal protection claims premised on variations in the procedures for casting ballots. *Wexler v. Lepore*, 342 F. Supp. 2d 1097, 1108 (S.D. Fla. 2004), *aff'd sub nom. Wexler v. Anderson*, 452 F.3d 1226 (11th Cir. 2006) (rejecting equal protection challenge to touchscreen voting technology in some counties); *Sw. Voter Registration Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (en banc) (rejecting equal protection challenge to the use of punch card technology by some counties). This includes rejecting challenges to mail-in voting that involve variations far more significant than those at issue here. *See, e.g., Donald J. Trump for President, Inc. v. Bullock*, 491 F. Supp. 3d 814, 836-837 (D. Mont. 2020) ("The crux of [plaintiffs] argument, as pled in their complaint, is that the use of a mail ballot system by some counties and not others results in unconstitutionally disparate treatment [...] few (if any) electoral systems could survive constitutional scrutiny if

the use of different voting mechanisms by counties offended the Equal Protection Clause").

Plaintiffs primarily rely on *Wexler v. Anderson* in support of their equal protection claim, but that decision denied relief and supports the same result here. The *Wexler* plaintiffs alleged that voters in counties using touchscreen voting machines were subjected to arbitrary and disparate treatment relative to voters in counties that used optical scan technology. *Wexler*, 452 F.3d at 1227. The Eleventh Circuit held that the equal protection inquiry turned on whether "voters in touchscreen counties [were] less likely to cast an effective vote than voters in optical scan counties"—"*not* the question of whether uniform procedures have been followed across a state regardless of differences in voting technology." *Id.* at 1232 (emphasis added). As in *Wexler*, the answer to the relevant question—whether voters in locations that did not open return locations are "less likely to cast an effective vote," *i.e.*, less likely that a vote, once cast, is counted—is no. The challenged practice is the method of delivering ballots to county officials, not how votes are counted. Voters in the defendant counties are no more or less likely to cast an effective vote than voters in other counties—whether a ballot is delivered to an elections office by mail or by hand has no impact on the likelihood that the vote, once cast, will be counted. An absentee ballot returned on November 1 or 5 counts the same as an absentee ballot returned on November 2, 3, or 4.

15

Plaintiffs' Elections Clause challenge is also without merit.  As explained, the defendant counties did not "attempt to re-write the laws governing the deadlines for advance voting," Compl. ¶ 66, but rather applied that election code as written in accord with established practices, *supra* at Section I.A.  Said otherwise, the situation here has nothing to do with the Elections Clause at all; defendant counties have respected the "role assigned and entrusted by the Constitution to the legislature" by implementing the General Assembly's detailed scheme for absentee voting.  *Valenti v. Mitchel*, 790 F. Supp. 551, 555 (E.D. Pa. 1992), *cited at* Compl. ¶ 66.  Plaintiffs do not, for example, seek review of a state court judgment on the theory that an interpretation of state law "transgress[ed] the ordinary bounds" of statutory interpretation, the only even potentially relevant application of the Elections Clause ever endorsed by the Supreme Court.  *Moore* v. *Harper*, 600 U.S. 1, 36 (2023).  Instead, and once more, they challenge counties' settled application of the election code.  Nor can a county continuing to apply an interpretation recently endorsed by a state court and the Secretary of State itself credibly be deemed to "transgress the ordinary bounds" of statutory interpretation.  To hold otherwise would transform every state law disagreement about election law into a federal constitutional claim.

## C.   Ongoing State Court Proceedings Require Abstention

Plaintiffs' blatant forum-shopping should not be countenanced by this Court. Plaintiffs have raised substantially the same state statutory argument in litigation

currently pending before the Fulton County Superior Court, and principles of abstention and comity require this Court to stay its hand.  As described above, the fundamental issue in both cases is based on state law—whether Defendants have violated the Georgia code.  Both cases allege that defendants are allowing absentee ballots to be received in violation of O.C.G.A. § 385(d)(1)(B).  *See* Compl. ¶¶ 43-44; Ex. G (Super. Ct. Compl.) ¶¶ 20, 27.  Specifically, the plaintiffs in both actions allege that "advance voting" ended on November 1, 2024, but that certain counties have announced that they will allow voters to hand return absentee ballots through the weekend of November 2-3.  *See* Compl. ¶¶ 29-46; Ex. G (Super. Ct. Compl.) ¶¶ 10-16.  Accordingly, the claims in both litigations turn on whether this practice violates the Georgia election code.

Although Plaintiffs attempt to cloak their state law claims in the federal Constitution, it is clear that they are seeking relief based on alleged violations of the Georgia code.  Indeed, Plaintiffs state in the very first sentence of their motion for preliminary relief that they are seeking relief based on "violation[s] of state law." Mot. for TRO at 1.  In their Complaint, they similarly lead with alleged state law violations.  *See, e.g.*, Compl. ¶¶ 1-4.  Attempting to disguise a state law claim by pleading federal constitutional violations *as a result* of that alleged violation of state law is improper.  This Court should abstain because "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where

another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *see also Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1286 (11th Cir. 2024) (courts consider whether state or federal law will be applied for abstention); *Gold-Fogel v. Fogel*, 16 F.4th 790, 798 (11th Cir. 2021) (discussing "traditional concepts of federalism, efficiency, and comity").

Additional factors weigh in favor of abstention.  First, the federal forum is inconvenient as, for many of the Defendants, this Court's Savannah Division is a substantial distance from their home jurisdiction (for example, Savannah is a more than 250-mile drive from parts of Gwinnett, Fulton, DeKalb, and Cobb counties and a nearly 230-mile drive from parts of Clayton county).  *See Taveras*, 89 F.4th at 1286 (courts consider inconvenience of federal forum for abstention).  Second, there is a substantial likelihood of piecemeal litigation if this Court does not abstain given the substantial overlap in the allegations and relief sought in both litigations, as described above.  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).  In the Fulton County Superior Court litigation, the court already concluded that the practices challenged in this suit are consistent with the election code and denied the relief requested here.  An adverse decision in this litigation would mean that counties that relied on the Fulton County Superior Court's ruling to continue accepting ballots over the past 48 hours face a federal court order

invalidating the very same conduct.  Third, as described above, the Superior Court litigation was filed before and is more advanced than this litigation.  *See Taveras*, 89 F.4th at 1286.

## II.    Plaintiffs Are Unlikely To Succeed On The Merits Of Their Claims Because *Purcell* And Laches Bar Relief

Plaintiffs are also unlikely to succeed on the merits of their claims because this suit was brought long after the conduct at issue started and while voting in the November 5 election is ongoing.  Courts routinely reject such late-in-time claims that burden voters and foster confusion and uncertainty on the eve of elections.  This Court should do the same.

### A.    *Purcell* Bars Relief

A bedrock principle of election law is that "lower federal courts should ordinarily not alter the election rules on the eve of an election."  *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 589 U.S. 423, 424 (2020) (per curiam).  The Supreme Court has cautioned that "[c]ourt orders affecting elections … result in voter confusion and consequent incentive to remain away from the polls," *Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006) (per curiam), and thus federal courts "should not enjoin state election laws in the period close to an election," *Merrill v. Milligan*, 142 S.Ct. 879, 879 (2022) (Kavanaugh, J., concurring), *vacated on other grounds by Allen v. Caster*, 599 U.S. 1 (2023); *see also New Ga. Project v. Raffensperger*, 976 F.3d 1278, 1283 (11th Cir. 2020) (declining to issue an injunction a month before

an election because it would "violate *Purcell*'s well-known caution against federal courts mandating new election rules—especially at the last minute"). Judicial restraint "discourages last-minute litigation and instead encourages litigants to bring any substantial challenges to election rules ahead of time." *Democratic Nat'l Comm. v. Wis. State Legislature*, 141 S.Ct. 28, 31 (2020). Federal district courts in this Circuit have likewise defended the principles animating the *Purcell* doctrine. *See, e.g.*, *Int'l All. of Theater Stage Emps. Local 927 v. Fervier*, 2024 U.S. Dist. LEXIS 134977, at *14 (N.D. Ga. July 31, 2024) (applying *Purcell* when election in four months).

The closer legal challenges are to an election, the higher the risk the challenges will cause confusion and disarray and undermine confidence in the general election results. *See Purcell*, 549 U.S. at 4-5. The Eleventh Circuit and Georgia's district courts have determined that, at a minimum, *Purcell* requires plaintiffs seeking election-law changes on the eve of an election to overcome a significant burden. In particular, the Eleventh Circuit has explained that *Purcell* "([] *significantly*) 'heightens' the standard that a plaintiff must meet to obtain injunctive relief that will upset a state's interest in running its elections without judicial interference." *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1372 (11th Cir. 2022) (emphasis added).

*Purcell* applies here, where Plaintiffs ask this Court to change established

voting procedures *just hours* prior to the general election by invalidating a longstanding mechanism for returning absentee ballots. Plaintiffs' challenge, brought on the eve of election day, would cause confusion and hardship for voters. That, in turn, jeopardizes voter "confidence in the integrity of [Georgia's] electoral processes," and undermines the "functioning of … participatory democracy" that *Purcell* is meant to protect. *Alpha Phi Alpha Fraternity Inc. v. Raffensperger*, 587 F. Supp. 3d 1222, 1324 (N.D. Ga. 2022).

## B.    Laches Bars Relief

Plaintiffs' claims are also barred by the doctrine of laches, *see Sanders v. Dooly Cnty.*, 245 F.3d 1289 (11th Cir. 2001), so long as Intervenor Defendants can show "'(1) there was a delay in asserting a right or a claim, (2) the delay was not excusable, and (3) the delay caused [them] undue prejudice.'" *Wood v. Raffensperger*, 501 F. Supp. 3d 1320, 1323 (quoting *United States v. Barfield*, 396 F.3d 1144, 1150 (11th Cir. 2005)). All three elements are met here, as Plaintiffs have been on notice since 2022 of the practices of which they now complain.

*First*, Plaintiffs unreasonably delayed asserting this claim. Plaintiffs have been on notice since at least 2022 that counties accept hand delivery of absentee ballots at county elections offices until the close of polls on election day. *Supra* at Section I.A. A two-year delay in bringing suit is particularly egregious given that the general election is tomorrow. Absentee voters have been mailing or delivering

in-person their absentee ballots for weeks, and the three-day period during which plaintiffs claim hand delivery should not have been permitted was nearly over by the time they filed suit.  Moreover, Plaintiffs brought this suit *after* the start of the return period they now seek to invalidate—despite the counties' posted announcements as early as July 17, 2024.  Compl. ¶¶ 32, 36, 38, 40; *see also* Ex. F (July 17, 2024 Official Meeting Minutes of Gwinnett County Board of Voter Registration and Elections).

*Second*, Plaintiffs have not presented a valid excuse for their delay.  *See Daugherty v. Fulton Cnty. Registration & Election Bd.*, 2021 Ga. Super. LEXIS 1991, at *9 (Fulton Cnty. Super. Ct. Aug. 2, 2021) (laches barred election claim where plaintiffs' actions reflected "significant neglect in asserting and pursuing his rights").  In *Wood v. Raffensberger*, the district court held that laches barred the plaintiffs' claim challenging Georgia officials' enforcement of a settlement agreement concerning handling of absentee ballots because he "failed to submit any evidence explaining why he waited to bring these claims until the eleventh hour" and failed to "articulate any reasonable excuse for his prolonged delay."  501 F. Supp. 3d at 1324.  Plaintiffs have similarly not provided any evidence for their delay in challenging these counties' decision to let absentee ballots be received by in-person delivery on November 2, 3, and 4.

*Third*, the delay is prejudicial to Defendants, Intervenor Defendants, and

Georgia's voters.  Allowing delayed challenges would risk both voter and election-administrator confusion.  Here, the requested relief would potentially disenfranchise the voters who delivered their absentee ballots in-person on November 2, 3, and 4.

## III.    The Balance Of Harms And Public Interest Favor Defendants

As a threshold matter, Plaintiffs claim irreparable harm based only on the asserted "violations of state law," and do not assert any irreparable injury predicated on a violation of their constitutional rights.  Mot. for TRO at 7.   Even if Plaintiffs could demonstrate a legal violation—they cannot—that is not sufficient to make the showing of irreparable harm that is required to warrant an injunction.   *Cf. GeorgiaCarry.org, Inc.*, 788 F.3d at 1379.

Plaintiffs also fail to demonstrate that the balance of harms favors preliminary relief.  In fact the balance of harms favors the opposite.  Plaintiffs seek to upend the status quo by stopping the acceptance of hand-delivered absentee ballots immediately, disenfranchising Georgia voters in the midst of an ongoing election.  Georgia counties have allowed voters to return absentee ballots to county offices up to and including on election day for years, and publicly announced that this practice would continue several days ago.  *Supra* at Section I.A.  Voters have already been relying on that representation—buttressed by a court decision on Saturday affirming the counties' practice—to hand deliver their ballots, all of which would be thrown into question in the event this Court reaches a different result.

## CONCLUSION

The Court should deny the motion for preliminary relief. For the same reasons plaintiffs are unlikely to succeed on the merits, the Court should grant DNC's and DPG's motion to dismiss with prejudice.

Respectfully submitted, this 4th day of November, 2024.


*/s/ Jeffrey R. Harris*
Jeffrey R. Harris
Georgia Bar No. 330315
HARRIS LOWRY MANTON LLP
410 E. Broughton Street
Savannah, GA 31401
(912) 651-9967
jeff@hlmlawfirm.com

Kurt G. Kastorf*
KASTORF LAW LLC
1387 Iverson Street NE Suite #100
Atlanta, GA 30307
(404) 900-0330
Kurt.kastorflaw.com

Seth P. Waxman*
Daniel S. Volchok*
Kevin Lamb*
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
(202) 663-6000
Seth.waxman@wilmerhale.com

Daniel.volchok@wilmerhale.com
Kevin.lamb@wilmerhale.com

Felicia H. Ellsworth*
Sharon K. Hogue*
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
Felicia.ellsworth@wilmerhale.com
Sharon.hogue@wilmerhale.com

Alex W. Miller*
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street
New York, NY 10007
(212) 230-8800
Alex.miller@wilmerhale.com

Anuj Dixit*
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Avenue

Los Angeles, CA 90071
(213)443-5300
Anuj.dixit@wilmerhale.com

*Attorneys for Intervenor Defendants*
*Democratic National Committee and*
*Democratic Party of Georgia, Inc.*

*\* Pro hac vice application*
*forthcoming*

# EXHIBIT A



Post

**GA Secretary of State Brad Raffensperger** ✓
@GaSecofState

Under state law, election officials can receive absentee ballots in person at govt facilities if the county chooses.

Several counties have chosen to do this.

We are working with the counties and the political parties to ensure this is done transparently and within Georgia law.

2:04 PM · Nov 2, 2024 · **326.8K** Views

**662** Reposts   **140** Quotes   **2,857** Likes   **92** Bookmarks

New to X?

Sign up now to get your own personalized timeline!

Sign up with Google

Sign up with Apple

Create account

By signing up, you agree to the Terms of Service and Privacy Policy, including Cookie Use.

Something went wrong. Try reloading.

↻ Retry

Terms of Service   Privacy Policy   Cookie Policy
Accessibility   Ads info   More ···   © 2024 X Corp.

**Don't miss what's happening**
People on X are the first to know.

Log in   Sign up

# EXHIBIT B



Post

**Gabriel Sterling**
@GabrielSterling

To be clear, no election laws were broken in Georgia today. The law clearly states that govt buildings can be used to receive absentee ballots. A judge said so this morning. Monitors, observers, & SOS investigators were all in Fulton locations. 104 ballots dropped off there.

8:30 PM · Nov 2, 2024 · **227.4K** Views

**1,356** Reposts   **50** Quotes   **6,036** Likes   **117** Bookmarks

New to X?

Sign up now to get your own personalized timeline!

Sign up with Google

Sign up with Apple

Create account

By signing up, you agree to the Terms of Service and Privacy Policy, including Cookie Use.

Something went wrong. Try reloading.

Retry

Terms of Service   Privacy Policy   Cookie Policy
Accessibility   Ads info   More ···   © 2024 X Corp.

**Don't miss what's happening**
People on X are the first to know.

Log in   Sign up

# EXHIBIT C

 **The Atlanta Journal-Constitution**
News

 Newsletters  Log Out

A.M. ATL Newsletter    Metro Atlanta    Georgia News    Legislature    National & World News    Business    Election 2024    The Trump Investigations

NEWS

# Absentee voters in Cobb can return ballots in person before Election Day

The "last call" ballot return option will be available at seven libraries across the county.



Poll workers assist early voters at Tim D. Lee Senior Center in Marietta on Monday, May 2, 2022. (Natrice Miller / natrice.miller@ajc.com) (Natrice Miller / Natrice.Miller@ajc.com)

By Taylor Croft

Nov 2, 2022

  

Cobb County is offering a "last call" absentee ballot return option in person at libraries throughout the county on Saturday, Nov. 5, and Monday, Nov. 7 for those who have not yet cast their absentee ballot.

Typically, absentee voters must mail or turn in their ballots at the main elections office by 7 p.m. on Election Day, or at an early voting location. But during this election, after early voting ends on Nov. 4, absentee voters will have another option to bring their ballots to one of seven Cobb libraries for immediate processing, instead of going to the main elections office.

Voters will have more convenient access to turn in their absentee ballots, and deputy registrars will be able to validate and accept the ballots as they come in, saving election workers another step in the process ahead of Election Day, said elections board member Jennifer Mosbacher.

"I think that this will really help them in terms of processing the ballots, as well as giving voters an extra opportunity to have their ballots accepted," Mosbacher said.

Of the more than 30,000 absentee ballots issued in Cobb, about half have been accepted, and 360 have been rejected, according to data from the Secretary of State's office. Rejected ballots can be corrected until three days after Election Day.

Cobb County piloted the "last call" ballot return program back in October 2021 with three open libraries, and Mosbacher said it was a huge success.

---

### Get caught up with Today's Top 5.

It's the top 5 stories you need to know each day.

By signing up, I agree to the [Privacy Policy](#) and [Visitor Agreement](#).

**SIGN UP**

---

"So many people pass by the libraries, and people know where they are. So it was super easy for people to return their ballots," she said.

The seven libraries accepting absentee ballots in person on Saturday from 10 a.m. to 5 p.m. and Monday from 10 a.m. to 6 p.m. will be the East Cobb, Mountain View, North Cobb, Powder Springs, South Cobb, Switzer, and Vinings locations.

Voters can still turn in their absentee ballots at the main elections office in Marietta until 7 p.m. on Election Day Nov. 8.

## About the Author



**Taylor Croft**

𝕏

Taylor Croft is a general assignment reporter on the breaking news team.

## Keep Reading



### Arts organizations will receive $1.4 million in grants for FY2025



 Who is Paige Reese Whitaker, the judge in Young Thug trial?

## The Latest

**LIVE: Georgia Secretary of State Brad Raffensperger provides update, Election Day preview**

A.M. ATL: ✅ Your last-minute voting guide

Arts organizations will receive $1.4 million in grants for FY2025

## Featured

 **LIVE UPDATES**
**Harris and Trump campaigns make final push in Georgia as Election Day approaches: Live...**

Young Thug plea leads to questions about Fani Willis' use of RICO statute

**CONCERT REVIEW**
Billie Eilish hits Atlanta hard and soft with synth beats, ballads

**About**

Help Center

About the Atlanta Journal-Constitution

Newsroom Ethics Code

Careers

Archive

**Contact Us**

Contact Us

Send a News Tip

Advertise

AJC Newsroom

**Our Products**

ePaper

Newsletters

All AJC Podcasts

AJC Events

Download iOS App

Download Android App

**Subscription**

Digital Subscription

Print Subscription

Manage Subscription

Group Subscriptions

Subscription Terms

NIE/Newspapers in Education

**Follow Us**

The Atlanta Journal-Constitution

© 2024 The Atlanta Journal-Constitution. All Rights Reserved.
By using this website, you accept the terms of our
Terms of Use, Privacy Policy, CCPA, and understand your options regarding Ad Choices.
Learn about Careers at Cox Enterprises.

# EXHIBIT D

**MARKETPLACE**
Search For & Place Classifieds

 savannah**now** *Savannah Morning News.*

**SUBSCRIBE NOW**
One Month Free

[ News ]  Sports  Entertainment  Lifestyle  Opinion  Advertise  Obituaries  eNewspaper  Legals  ⌄  🔍  73°F  **Subscribe**  Sign In ⌄

Advertisement - scroll for more content

NEWS

# Request your absentee ballot now. How Georgia voters can prepare for the Nov. 8 election

*Absentee ballot application period opened Monday*

 **Will Peebles**
Savannah Morning News

Published 5:00 a.m. ET Aug. 23, 2022 | **Updated 9:54 a.m. ET Aug. 23, 2022**

   

Advertisement



So you talk a lot about absentee balloting just now, um

▶ 🔇✕  0:02  2:20                                    CC  ⤴  ⛶

**Georgia Secretary of State Brad Raffensperger on absentee voting**
Georgia Secretary of State Brad Raffensperger talks about some changes coming to absentee voting in the state. *Savannah Morning News*

## More Stories

 **Georgia presidential polling in Georgia 4 days until election**
NEWS

 **How the Sapelo Island gangway functioned before it collapsed**
NEWS

Monday marked 78 days before Election Day, and that means Georgia voters can now request an absentee ballot ahead of the Nov. 8 midterms.

This year will be the first major statewide election since 2020, which was the most

well-attended vote in the state's history. And despite not having a presidential contest on the ballot this year, there are more than a few head-turning races.

Brian Kemp and Stacey Abrams will get their gubernatorial rematch, and Georgia could again be the state that decides control of the U.S. Senate, as Herschel Walker and Raphael Warnock face off.

**More:** How will Georgia's new election law change absentee ballot voting, drop boxes?

Advertisement



**Surgeon Reveals: Don't Lotion Your Dark Spots! Use This Household Item Instead**
Miami M.D. | Sponsored Links

*We're always working to improve your experience.* Let us know what you think.

Advertisement

**Who is running in GA's governor race?:** Brian Kemp and Stacey Abrams rematch is set

**Public policy expert:** Individual voters will decide if we're in a recession or not

This year's election comes with a few changes thanks to Georgia's 2021 election reform law, S.B. 202.

Advertisement

Under the new law, Georgia voters now have a 59-day window to request and

return an absentee ballot instead of the previous window of 176 days. The bill also cuts Chatham County's ballot drop boxes down from 10 boxes to two.

Additionally, signature-match for absentee ballots is a thing of the past. Now, voters will be required to provide their driver's license or state-issued ID number or a photocopy of another valid form of identification to request and to file an absentee ballot.

Advertisement



An absentee ballot hangs on a bulletin board at the Richmond County Board of Elections office at Augusta Municipal Building on Sept. 22. *Michael Holohan/The Augusta Chronicle*

## How to request an absentee ballot

To request an absentee ballot, voters fill out an application form.

The ballot application can be downloaded at the Secretary of State's website. Once it's filled out, voters have a few options to get it to their county's Board of Registrars: email, snail mail, fax or in person. Chatham's Board of Registrars is located at 1117 Eisenhower Dr.

Get the **Afternoon Headlines** newsletter in your inbox.

Get the latest headlines you may have missed

Delivery: Weekdays

Your Email →

In Richmond County you can request an absentee ballot via the state's absentee voter portal or by downloading the form and mailing it to 535 Telfair St., Suite 500, Augusta, Georgia, 30901. In Columbia County absentee ballots can be requested and returned via email, vote@columbiacountyga.gov, or mail, PO Box 919, Evans, GA, 30809.

Additionally, the Secretary of State's office offers a totally online request form.

Advertisement

Advertisement

**Request online:** [Georgia's online absentee ballot request portal](Georgia's online absentee ballot request portal)

The online portal can be accessed via [ballotrequest.sos.ga.gov](ballotrequest.sos.ga.gov). In order to request a ballot, voters will need a Georgia driver's license or state-issued ID card.

The site asks voters to type in their name, date of birth and the number on their ID card. This information is matched with the voter records on file.

## Returning completed absentee ballot

Once requested, counties will mail out the ballots four weeks before the election. Prior to the passage of S.B. 202, that window was seven weeks.

Voters can also turn in the completed ballot to the Voter Registration Office, located at 1117 Eisenhower Dr, Suite E before 7 p.m. on Election Day.

If a voter decides they'd rather vote in person instead of casting their not-yet-returned absentee ballot, they must bring the absentee ballot to the polls and have an elections official spoil it before casting an in-person ballot.



The absentee ballot drop box located at the Chatham County Board of Elections office on Eisenhower Drive. *Nick Robertson/SavannahNow.com*

Advertisement

Voters can check the status of absentee ballots at mvp.sos.ga.gov. If a voter has mailed a completed ballot, but it has not yet been accepted, voters can appear in person to cancel the ballot and cast their vote in person on Election Day.

The deadline to complete a ballot application has been moved up, as well. Previously, it was the Friday before Election Day, which was unfeasible, considering the time it would take to receive the ballot in the mail. Now, it's two Fridays before Election Day.

Advertisement

## Can I still use absentee ballot drop boxes?

Absentee ballot drop boxes can no longer be utilized on election day.

The drop boxes were officially codified by 2021's SB 202 elections bill, but it also restricted their use to the early voting period, which begins on Oct. 17 and ends Nov. 4.

The drop boxes were originally an emergency measure put into place in 2020 for those who didn't want to risk exposure to COVID by voting in person or risk their ballot arriving late in the mail.

Previously, the boxes were required to be on government property with 24/7 camera surveillance. They never closed, and voters could drop off ballots at any time.

*Will Peebles is the City Council and County Commission reporter for Savannah Morning News, covering local Savannah and Chatham County decisions. He can be reached at wpeebles@savannahnow.com or on Twitter @willpeeblesSMN*

   

Tab**OO**la Feed

 



**Whoopi Goldberg's Granddaughter Flat Out Called Her 'Annoying' - Blavity**

Blavity | Ad



**Here Are 29 of the Coolest Gifts for This 2024**

consumerbags.com | Ad



**Amazon's Worst Nightmare: Thousands Canceling Prime for This Clever Hack**

This simple trick can save tons of money on Amazon, but most Prime …

Online Shopping Tools | Ad



**MD: Building Muscle After 60 Comes Down To This 1 Thing**

primenutritionsecrets.com | Ad



**These Barefoot Shoes are Leaving Neuropathy Experts Baffled**

Barefoot Vitality | Ad



**Top Dermatologist Begs Patients to Throw Away This Household Item**

If you have ever wondered why you look and feel your absolute worst in t…

Blissy | Ad



**Barbara Bush, George W. Bush's Daughter, And Arnold Schwarzenegger Endorse Kamala Harris For President**

Blavity | Ad



**Seniors Can Now Fly Business Class For the Price Of Economy**

Online Shopping Tools | Ad



**Smart CPAP Users Swear By This For Mouth Leaks & Dry Mouth**

Papmd | Ad



**Seniors: Don't Install A New Stairlift (In October 2024) Until You Read This**

Clear Living | Ad

## Deal of the Day








**Shop The New Disney x BaubleBar Collection For Dazzling Holiday…**

USA TODAY NETWORK



**Love Athleta Leggings? Get 30% Off New Activewear For A Limited Time Only!**

USA TODAY NETWORK

Recommendations are independently chosen by our editors. Purchases you make through our links may earn us a commission.

## Recommended



**Savannah restaurant named a hidden gem by TripAdvisor**

NEWS



**Unsold Cruise Cabins Cost Almost Nothing For Seniors (See Why)**

Online Shopping Tools | Ad            Learn More



**Doctors: Sleep Apnea Alleviation Without CPAP (It's Genius)**

Noctivio | Ad            Learn More

## More Local Stories



**Georgia Presidential polling two weeks until election**

NEWS



**Funeral homeowner arrested for multiple counts of Abuse of Dead Body**

NEWS



**Mother of Quinton Simon found guilty of murder, other counts**

NEWS



**Georgia basketball bold predictions: Record in reach, NCAAs or not?**

NEWS



**Top Skin Expert: This is the Real Cause of Eye Bags**

Allure Insider | Ad

Learn More

**Thousands in US Replace Cable TV with This Genius Device**

WaveMaxPro | Ad

Click Here

# EXHIBIT E




Fulton Home  >  News  >  Absentee Ballot Request Period Now Underway



# ABSENTEE BALLOT REQUEST PERIOD NOW UNDERWAY

August 22, 2022

October 28 is the deadline to submit an Absentee Ballot Application for November 8 General Election

---

## SHARE THIS STORY

   

The 2022 Absentee Ballot Application process opened for Fulton County residents on Monday, August 22, 2022 for the November 8 General Primary Election.

Absentee ballots provide the option to residents who need or prefer to vote by mail instead of in-person. Changes in state law in 2021 have brought many changes to the absentee ballot process.

To assist with the absentee ballot application process, the Fulton Absentee Portal is open as of Monday, August 22.

Those interested in an absentee ballot for the 2022 Election can go to www.fultoncountyga.gov/absenteeballot or to https://bit.ly/3dQGaXK to 1) request an application, 2) download an application, and 3) return the completed application by accessing the Fulton County Absentee Ballot portal.

To vote by absentee ballot in Fulton County, residents must first be registered to vote in Fulton County. To check your status, visit the Georgia My Voter Page at www.mvp.sos.ga.gov.

To complete the absentee ballot application, voters will need the:

- Name and date of the election.
- Voter's name
- Address where the voter is registered
- Voter's date of birth
- Voter's signature

Voters must include their Driver's License number or Georgia ID number on their absentee ballot application. If they do not have either of these forms of ID, voters should follow instructions on the application for alternate forms of ID.

Signed and completed absentee ballot applications may also be returned to the:

- By Mail: Fulton County Department of Registrations and Elections located at 130 Peachtree Street, Suite 2186 in downtown Atlanta for mail or hand-delivered applications.
- By Email: elections.voterregistration@fultoncountyga.gov

All 2022 absentee ballots applications must be received by the Department of Registrations and Elections by Friday, October 28, 2022.

Voters must return their completed absentee ballots by 7 p.m. on Election Day. While Absentee Ballot Drop boxes will still be available, they will be located in seven Fulton County early voting locations and accessible from **7 a.m. to 7 p.m. Monday – Saturday and 11 a.m. – 5 p.m. on Sunday from October 17 – November 4**. Absentee ballots may also be returned to the three offices of the Department of Registration & Elections, which will be open during early voting hours.

To vote by absentee ballot in Fulton County, residents must first be registered to vote in Fulton County. To check your status or register online, visit the Georgia My Voter Page at www.mvp.sos.ga.gov.

Voters can learn more about the Absentee Ballot process at the Fulton Votes app or online at www.fultonelections.com.



**CONTACT US** ⌄

**HELPFUL LINKS** ⌄

©2024 Fulton County Government

# EXHIBIT F



# OFFICIAL MEETING MINUTES
# ACTAS DE LA REUNIÓN OFICIALES

**Gwinnett County Board of Voter Registrations and Elections**
**Wednesday, July 17, 2024, 6:00pm**
Gwinnett County Justice and Administration Center, Auditorium
75 Langley Drive, Lawrenceville, Georgia 30046

**Junta de Inscripciones de Votantes y Elecciones**
**del Condado de Gwinnett**
**Miércoles, 17 de Julio, 2024 6:00pm**
El Centro de Justicia y Administración del Condado de Gwinnett, La Sala
75 Langley Drive, Lawrenceville, Georgia 30046

1. Call to Order, Moment of Silence, Pledge of Allegiance / Inicio de la
   Reunión, Momento de Silencio, Juramento de Lealtad

   The Chairwoman called the meeting to order at 6:00pm.

   Present: Wandy Taylor EdD, Chairwoman, David Hancock, and Loretta Mirandola.
   Also present: Zach Manifold, Elections Supervisor, Kelly Lindsey, Deputy Elections
   Supervisor, Shantell Black, Assistant Elections Supervisor and Melanie Wilson,
   Senior Assistant County Attorney, Samantha Routh, Senior Assistant County
   Attorney.

   La Presidenta declara abierta la sesión a las 6:00pm.

   Presentes: Wandy Taylor EdD, Presidenta, David Hancock, y Loretta Mirandola.
   También presentes: Zach Manifold, Supervisor de Elecciones. Kelly Lindsey,
   Supervisora Adjunta de Elecciones de Elecciones, Nicole Wilson, Gerente de
   Negocios y Elecciones, Shantell Black, Asistente del Supervisor de Elecciones,
   Melanie Wilson, Fiscal Asistente Principal del Condado, y Samantha Routh, Fiscal
   Asistente Principal del Condado.

2. *Opening Remarks / Discurso de Apertura Expand upon remarks as needed*

   The Chairwoman welcomed everyone to the meeting and acknowledged her
   colleagues and elections staff.

   La presidenta dio la bienvenida a todos a la reunión y saludó a sus colegas y al
   personal electoral.

Amended

3.  Approval of Agenda / Aprobación de la Agenda

    The Chairwoman made a motion to approve agenda.

    La Presidenta hizo una moción para aprobar la agenda.

    (Action: Approve; Motion: Hancock; Second: Mirandola)
    Vote: 3-0-0; Taylor-Yes; Rodriguez- Absent; O'Lenick-Absent; Hancock-Yes;
    Mirandola-Yes

    (Acción: Aprobar; Moción: Hancock; Secundado: Mirandola)
    Votó: 3-0-0; Taylor-Sí; Rodriguez-Ausente; O'Lenick-Ausente; Hancock- Sí;
    Mirandola-Sí

4.  Approval of Minutes / Aprobación de Actas

    a.  06.24.2024 BRE Regular Schedule Meeting / 06.24.2024 Reunión de horario
        regular de BRE
        (Action: Approve; Motion: Mirandola; Second: Hancock)
        Vote: 3-0-0; Taylor-Yes; Rodriguez- Absent; O'Lenick-Absent; Hancock-Yes;
        Mirandola-Yes

        (Acción: Aprobar; Moción: Mirandola; Secundado: Hancock)
        Votó: 3-0-0; Taylor-Sí; Rodriguez-Ausente; O'Lenick-Ausente; Hancock- Sí;
        Mirandola-Sí

    b.  06.24.2024 BRE Special Called Meeting / 06.24.2024 Reunión especial
        convocada por BRE

        (Action: Approve; Motion: Mirandola; Second: Hancock)
        Vote: 3-0-0; Taylor-Yes; Rodriguez-Absent; O'Lenick-Absent; Hancock-Yes;
        Mirandola-Yes

        (Acción: Aprobar; Moción: Mirandola Secundado: Hancock)
        Votó: 3-0-0; Taylor-Sí; Rodriguez-Ausente; O'Lenick-Ausente; Hancock-Sí;
        Mirandola-Sí

5.  Reports and Updates / Informes y Actualizaciones

    a.  Committee Reports / Informes del Comité

        No committee reports

        No hay informes del comité

    b.  Chairwoman's Update / Actualización de la presidenta

        The Chairwoman hoped that everyone had a safe and enjoyable Independence
        day and to  remember the importance of the day. Mention of the assassination
        attempt on former president Trump, noting that disagreements should be
        handled at the polls and not with violence.

Amended

La Presidenta esperaba que todos tuvieran un Día de la Independencia seguro y agradable y que recordaran la importancia del día. Mención al intento de asesinato del expresidente Trump, señalando que los desacuerdos deben manejarse en las urnas y no con violencia.

c.  Elections Supervisor's Update / Actualización del Supervisor de Elecciones

Manifold provided an update on several types of list maintenance, conveying 21,610 notices will have been mailed to voters by July 26, 2024. An update on voter challenges submitted to the Board in May 2024 noting 1662 letters were sent to both Florida and Georgia, 759 letters sent to both to North Carolina and Georgia. 200 voters have responded to letters, 489 letters were returned undeliverable by USPS. The Board will conduct a special called meeting to further discuss the challenges.

Lindsey reviewed the monthly registered voters report. Provided an update on the present status for the City of Mulberry.

Black presented an overview of the Risk Limiting Audit process and procedures.

Lindsey provided updates on open record requests, new Election rules & legislation, and outreach & education events.

Manifold proporcionó una actualización sobre varios tipos de mantenimiento de listas, informando que se habrán enviado 21,610 avisos por correo a los votantes antes del 26 de julio de 2024. Una actualización sobre las impugnaciones de los votantes presentadas a la Junta en mayo de 2024, señalando que se enviaron 1662 cartas tanto a Florida como a Georgia, 759 Cartas enviadas tanto a Carolina del Norte como a Georgia. 200 votantes respondieron a las cartas, 489 cartas fueron devueltas y no pudieron ser entregadas por USPS. La Junta llevará a cabo una reunión especial convocada en un futuro próximo para discutir más a fondo los desafíos.

Lindsey revisó el informe mensual de votantes registrados. Una actualización sobre el estado actual de la ciudad de Mulberry.

Black presentó una descripción general del proceso y los procedimientos de la Auditoría de limitación de riesgos.
Lindsey proporcionó actualizaciones sobre solicitudes de registros abiertos, nuevas reglas y legislación electoral y eventos educativos y de divulgación.

6.  Old Business / Asuntos Pasados

There was no old business.

No había ningún asunto antiguo.

7.  New Business / Asuntos Nuevos

Amended

a. Gas South polling location contract / Contrato del centro de votación de Gas South

(Action: Approve; Motion: Hancock; Second: Mirandola)
Vote: 3-0-0; Taylor-Yes; Rodriguez-Absent; O'Lenick-Absent; Hancock-Yes; Mirandola-Yes

(Acción: Aprobar; Moción: Hancock; Secundado: Mirandola)
Votó: 3-0-0; Taylor-Sí; Rodriguez-Ausente; O'Lenick-Ausente; Hancock-Si; Mirandola-Sí

b. 2024 General Election Advance Voting / Votación anticipada para las elecciones generales de 2024

Manifold advised an AIP polling location has been identified to better service the Grayson area. A vote will occur to approve and finalize the contract at the next meeting.

Manifold informó que se ha identificado un lugar de votación de AIP para brindar un mejor servicio al área de Grayson. Se producirá una votación para aprobar y finalizar el contrato en la próxima reunión.

c. 2024 General Election Provisional Challenge Meeting / Reunión de impugnación provisional de las elecciones generales de 2024

A special meeting will be held on November 9, 2024, at 9:00am at the Beauty P. Baldwin Voter Registrations and Elections office to review the Provisional ballots from the General Election.

Se llevará a cabo una reunión especial el 9 de noviembre de 2024 a las 9:00 a. m. en la oficina de Elecciones y Registro de Votantes de Beauty P. Baldwin para revisar las boletas provisionales de las Elecciones Generales.

d. Authorize acceptance of ABM ballots at AIP locations for 2024 General cycle / Autorizar la aceptación de la boletas de ABM en las ubicaciones de AIP para el ciclo general de 2024

Tabled until the other board members are present.

Pospuesto hasta que los demás miembros de la junta estén presentes.

e. Authorization or agreement to open Elections office November 2 and November 3 for purpose of accepting voted ABM ballots / Autorización o acuerdo para abrir la oficina de Elecciones el 2 y 3 de noviembre con el propósito de aceptar boletas ABM votadas

(Action: Approve; Motion: Mirandola; Second: Hancock)

Amended

<span style="color:red">Vote: 3-0-0; Taylor-Yes; Rodriguez-Absent; O'Lenick-Absent; Hancock-Yes; Mirandola-Yes</span>

<span style="color:red">(Acción: Aprobar; Moción: Mirandola; Secundado: Hancock)</span>
<span style="color:red">Votó: 3-0-0; Taylor-Sí; Rodriguez-Ausente; O'Lenick-Ausente; Hancock-Si; Mirandola-Sí</span>

8.  Public Comments / Comentarios Públicos

    Four speakers shared comments with the Board.

    Cuatro oradores compartieron comentarios con la Junta.

9.  Closing Remarks / Comentarios Finales

    The Chairwoman thanked everyone for attending the meeting and called for a motion to adjourn.

    La Presidenta agradeció a todos por asistir a la reunión y solicitó una moción para levantar la sesión.

10. Adjournment / Clausura

    The Chairwoman adjourned the meeting at <span style="color:red">7:20pm</span>.

    La Presidenta levantó la sesión a las <span style="color:red">7:20pm</span>.

    <span style="color:red">(Action: Approve; Motion: Mirandola; Second: Hancock)</span>

    <span style="color:red">(Acción: Aprobar; Moción: Mirandola; Secundado: Hancock)</span>

Amended

# EXHIBIT G

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

**FULTON COUNTY REPUBLICAN PARTY, INC and GEORGIA REPUBLICAN PARTY, INC.**

*Plaintiffs*,

v.

**FULTON COUNTY**

*Defendant*.

CIVIL ACTION FILE NO:

**VERIFIED COMPLAINT**

**VERIFIED EMERGENCY PETITION FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, MEMORANDUM OF LAW, AND COMPLAINT FOR VIOLATIONS OF O.C.G.A. §§ 21-2-381 AND 21-2-385**

NOW COMES, Plaintiffs Fulton County Republican Party, Inc., and Georgia Republican Party, Inc. (Collectively "GOP") by and through their counsel file this, their Verified Emergency Petition for Injunctive Relief and Complaint for Violations of the Georgia Election Code §§ 381 and 385 et seq. and hereby state as their Complaint against Defendant Fulton County ("Defendant" or "Fulton"), as follows:

## JURISDICTION AND VENUE

1.      The Court has subject matter jurisdiction over this matter pursuant to O.C.G.A. §§ 9-4-2 and 15-6-8.

2.      Venue is proper in Fulton County pursuant to O.C.G.A. §§ 9-10-30 and 9-10-31 in that at Defendant resides in this county and the cause of action accrued in this county.

## PARTIES

3.      Plaintiff Fulton County Republican Party, Inc is a county political committee that works to ensure elections in Fulton County are conducted in a free and fair manner, seeks to

assist and facilitate the electoral success of the candidates, and works to protect the fundamental constitutional right to vote of its members and all voters of Fulton County.

4.      Plaintiff Fulton County Republican Party, Inc has a direct, personal, and substantial interest in ensuring that the sanctity of the election is upheld and that the laws be followed regarding when the ballot boxes can be available for the dropping of off absentee ballots.

5.      Plaintiff Georgia Republican Party, Inc. is a state political committee that works to ensure elections in Georgia are conducted in a free and fair manner, seeks to assist and facilitate the electoral success of the candidates, and works to protect the fundamental constitutional right to vote of its members and all voters of the state of Georgia.

6.      Plaintiff Georgia Republican Party, Inc. has a direct, personal, and substantial interest in ensuring that the sanctity of the election is upheld and that the laws be followed regarding when the ballot boxes can be available for the dropping of off absentee ballots.

7.      Defendant Fulton County is a political subdivision of the State of Georgia and subject to suit.

8.      Defendant Fulton County is responsible for overseeing the conduct of elections in Fulton County, including but not limited to the conduct of election personnel at polling locations throughout the county and the regulation of polling places. Its principal place of business for conducting elections is located at 5600 Campbellton Fairburn Road, Fairburn, GA 30213 and its Government Center is Fulton County Government Center, 141 Pryor Street, SW, Atlanta, GA 30303

## <u>GENERAL FACTUAL ALLEGATIONS</u>

9.      Georgia election law requires that ballot boxes must be closed when advance voting is not being conducted. O.C.G.A. § 21-2-382.

10.      Pursuant to O.C.G.A. §21-2-385 (d)(1)(B) the advance voting period ends the Friday prior to the election.

11.     O.C.G.A. §21-2-385 (d)(1)(B) further states that "that voting shall occur only on the days specified in this paragraph and counties and municipalities shall not be authorized to conduct advance voting on any other days."

12.     On November 1, 2024, Plaintiff discovered that Fulton County has authorized the Department of Registration and Elections to be opened between the hours of 9 a.m. to 4 p.m on November 2nd and 3rd so that voters can hand return their absentee ballots. **EX 1**, incorporated herein by reference.

13.     November 2nd and 3rd are outside the advanced voting period authorized by statute.

14.     O.C.G.A. §21-2-382 further provides that "any additional drop boxes shall be evenly geographically distributed by population in the county."

15.     However, Fulton County's stated intention is to only open some drop boxes tacitly acknowledging that the action of Fulton County is contrary to law as the drop boxes must be closed.

16.     Defendants were immediately notified about Defendants' violation of Georgia's ballot box closure laws, but refused to take timely and effective action to ensure that state election laws were complied with.

### This Court Should Enter a Temporary Restraining Order Against Defendants.

To obtain a temporary restraining order or preliminary injunction, the movant must show:

1) The threat of irreparable harm to the moving party;

2) Whether the threatened injury outweighs the harm done to the party being enjoyed;

3) Whether there is a substantial likelihood of prevailing on the merits; and

4) Whether granting the interlocutory injunction is not against the public interest.

*City of Waycross v. Pierce County Board of Commissioners*, 300 Ga. 109, 111 (2016).

17.     The purpose of temporary restraining order is to "'protect[] against irreparable harm and preserve[] the status quo until a meaningful decision on the merits can be made.'"

3

*Holmes v. Dominique*, No. 1:13-CV-04270-HLM, 2014 WL 12115947, at *2 (N.D. Ga. May 5, 2014) (*quoting Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1297 (11th Cir. 2005)).

18.    The duration of the temporary restraint cannot exceed 30 days, as the court fixes, "unless the party against whom the order is directed consents that it may be extended for a longer period." O.C.G.A. § 9-11-65(b)(2). However, if the Court grants the temporary restraining order, "the motion for a preliminary injunction shall be set down for hearing at the earliest possible time…." Id.

19.    While the grant of a temporary restraining order is an extraordinary remedy that should not be granted unless the movant clearly carries its burden as to the four aforementioned elements, *Western Sky Financial, LLC v. State ex rel. Olens*, 300 Ga. 340, (2016), it is "designed to preserve the status quo pending a final adjudication of the case." *Bijou Salon & Spa, LLC v. Kensington Enterprises, Inc.*, 283 Ga.App. 857, 860 (2007); *Poe & Brown of Georgia, Inc. v. Gill*, 268 Ga. 749, 750 (1997).

20.    Here, a Temporary Restraining Order is Warranted since all elements are met. The damage to Plaintiffs would begin in only a few hours as soon as the drop boxes are opened. Defendant cannot be harmed simply by following the law as enacted by the General Assembly and therefore the damage to Plaintiffs far outweighs that to Defendant.  Additionally, granting the injunctive relief maintains the status quo.  As the law is clear on the timing of when drop boxes may be open, here is a substantial likelihood of Plaintiffs succeeding on the merits and all Georgia voters are entitled to having their elections conducted in a manner consistent with law and in an equitable fashion across all 159 counties in Georgia.  If Fulton County is permitted to proceed with the clear violations of O.C.G.A. §1-2-382 and O.C.G.A. §21-2-385, it would make the conduct of the election arbitrary.  For the aforementioned reasons, the granting of Petitioner's

prayer for emergency injunctive relief is within the public's interest and consistent with public policy.

## COUNT I
## EMERGENCY INJUNCTION AND INTERLOCUTORY INJUNCTION
## DROP BOXES MUST BE CLOSED WHEN
## ADVANCE VOTING IS NOT OCCURRING

21.     Plaintiffs repeat and reallege the allegations in Paragraphs 1-20 as set forth above as though fully set forth herein verbatim.

22.     The threat of irreparable harm to the moving party is real and immediate as once these illegally cast absentee ballots are accepted, they will be impossible to be separated and not counted;

23.     Whether the threatened injury outweighs the harm done to the party being enjoyed is without dispute as the allowance of one county to illegally accept absentee ballots while the other 158 follow the law creates a substantial harm to Republican voters in other counties and Republican candidates, as well as a real and immediate cost to find poll watchers to adequately observe this weekend in Fulton County;

24.     Whether there is a substantial likelihood of prevailing on the merits has been met as the code sections at issue are clear and unambiguous and Fulton's actions to allow receipt of absentee ballots at drop boxes while in person voting is not occurring is in violation of Georgia law; and

25. Whether granting the interlocutory injunction is not against the public interest.

*City of Waycross v. Pierce County Board of Commissioners*, 300 Ga. 109, 111 (2016).

## COUNT II

## DECLARATORY JUDGEMENT

26.     Plaintiffs repeat and reallege the allegations in Paragraphs 1-25 as set forth above as though fully set forth herein verbatim.

27.     On account of the foregoing, an actual and justiciable controversy exists between and among the parties regarding their respective rights, status or other legal relations under the above-cited statutes. O.C.G.A. § 21-2-382 and O.C.G.A. §21-2-385.

28.     Plaintiffs therefore seek a declaratory judgment that Defendants are not in compliance with their legal obligations under the above-cited statutes.

29.     The action of Fulton County in exercising a power specifically denied to them by the General Assembly is a direct violation of state law.

30.     As a result of the acts and omissions of Defendants, Plaintiffs have been compelled to hire the services of an attorney to protect their interests and are entitled to reimbursement of attorneys' fees and costs incurred in the prosecution of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

a.     Declaratory judgment that Defendants are in violation of O.C.G.A. § 21-2-382 and O.C.G.A. §21-2-385.

b.     A Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction providing that Defendants, as well as their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them shall:

- Cease any and all violations of O.C.G.A. § 21-2-382 and O.C.G.A. §21-2-385;
- Not permit persons to hand-return their absentee ballots in violation of O.C.G.A. § 21-2-382 and O.C.G.A. §21-2-385; to wit; not accept absentee ballots in drop boxes on November 2 and 3, 2024 anywhere within Fulton County, Georgia;

c.   Award Plaintiffs' their actual costs and attorney fees, and

d.   Any such other and further relief as this Honorable Court deems just, equitable, and necessary under the circumstances.

Respectfully submitted this 1st day of November, 2024.

CHALMERS, ADAMS, BACKER & KAUFMAN, LLC

By:    */s/Alex B. Kauufman*
       Alex B. Kaufman
       GA BAR: 136097
       Kevin T. Kucharz
       GA BAR: 713718
       100 N Main St.
       Suite 340
       Alpharetta, GA 3009
       (404)964-5587

*Attorneys for Fulton County Republican Party
and Georgia Republican Party, Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed this day using the Court's electronic filing system which will automatically send notice of same to counsel of record, and I have caused a true and accurate copy of the foregoing document to be served on all parties and counsel of record via statutory electronic service.  We have also sent a copy via email to Joseph J. Siegelman at jsiegelman@cglawfirm.com

This 1st day of November 2024,

       */s/Alex Kaufman*
       Alex B. Kaufman
       Georgia Bar: 136097
       Kevin T. Kucharz
       Georgia Bar: 713718
       Chalmers, Adams, Backer & Kaufman, LLC
       100 N. Main St., Suite 340
       Alpharetta, GA 30009
       AKaufman@chalmersadams.com
       kkucharz@chalmersadams.com
       (404) 964-5587

# EXHIBIT H



# A Guide for Registered Voters

## An Overview of Georgia's Absentee Voting Process




BRAD RAFFENSPERGER, Secretary of State
Elections Division
2 Martin Luther King, Jr. Drive
Suite 802, West Tower
Atlanta, Georgia 30334
(404) 656-2871
sos.ga.gov/elections-division-georgia-secretary-states-office



# A GUIDE FOR REGISTERED VOTERS



This guide is an overview of Georgia's absentee voting process. Additional information is available on the Secretary of State's web site at **sos.ga.gov**. Please use this guide along with the Georgia Election Code and the Georgia State Election Board Rules. Citations in this guide refer to the United States Code (U.S.C.), Georgia Election Code (O.C.G.A.) or Georgia State Election Board Rules. In all matters, the law and rule are the final authority.

THE WAYS TO VOTE IN GEORGIA .................................................................................1

    Election Day Voting .................................................................................1

    Absentee Voting By Mail .........................................................................1

    Absentee Voting in Person ......................................................................1

ABSENTEE VOTING BY MAIL ....................................................................................... 2-4

    Applying For Your Absentee Ballot ...................................................... 2-3

    Ballot Application Submittal Dates ......................................................... 3

    Receiving Your Absentee Ballot .............................................................. 3

    Voting Your Absentee Ballot .................................................................... 4

    Submitting a Voted Absentee Ballot ....................................................... 4

    Processing Your Voted Absentee Ballot .................................................. 4

ABSENTEE VOTING IN PERSON (ADVANCE VOTING)............................................... 5

    Applying For Your Absentee Ballot and Voting...................................... 5

    Advance Voting Will Be Available:........................................................... 5

    Voting Your Ballot .................................................................................... 5

ADDITIONAL QUESTIONS ABOUT ABSENTEE VOTING ........................................... 6-7

PENALTIES FOR FRAUDULENT ABSENTEE VOTING ACTIVITY ............................... 8

RESOURCES .................................................................................................................. 8

ABSENTEE BALLOT-SAMPLE WITH INSTRUCTIONS ............................................... 9-10



# WAYS TO VOTE IN GEORGIA



 ## Election Day Voting

On Election Day, you must vote at your assigned precinct and present a photo ID. To check your precinct location online go to: **mvp.sos.ga.gov/MVP/mvp.do**

 ## Absentee Voting by Mail

Any voter registered in Georgia can vote absentee by mail. Just complete the application found in the back of this guide. Then, mail, fax, email (as an attachment), or drop the application off at your county registrar's office.

Instead of emailing the printed application to your county, you can instead upload a photo of it and other required documents on the Secretary of State's website at **securemyabsenteeballot.sos.ga.gov/s/** The application portal allows you to verify your driver's license number on your voter registration record. We urge you to request your mail-in ballot and get it back to your county registrar's office as soon as possible. Mail-in ballots can be requested no earlier than 78 days prior to the election and no later than the 11th day before the election. The voted ballot must be received by your county registrar no later than close of the polls on Election Day.

There are special provisions for Georgia Military and Overseas Voters that can be found at: **sos.ga.gov/page/military-and-overseas-voting**

 ## Absentee Voting in Person – Early Voting

Any voter registered in Georgia may vote absentee in person. This allows you to vote on a day and time that is convenient for you. Beginning on the 4th Monday prior to Election Day, simply visit your county or municipality early-voting site, fill out the application, and present one of the permitted forms of photo ID. As Election Day approaches, your county may have multiple early voting sites and even extended hours. Voting times and locations for your precinct can be found at: **mvp.sos.ga.gov/MVP/mvp.do**

Some counties offer ballot delivery for registered voters who are hospitalized. Contact your county registrar at least 5 days prior to the election for information regarding this option.



# ABSENTEE VOTING BY MAIL



## Applying for Your Absentee Ballot

Paper absentee ballots will be mailed to voters only upon request. All written requests must be submitted (by mail, fax, email) or personally delivered to the registrar office in the county where you are registered to vote. Addresses and contact information can be found at: **sos.ga.gov/county-board-registrars-office**

Written requests for absentee ballots can be made in the following ways:

1. Absentee applications can be downloaded from the Secretary of State's website at **sos.ga.gov/sites/default/files/forms/Absentee_Ballot_Application_20212.pdf** Instead of emailing the printed application to your county, you can instead upload a photo of it and other required documents on the Secretary of State's website at **securemyabsenteeballot.sos.ga.gov/s/** The application portal allows you to verify your driver's license number on your voter registration record.

2. You must include the number from your driver's license. If you do not have one, include the number from your state-issued identification card, which you can get for free at any office of the Department of Driver Services or your county voter registration office. However, if you have neither a driver's license nor a state ID card, then provide a copy or photo of one of the following:
   - United States Passport
   - Georgia voter identification card
   - Other valid photo identification card issued by a branch, department, agency, or entity of the State of Georgia, any other state, or the United States authorized by law to issue personal identification
   - United States military identification card
   - Employee identification card issued by any branch, department, agency, or entity of the United States government, Georgia state government, or Georgia county, municipality, board, authority, or any other entity of the state of Georgia
   - Tribal identification card, or
   - Any of the following documents that show your name and address:
     - Current utility bill
     - Bank statement
     - Paycheck
     - Government check
     - Other government document

3. The application has a place for you to provide a phone number and email address. While it is optional, providing contact information will better ensure that your county can contact you in a timely manner if there should be a problem with your application or absentee ballot so you can correct it.

4. You may use the application to request that absentee ballots be sent to you automatically for every election remaining in the current election cycle, if you are eligible. To be eligible, you must be either:

- Over age 65
- Have a physical disability
- Live overseas
- Be an active member of the military or a spouse or child or an active service member

No absentee ballot shall be mailed to an address other than your permanent mailing address in the voter registration record or a temporary out-of-county or out-of-municipality address, except in the case of a voter who has a physical disability or is in custody in a jail or other detention facility.

There are no restrictions on who may assist you in completing an absentee ballot application when you are personally submitting the application.

There are restrictions on who can apply for an absentee ballot on behalf of someone else and what must be contained within the application. See pages 9-10 of this guide for more information.

## Ballot Application Submittal Dates

Absentee ballots may be requested any time between 78 days prior to the election and the 11th day before Election Day. Please note that you should make your request early to allow enough time for the ballot to be mailed to you, completed, returned and received back at the county registrar office before the close of polls on Election Day, which is 7 p.m..

## Receiving Your Absentee Ballot

Absentee and Non-UOCAVA ballots will be mailed:

| | |
|---|---|
| Presidential Preference Primary | 29 days prior to the election through the Friday before Election Day |
| General Primary | 29 days prior to the election through the Friday before Election Day |
| General Election | 29 days prior to the election through the Friday before Election Day |
| Special Election - Federal office | 29 days prior to the election through the Friday before Election Day |
| Municipal General Primary | 21 days prior to the election through the Friday before Election Day |
| Municipal General Election | 21 days prior to the election through the Friday before Election Day |
| Special Election - Other | 21 days prior to the election through the Friday before Election Day |
| Runoffs | As soon as possible |

## Voting Your Absentee Ballot

Follow the instructions that your county elections official provides with your ballot. Youwill receive all the forms and envelopes necessary for marking and returning of the ballot. Ballots for UOCAVA voters will be sent between 49 and 45 days before federal elections. There are special provisions for Georgia Military and Overseas Voters that can be found at: **fvap.gov/georgia**

Failure to complete your ballot correctly could cause your ballot not to be counted.

If you registered to vote by mail or online and did not submit a copy of one of the required forms of identification at that time, you will receive notification with your ballot package. Copies of any IDs must be placed in the outer envelope.

If you do not have a driver's license or state identification card and had to supply other documents to verify your identity when you applied for an absentee ballot, then you must provide the last four digits of your Social Security number in the appropriate place on the outer envelope of your absentee ballot package.

If you have any questions, please contact your county registrar.

## Submitting a Voted Absentee Ballot

A ballot must be received by the county registrar no later than the close of polls on Election Day. Delivery can be either U.S. first class mail or hand delivered by the voter. If mailing, you must affix postage to the ballot envelope. Ballots received after the polls close cannot be counted. All counties must have at least one drop box location. For more information about drop boxes, please contact your registrar.

## Processing Your Voted Absentee Ballot

Once the absentee ballot is received by the county office, the registrar will compare the number or your driver's license or state identification card to the voter registration records to verify your identity. If you do not have either of these photo IDs, then the registrar will examine the copies of the other documents you were required to submit with your application.

If the number is missing, does not match what is on record or your other documentation is not sufficient for any reason, your county will contact you and provide a document whereby you can provide the necessary ID to verify your ballot.

# ABSENTEE VOTING IN PERSON (ADVANCE VOTING)



## Applying for Your Absentee Ballot and Voting

Voting any time prior to Election Day, even when done in person, is considered absentee voting. You will complete an absentee ballot application in person at the early-voting location immediately prior to casting your vote.

### Photo Identification Required

You will need to provide proper photo identification anytime you vote in person. If you do not have photo identification when you go to vote, you will be allowed to vote a provisional ballot which you must cure. You will be required to cure it by providing proper photo identification to the registrar within three days after Election Day for your ballot to count.

For more information on Georgia's photo identification requirements, please visit sos.ga.gov/page/georgia-voter-identification-requirements or call the Secretary of State's Election Division at (404) 656-2871.

## Advance Voting Will Be Available:

| | |
|---|---|
| Presidential Preference Primary | 4th Monday prior to election through the Friday before Election Day |
| General Primary | 4th Monday prior to election through the Friday before Election Day |
| General Election | 4th Monday prior to election through the Friday before Election Day |
| Special Election - Federal office | 4th Monday prior to election through the Friday before Election Day |
| Municipal General Primary | 4th Monday prior to election through the Friday before Election Day |
| Municipal General Election | 4th Monday prior to election through the Friday before Election Day |
| Special Election - Other | 4th Monday prior to election through the Friday before Election Day |
| Runoffs | As soon as possible |

Early voting will be available on the Saturdays that occur during the early voting period. Many counties also offer early voting on Sundays. Early voting times and locations can be found for all elections in your county on your personal voter information page at: mvp.sos.ga.gov/MVP/mvp.do

## Voting Your Ballot

After returning your paper absentee ballot or voting in person during advance voting, you will be marked in the voter registration system as "voted" and your votes will be tabulated on Election Day.



# ADDITIONAL QUESTIONS ABOUT ABSENTEE VOTING



## If I lose the absentee ballot that was sent to me, can I get another one?

Yes; however, you must sign an affidavit affirming that you lost, destroyed, or did not receive the first absentee ballot. In this instance, your county will issue another ballot. A new application is not required.

## If I request an absentee ballot, can I change my mind and still vote in person?

If you still have the absentee ballot and give it to the poll manager of the polling place, then you may vote a regular ballot.

If you have not received an absentee ballot, or if you have returned the absentee ballot, but the registrar has not received it, you may cancel the absentee ballot by making a written request to have the ballot marked "cancelled." The managers of your precinct shall permit you to vote in person. Canceled absentee ballots are handled in the same manner as those returned too late to be counted.

However, if the ballot has been completed and received by the county registrar, then the absentee ballot shall be deemed to have been voted. No other ballot shall be issued.

## Can someone else request an absentee ballot on my behalf?

A family member may request an absentee ballot on your behalf if you are residing temporarily out of the county or municipality, or if you have a physical disability. The application for your absentee ballot may, upon satisfactory proof of relationship, be made by an adult who is your mother, father, grandparent, aunt, uncle, sister, brother, spouse, son, daughter, niece, nephew, grandchild, son-in-law, daughter-in-law, mother-in-law, father-in- law, brother-in-law, or sister-in-law of the age of 18 or over. Relatives applying for absentee ballots for you must also sign an oath on the application.

The absentee ballot will be mailed directly to you at the permanent mailing address on record at the registrar's office or to a temporary out-of-county or out-of-municipality address. A voter with a physical disability or a voter that is in custody in a jail or a detention facility may have the ballot mailed to a different address within the county.

The application must be in writing and must contain the name and relationship of the person requesting the ballot, if other than yourself.

## Can I give my voted absentee ballot to someone else to return for me?

It depends on how the ballot is returned.

A voted absentee ballot can be returned by mail or in person, by a family member as designated on O.C.G.A. 21-2-385(a) or by a person living in your household.

If you have a physical disability, your voted absentee ballot may be returned by a family member or housemate (as described above) OR by your caregiver.

## Can I vote by absentee ballot if I am confined to the hospital?

In some counties, a voter who is confined to a hospital on a primary or election day can vote an absentee ballot that is delivered by a registrar or deputy registrar. The ballot must be voted, sealed properly, and returned to the deliverer. If you registered to vote for the first time in Georgia by mail and have not previously provided proper identification, then you will be asked to provide proper identification. If you don't have it, you will be allowed to vote by provisional ballot. Once the identification and registration of the voter have been verified, the vote will be officially recorded. Please contact your county elections official to inquire if it will deliver a ballot to you in the hospital.

## Do I have to apply for an absentee ballot for each election if I have a physical disability or I am 65 or over?

If you are 65 years or older or have a physical disability, you may make a written request to automatically receive an absentee ballot for the primary, primary runoff, election, and election runoff without having to an application for each. However, you will still have to submit a request for each special election.

## Can I receive assistance with my absentee ballot application?

Yes, but the person providing the assistance must sign the application for the absentee ballot.

## Can someone distribute applications for absentee ballots?

Some of the important points of which you need to be aware, if you distribute applications for absentee ballots include:

- The voter must personally sign the application.
- Voters who use an absentee ballot application provided by an individual or organization must attest to the truth and correctness of the content of the application and sign the application.

## May I create my own absentee ballot application for others to use?

Any application for an absentee ballot sent to any elector by any person or entity shall utilize the form of the application made available by the Secretary of State and shall clearly and prominently disclose on the face of the form:

"This is NOT an official government publication and was NOT provided to you by any governmental entity and this is NOT a ballot. It is being distributed by [insert name and address of person, organization, or other entity distributing such document or material]."

(iii) The disclaimer required by division (ii) of this subparagraph shall be:

(I) Of sufficient font size to be clearly readable by the recipient of the communication;

(II) Be contained in a printed box set apart from the other contents of the communication; and

(III) Be printed with a reasonable degree of color contrast between the background and the printed disclaimer.



# PENALTIES FOR FRAUDULENT ABSENTEE VOTING ACTIVITY



✔ An individual who votes more than once in an election is guilty of a felony.

✔ It is a crime to do any electioneering, or otherwise attempt to influence a voter, at the time he or she is voting an absentee ballot.

✔ It is a crime to intimidate or use or threaten to use violence to interfere with anyone's lawful right to vote.

✔ It is a crime to pay or offer to pay a person any amount of money or to give a person anything of value in exchange for voting for a particular person or issue. Similarly, it is against the law to pay someone not to vote.

✔ It is a crime to violate the secrecy of the ballot, or otherwise tamper with ballots or the voting system.

# RESOURCES

County and city election officials can be a valuable source for absentee voting materials and information. They can assist you in answering specific questions about the absentee ballot process and can provide information to ensure the application and ballot is correct.

### COUNTY CONTACT INFORMATION

sos.ga.gov/county-board-registrars-office

### GEORGIA ELECTION CODE

https://bit.ly/35GFIqR

### STATE ELECTION BOARD RULES

sos.ga.gov/page/state-elections-board

### ABSENTEE BALLOT APPLICATIONS

sos.ga.gov/sites/default/files/forms/Absentee_Ballot_Application_20212.pdf



# COMPLETING AN ABSENTEE BALLOT APPLICATION


GEORGIA LEADS

Prior to submitting an absentee ballot application, a voter must be registered in the county in which the voter resides. Voter registration status and county registrar information can be found at **mvp.sos.ga.gov/MVP/mvp.do**

**PAGE 1**

**Please print clearly. Be sure to complete all required sections.**

1. **Required:** Election dates can be found at: sos.ga.gov/elections

2. **Required:** Print your voter name as it appears on your voter registration.

3. **Required:** Check the box for type of ballot.

4. **Required:** Print your voter residential address.

5. If you are temporarily living outside the county and want your ballot sent to this address, fill in temporary ballot mailing address.

6. Contact information is recommended.

7. **Required:** Voter Identification. You must provide your date of birth AND
   • Georgia Driver's License or I.D. Card Number
   OR
   • a copy of acceptable identification from the list in the instructions found on of the second page of the application.

8. **Required:** Voter oath signature & date.



**PAGE 2**

**Please print clearly. Be sure to complete all required sections.**

9. **Required:** Print your voter name as it appears on your voter registration.

10. Voter assitance information needed if the voter is illiterate or physically disabled.

11. Requesting a ballot on behalf of the voter because the voter is physically disabled or temporilly residing out of the county. Affirmation, signature and relationship to voter is needed.

12. If you meet the eligibility criteria, you may opt-in to receive an absentee ballot for the rest of the elections cycle without making another application. Check appropriate boxes.

---

### Application for Georgia Official Absentee Ballot

Brad Raffensperger
SECRETARY OF STATE

**Print voter name**
*Required*

| 9 | Your name as it appears on your voter registration. |
|---|---|

First _____ Middle _____ Last _____ Suffix _____

**Assisting a voter?**
If yes, the assistant must complete this section. **Voter assistance is only allowed if the voter is illiterate or physically disabled.**

| 10 | By signing as assisting the voter, you are swearing under oath that the voter is entitled to assistance. Assisting a voter who is not eligible for assistance in completing this application violates Georgia law and is punishable by a fine up to $100,000 or imprisonment for up to 10 years, or both. |
|---|---|

Assistant's name _____

Assistant's signature  X _____  Date *(mm/dd/yyyy)* _____

**Requesting a ballot on behalf of a voter?**
If yes, complete this section. The voter must be physically disabled or temporarily residing out of the county** and must still be eligible to vote in the county** where he or she is registered.

| 11 | I swear that the facts contained in this application are true and that I either the mother, father, grandparent, brother, sister, aunt, uncle, spouse, son, daughter, niece, nephew, grandchild, son-in-law, daughter-in-law, mother-in-law, father-in-law, brother-in-law or sister-in-law of the age of 18 and **acknowledge that making a false statement on this application regarding my relationship to the voter violates Georgia law and is punishable by a fine up to $1,000, 12 months in jail, or both.** | I swear (or affirm) that the above-named voter is: (check one)<br>☐ physically disabled<br>☐ temporarily residing out of the county**<br>Signature of authorized and eligible requestor<br>X _____<br>Relationship to voter _____ |
|---|---|---|

**Ballot request opt-in**
*Optional*
If you meet the eligibility criteria, you may opt-in to receive an absentee ballot for the rest of the elections cycle without making another application.

| 12 | ☐ I opt-in to receive an absentee ballot for the rest of the election cycle.<br>I am eligible for the reason selected below:<br>☐ D- Disabled. I am physically disabled<br>☐ E- Elderly. I am 65 years of age or older<br>☐ U- UOCAVA. I am a uniformed service member, spouse or dependent of a uniformed service member, or other US citizen residing overseas. (Complete the information to the right) | **UOCAVA Voters only**<br>My current status is (check one)<br>☐ MOS - Military Overseas<br>☐ MST - Military Stateside<br>☐ OST - Overseas Temporary Resident<br>☐ OSP - Overseas Permanent Resident<br>(may vote for federal offices only)<br>(Optional) By entering my email, I request that my absentee ballot be transmitted to me electronically.<br>Email _____ |
|---|---|---|

**Acceptable forms of identification if you do not have a Georgia Driver's License or State Identification Card Number**

**Identification with your photograph:**
- United States Passport
- Georgia voter identification card
- Other valid identification card issued by a branch, department, agency, or entity of the State of Georgia, any other state, or the United States authorized by law to issue personal identification
- United States military identification card
- Employee identification card issued by any branch, department, agency, or entity of the United States government, Georgia state government, or Georgia county, municipality, board, authority, or any other entity of the state of Georgia
- Tribal identification card

**Documents that show your name and address:**
- Current utility bill   • Bank statement   • Paycheck
- Government check   • Other government document

**How to return your absentee ballot application**
Absentee ballot applications must be received 11 days before the date of the election. You can return the form by:
- mail   • email (as an attachment)
- fax   • in-person at your elections or registrar's office

Your County Board of Registrar's Office information can be found online: https://elections.sos.ga.gov/Elections/countyregistrars.do

*In state, county, and federal elections, your elections office is your county elections office. In municipal elections, your elections office is your municipal elections office.

**Or, in municipal elections, municipality.

No person or entity other than the elector, a relative authorized to request an absentee ballot for such elector, a person signing as assisting an illiterate or physically disabled elector with his or her application, a common carrier charged with returning the ballot application, an absentee ballot clerk, a registrar, or a law enforcement officer in the course of an investigation shall handle or return an elector's completed absentee ballot application. **Handling a completed absentee ballot application by any person or entity other than as allowed in this paragraph is a misdemeanor.**

| Ballot | Dates | ID Shown | For office use only |
|---|---|---|---|
| Dist. Combo _____ | Received _____ | GA DL _____ | I certify that the above named voter |
| Precinct _____ | ISS _____ | Other _____ | ☐ is eligible |
| Ballot # _____ | Certified _____ | Voter Reg # _____ | ☐ is not eligible |
| | Rejected _____ | | Registrar signature |
| Ballot to be:  ☐ Mailed electronically | ☐ Delivered to voter in hospital by Registrars or Deputy | ☐ Voted in office (municipal only) | _____ |

This is NOT an official government publication and was NOT provided to you by any governmental entity and this is NOT a ballot. It is being distributed by

**10**

3/30/22

# EXHIBIT I

 **POLITICS**  

Politically Georgia    Election 2024    Voter Guide    Legislature    Latest from AJC Politics

POLITICS

# Georgia Republicans escalate attacks on counties that accepted weekend ballots



State Sen. Brandon Beach, R-Alpharetta, (second from right) watches as absentee ballots are tallied in the North Fulton service Center in Sandy Springs. A Fulton County judge Saturday, responding to a GOP lawsuit, ruled the practice was allowed by state law, but several activists have complained it is an irregular continuation of early voting, which ended Friday. (Ashley Ahn/AJC) (Ashley Ahn)

By Ashley Ahn and David Wickert

18 hours ago

  

Republicans on Sunday broadened their attack on counties accepting absentee ballots over the weekend, even though a judge has ruled the practice is perfectly legal.

Fulton and other Georgia counties opened government offices Saturday and Sunday to accept absentee ballots ahead of Tuesday's election — a practice authorized by Georgia law. On Saturday, Fulton Superior Court Judge Kevin Farmer rejected a GOP lawsuit that sought to prevent the practice.

But Republicans filed a second lawsuit Sunday against seven counties seeking to invalidate the practice. And Republicans kept up a steady stream of attacks on social media and elsewhere over the weekend, suggesting something illegal was afoot.

In comments Sunday, state Sen. Brandon Beach, R-Alpharetta, implied the decision to accept ballots over the weekend was an improper extension of early in-person voting, which ended Friday.

Explore    Use this tool to track your absentee ballot in Georgia

"I think the 19 days of early voting we had went off without a problem," Beach said at the North Fulton Service Center in Sandy Springs, where the county accepted ballots. "The voters were starting to gain confidence back in the process. Now what this has done, these shenanigans have instilled doubt in the credibility in the election process."

Max Flugrath, spokesman for the liberal voting rights group Fair Fight, said supporters of Republican Donald Trump are spreading false claims and disinformation "with the goal of undermining confidence in our election."

## Politically Georgia

Your essential morning politics briefing, just for AJC subscribers. Our team brings you the latest updates, in-depth analysis, and exclusive insights straight to your inbox.

SIGN UP

By signing up, I agree to the Privacy Policy and Visitor Agreement.

"The Trump ally plan is clear: spread false claims about election fraud, use those false claims to anger their followers and then encourage them to go cause chaos at election office(s)," Flugrath said. "Elections are decided by voters making a choice, not election deniers using false claims to sow chaos — their plan will fail."

State law allows absentee ballots to be returned to county election offices by mail or in person until 7 p.m. Tuesday. And it allows local election boards to establish other locations to accept absentee ballots, including government buildings or other buildings used as Election Day polling places.

Because of problems with the U.S. Postal Service, Fulton County spokesperson Jessica Corbitt said people who waited until the Oct. 25 deadline to request an absentee ballot cannot expect their ballots to be delivered on time. She said opening county offices to accept them this weekend makes it convenient for people who work and may not be able to deliver their ballots in person Monday or Tuesday.

Explore    If you still have an absentee ballot, best advice is to return it to an election office in person

Nonetheless, Fulton County's decision led county and state Republican officials to file a lawsuit late Friday. At a hearing early Saturday, they argued voters cannot return their ballots in person between the close of early in-person voting Friday and Election Day.

Citing state law, Judge Farmer rejected that argument and the Republican request for an injunction against the practice. But on Sunday, the Republican National Committee and the Georgia GOP filed another lawsuit in federal court in Savannah. They sought to block Fulton, DeKalb, Cobb, Gwinnett, Athens-Clarke, Clayton and Chatham counties from accepting absentee ballots.

The latest lawsuit targets Democratic-leaning counties but not Republican-leaning counties — such as Walton — that also opened offices this weekend to allow voters to drop off ballots.

On Saturday, Fulton initially denied Republicans a chance to observe the locations accepting

absentee ballots. Corbitt said the county clarified the rules and admitted them by midmorning.

On Sunday, Republican, Democratic and other observers watched voters drop off ballots at Fulton's Sandy Springs office.

Bill Baskett, 69, of Roswell was one of the public observers who came to monitor the process because of his concerns of voter fraud.

"I'm checking to see if anyone brings in a pile of absentee ballots, because I heard they stuffed absentee ballot boxes with counterfeit ballots last time," he said. He added that he thinks voters should not be allowed to return mail ballots after the end of early voting.

Some observers apparently snapped photos of voters going in to drop of their ballots.

"There was this lady with six or seven ballots," Irina Muskovitz, a Republican poll watcher, said, showing The Atlanta Journal-Constitution a photo she took of multiple ballots in a voter's hand.

Under Georgia law, people can deliver ballots for family members. Corbitt said those who deliver ballots in person are required to complete an affidavit stating they are delivering ballots for themselves or family members allowed under the law.

Beach spent time filming videos for social media at the Sandy Springs office over the weekend. Four years ago he was one of several legislators who aided Trump's effort to overturn Democrat Joe Biden's victory in Georgia.

On Sunday, Beach brushed off the Fulton judge's ruling that state law allows accepting ballots over the weekend.

"The spirit of the law is we have 19 days of early voting, weekend voting and election voting," he said. "Everything should've stopped on Friday."

Flugrath, the Fair Fight spokesman, saw it differently.

"False claims are all the MAGA Republican Party has — they have no plans to improve people's lives, so they resort to disinformation with the goal of undermining confidence in our elections."

## About the Authors

 **Ashley Ahn** 

 **David Wickert**  

## Keep Reading

 Republican lawsuits fly in Fulton County as Election Day nears



All clear? Election chairs tour early voting sites in Fulton County



Georgia judge rejects GOP lawsuit trying to block counties from accepting hand-returned...

## The Latest

 **LIVE UPDATES**
**Harris and Trump campaigns make final push in Georgia as Election Day approaches: Live...**

Georgia secretary of state says the state is ready for Election Day

2h ago

How to get Savannah youth to the polls? Recruit them as poll workers

## Featured

 **LIVE UPDATES**
**Harris and Trump campaigns make final push in Georgia as Election Day approaches: Live...**

Young Thug plea leads to questions about Fani Willis' use of RICO statute

**CONCERT REVIEW**
Billie Eilish hits Atlanta hard and soft with synth beats, ballads

### About
Help Center
About the Atlanta Journal-Constitution
Newsroom Ethics Code
Careers
Archive

### Contact Us
Contact Us
Send a News Tip
Advertise
AJC Newsroom

### Our Products
ePaper
Newsletters
All AJC Podcasts
AJC Events
Download iOS App
Download Android App

### Subscription
Digital Subscription
Print Subscription
Manage Subscription
Group Subscriptions
Subscription Terms
NIE/Newspapers in Education

### Follow Us

### The Atlanta Journal-Constitution

© 2024 The Atlanta Journal-Constitution. All Rights Reserved.
By using this website, you accept the terms of our
Terms of Use, Privacy Policy, CCPA, and understand your options regarding Ad Choices.
Learn about Careers at Cox Enterprises.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using the font type of Times New Roman and a point size of 14.

Dated:  November 4, 2024

*/s/ Jeffrey R. Harris*
Jeffrey R. Harris
Georgia Bar No. 330315
HARRIS LOWRY MANTON LLP
410 E. Broughton Street
Savannah, GA 31401
(912) 651-9967
jeff@hlmlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2024, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record.

Dated:  November 4, 2024

*/s/ Jeffrey R. Harris*
Jeffrey R. Harris
Georgia Bar No. 330315
HARRIS LOWRY MANTON LLP
410 E. Broughton Street
Savannah, GA 31401
(912) 651-9967
jeff@hlmlawfirm.com