IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE and GEORGIA REPUBLICAN PARTY, INC.<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS MAHONEY, III, et al.,<br><br>Defendants. | CIVIL ACTION FILE NO.:<br><br>4:24-cv-00248-RSB-CLR |

**ATHENS-CLARKE COUNTY DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFFS' VERIFIED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER**

Hunaid Qadir, Adam Shirley, Rocky Raffle, Patricia Till, and Willa Fambrough, all in their official capacities as members of the Athens-Clarke County Board of Elections and Registration (collectively, the "Athens-Clarke County Defendants") respectfully submit this Brief in Response to the Verified Emergency Motion for Preliminary Injunction/Temporary Restraining Order ("Emergency Motion") that the Republic National Committee and the Georgia Republican Party, Inc. ("collectively, "Plaintiffs")  filed on November 3, 2024.

As this brief will demonstrate, the plain language of the Georgia Election Code, O.C.G.A. §§ 21-2-1, et seq., supports the actions of the Athens-Clarke County Board of Elections and Registration—of which the Athens-Clarke County Defendants are members—and the Athens-Clarke County Elections Office in the collection of hand-delivered absentee ballots; therefore, Plaintiffs are unlikely to succeed on the merits. Additionally, granting the injunction would cause irreparable harm and would be adverse to the public interest as it would completely disenfranchise

1

a group of otherwise eligible voters in a hotly-contested election in which early voting records in Georgia have been already broken previous records. As such, the Court should deny the relief requested in Plaintiffs' Emergency Motion.

## I.    BACKGROUND.

### A.    Procedural history.

Despite being merely two days away from Tuesday, November 5, 2024—election day in Georgia and the rest of the United States—Plaintiffs filed their Complaint initiating the above-captioned matter on Sunday, November 3, 2024. (*See generally* Pl.'s Compl. (Nov. 3, 2024) [Doc. 1].) On that same date, Plaintiffs also filed their Emergency Motion to request "a preliminary injunction prohibiting Defendants from continuing to receive absentee ballots delivered in person," ignoring the fact that the time period of which Plaintiffs complain—November 2-4, 2024—had already commenced by the time of their filings. (*See* Verified Emerg. Mot. for Prelim. Inj./T.R.O. at 2, 8 (Nov. 3, 2024) [Doc. 2] ("Emerg. Mot.").)

On Monday, November 4, 2024, the Court held a telephonic scheduling conference. (*See generally* Clerks Minutes – Civil (Nov. 4, 2024) [Doc. 18].) Plaintiffs' Complaint is not a model of clarity regarding the alleged wrongful actions of the Athens-Clarke County Defendants—in fact, the phrases "Clarke County" and "Athens-Clarke" only seem to appear in a conclusory Paragraph 3 and Paragraph 28 of Plaintiffs' Complaint—but it appears that Plaintiffs take issue with certain counties around the state remaining open "this weekend and Monday for voters to return absentee ballots," which Plaintiffs believe is "outside the advanced voting period authorized by Georgia law." (Pls.' Compl. ¶¶ 3, 43.) Despite the language of their Complaint, Plaintiffs clarified during the telephonic scheduling conference that they are challenging "the hand-delivered

ballots from Saturday and Sunday… or any hand-delivered ballots received Monday at newly added locations." (Clerks Minutes at 2.)

At the end of the telephonic scheduling conference, the Court instructed the parties to file any briefs in response to the Emergency Motion by 9:00 a.m. on November 5, 2024, with a hearing on the Emergency Motion to be scheduled for noon on the same day. (*Id.* at 2-3.) The Athens-Clarke County Defendants submit this brief in accordance with the Court's instructions.

**B.    Pertinent facts.**

There may be good reason why there is a dearth of factual allegations regarding the Athens-Clarke County Defendants in Plaintiffs' Complaint—the Athens-Clarke County Elections Office was not open on Saturday, November 2, 2024, or Sunday, November 3, 2024, and therefore, did not receive any personally-delivered absentee ballots on those dates. (*See* Decl. Charlotte Sosebee ¶¶ 3-4 (Nov. 4, 2024) [Doc. 26-1].) Moreover, during the time period of which Plaintiffs complain, the Athens-Clarke County Elections Office only received mailed or personally-delivered absentee ballots on Monday, November 4, 2024 at its main office at 155 East Washington Street, Athens, Georgia 30601.[1]  (Decl. Sosebee ¶ 5.) Given Plaintiffs' statements during the telephonic scheduling conference, it appears that the Athens-Clarke County Defendants should not even be named in this lawsuit. Nonetheless, the Athens-Clarke County Defendants will address Plaintiffs' Emergency Motion.

### II.    ARGUMENT AND CITATION OF AUTHORITY.

As described above, Plaintiffs seek a preliminary injunction to prohibit the counting of absentee ballots that were submitted over the weekend and the Monday prior to the election on

---

[1] The Elections Office is clearly listed as having its physical address at "155 East Washington St., Athens, GA 30601" on its website at https://www.accgov.com/160/Elections-Office.

3

November 5, 2024.  (Emerg. Mot. at 2, 8.)  This is based upon Plaintiffs' limited reading of the Georgia Election Code, which apparently ignores key language throughout this code.

**A.      Under the Georgia Election Code, advance voting and absentee ballots are separate and distinct things.**

Georgia law provides for two methods by which "absentee electors"[2] may vote prior to an election day, per O.C.G.A. § 21-2-385.  The first is advance voting, which is generally described in O.C.G.A. § 21-2-385(d), but also subsections (c) and (e).  The second is the return of an absentee ballot, which is generally described in O.C.G.A. § 21-2-385(a)-(c), but also subsection (e).  This division between advance voting and return of absentee ballots appears throughout the Georgia Election Code.  *See e.g.* O.C.G.A. § 21-2-381 ("To be timely received, an *application for an absentee-by-mail ballot* shall be received by the board of registrars or absentee ballot clerk no later than 11 days prior to the primary, election, or runoff. For *advance voting in person*, the application shall be made within the time period set forth in subsection (d) of Code Section 21-2-385.") (emphasis added); O.C.G.A. § 21-2-382(a) ("the board of registrars may establish additional registrar's offices or places of registration for the *purpose of receiving absentee ballots* under Code Section 21-2-381 and for the *purpose of advance voting* under Code Section 21-2-385") (emphasis added).

In accordance with O.C.G.A. § 21-2-385(d)(1), advance voting ends "on the Friday immediately prior to each primary, election, or runoff." O.C.G.A. § 21-2-385(d)(1).  Conversely, for an absentee ballot, the voter may "personally mail or personally deliver" their absentee ballot any time "prior to the closing of the polls on the day of the primary or election." O.C.G.A. § 21-

---

[2] Pursuant to O.C.G.A. § 21-2-380(a), the term "absentee electors" is defined as "an elector of this state or a municipality thereof who casts a ballot in a primary, election, or runoff other than in person at the polls on the day of such primary, election, or runoff."

2-385(a) (describing methods to deliver absentee ballots); O.C.G.A. § 21-2-386(a)(1)(A) (describing deadline to receive absentee ballots).[3]

Plaintiffs apparently conflate these separate and distinct processes, believing that the conclusion of the advance voting period on the Friday before an election also applies to the process of mailing or personally delivering an absentee ballot. (*See* Emerg. Mot. at 3.) As described above, this is simply not so.

**B.     The facts and the law do not support a temporary restraining order or a preliminary injunction against the Athens-Clarke County Defendants.**

A temporary restraining order is an extraordinary remedy, limited to situations where a party is threatened with "imminent irreparable harm." *Wreal, LLC v. Amazon.com, Inc.,* 840 F.3d 1244, 1248 (11th Cir. 2016) (internal quotation and citation omitted). To secure preliminary relief,[4] Plaintiffs must show that (a) they are likely to succeed on the merits of their claims, (b) that they will likely suffer irreparable harm absent a preliminary injunction, (c) that their potential injury outweighs the potential hardship on the State if an injunction were granted, and (d) that an injunction is in the public interest. *Swain v. Junior*, 958 F.3d 1081, 1088 (11th Cir. 2020). The likelihood that a plaintiff will prevail on the merits of their claims "is generally considered the most important of the four factors, and failure to satisfy this burden—as with any of the other prerequisites—is fatal to [their claims]." *In re Georgia Senate Bill 202*, 622 F. Supp. 3d 1312, 1326 (N.D. Ga. 2022) (internal citations omitted). Given the importance of this factor, the Athens-Clarke County Defendants will focus most of their brief on the merits of Plaintiffs' claims. As this

---

[3] A separate deadline, apparently not at issue in the above-captioned matter, applies to members of the armed forces and their families and overseas citizens. *See* O.C.G.A. § 21-2-386(a)(1)(G).

[4] In the Eleventh Circuit, the standard for a temporary restraining order and a preliminary injunction is the same. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-1035 (11th Cir. 2001).

brief will demonstrate, Plaintiffs will be unable to prevail on the merits because their understanding of advance voting does not comport with a plain, common-sense reading of the Georgia Election Code. Plaintiffs cannot succeed because their claims rely on inaccurate facts and a contextually-skewered interpretation of Georgia law, and because Plaintiffs' desired outcome—the invalidation of an unknown number of absentee ballots lawfully submitted by Georgia voters—would cause irreparable harm by disenfranchising unsuspecting voters on the eve of a momentous presidential election.

> 1. *Because Plaintiffs' request for preliminary relief is based upon an erroneous reading of a Georgia statute, Plaintiffs are unlikely to succeed on the merits.*

In support of their argument that the Athens-Clarke County Defendants violated Georgia law with regard to the acceptance of hand-delivered absentee ballots, Plaintiffs rely upon O.C.G.A. § 21-2-385(d)(1), which provides specifically for a "period of advance voting." (Emerg. Mot. at 3.) As described in Part II.A. of this brief, Georgia statutes clearly delineate between advance voting and submitting an absentee ballot. In Georgia,[5] courts are to presume that the General Assembly "meant what it said and said what it meant" and to read statutes in context. *Deal v. Coleman*, 294 Ga. 170, 172-173 (2013) (internal quotations and citations omitted); *see also City of Guyton v. Barrow*, 305 Ga. 799, 805 (2019); *Zaldivar v. Prickett*, 297 Ga. 589, 591 (2015). Here, the context is clear: Georgia has separately established one deadline for advance voting in O.C.G.A. § 21-2-385(d)(1) and another for absentee ballots in O.C.G.A. § 21-2-386(a)(1)(A). *See generally Barrow*, 308 Ga. at 805 ("The primary determinant of a text's meaning is its context[.]").

---

[5] When interpreting Georgia statutes, federal courts will use Georgia's principles of statutory construction. *Fahey v. Kolcun Tree Care, LLC*, 2023 WL 4448012 at *1 (11th Cir. July 11, 2023) (per curiam).

6

Additionally, courts in Georgia generally try to avoid a reading of statutory text that makes a provision a "mere surplusage." *City of Winder v. Barrow Co.*, 318 Ga. 550, 561 (2024) (internal quotation omitted). If the Court were to apply O.C.G.A. § 21-2-385(d)(1)(B) to absentee ballots, it would nullify the provisions of O.C.G.A. § 21-2-385(a). Where O.C.G.A. § 21-2-385(a) provides that a voter has the time between "receiving an official absentee ballot" and "the day of the primary or election," to return their ballot, O.C.G.A. § 21-2-385(d)(1)(B) provides that the voter has only until "the Friday immediately prior to each primary, election, or runoff" to cast their ballot. Therefore, an absentee ballot cannot logically be subject to subsection (d) of O.C.G.A. § 21-2-385 because it would render subsection (a) of the same statute meaningless.

Other than bald assertions, Plaintiffs provide no statutory support for their proposition that absentee voting and advance voting are the same, and to accept the argument that the two are the same is simply contrary to the plain language of the Georgia Election Code.

> **2. Because Plaintiffs' request for preliminary relief is based upon an erroneous reading of a Georgia statute, Plaintiffs are not able to establish a state law violation, which is a necessary predicate for Plaintiffs' federal claims.**

Plaintiffs' equal protection claim relies on the incorrect allegation that the Athens-Clarke County Defendants opened offices on the weekend for the purposes of allowing voters to submit absentee ballots, which they allege resulted in disparate voting opportunities for voters based solely on their county of residence. (Emerg. Mot. at 3-4.) First, as established in Part II.A. and II.B.1. above, Plaintiffs' reading of the Georgia Elections Code is incorrect—O.C.G.A. § 21-2-385(d)(1) does not prohibit this practice.[6] Second, it is factually incorrect in relation to the Athens-

---

[6] The Memorandum of Law submitted by the Intervenor-Defendants Democratic National Committee and Democratic Party of Georgia, Inc. ably discusses why Plaintiffs' failure to allege a violation of state law impacts both the equal protection and Elections Clause analysis. (*See generally* Intervenor-Defs.' Memo. of Law in Support of Mot. to Dismiss at 12-16 (Nov. 4, 2024) [Doc. 25-1].)

7

Clarke County Defendants. (*See* Decl. Sosebee ¶ 4 (stating that the Elections Office was closed on November 2-3, 2024).) Similarly, Plaintiffs allege that the Athens-Clarke County Defendants have violated the Elections Clause by modifying the dates authorized for advance voting by the General Assembly. (*See* Emerg. Mot. at 5-6.) However, there is no evidence that the Athens-Clarke County Defendants have failed to comply with the General Assembly's carefully proscribed dates for advance voting, and again, this argument fails based on Plaintiffs' improper conflation of the deadline for advance voting with the deadline for the return of absentee ballots.

3. ***Plaintiffs will not suffer irreparable harm if the Court does not grant injunctive relief.***

Plaintiffs allege, without factual support, that the creation of disparate voting opportunities will create irreparable harm for their candidates, voters, etc. (*See* Emerg. Mot. at 6-7.) This in and of itself is disqualifying, as allegations of remote or speculative injuries are not sufficient to warrant a preliminary injunction. *See In re Georgia Senate Bill 202*, 622 F. Supp. 3d at 1339. First, as described elsewhere in this brief, the Athens-Clarke County Defendants have not created disparate voting opportunities. Second, to the extent that some Defendants may have made it easier for voters of any party or affiliation to return absentee ballots does not in and of itself demonstrate that Plaintiffs would suffer irreparable harm. Finally, as shall be discussed in more depth below, Plaintiffs' requested relief would undeniably cause irreparable harm to the many eligible voters who will be disenfranchised if this Court grants Plaintiffs' request for injunctive relief.

4. ***Preliminary injunctive relief would cause irreparable harm to Georgia voters and is substantially against the public interest.***

Although Plaintiffs assert that the Defendants can suffer no harm where an injunction ends an unlawful practice, this argument fails for two reasons. First, as described above, the Defendants are not engaged in any unlawful practice. But second, and more importantly, it is not simply harm

8

to the Defendants—each a governmental entity—that is troublesome. The most concerning irreparable harm is to the unknown number of voters in the Defendant counties who properly submitted absentee ballots to elections staff that Plaintiffs now seek to essentially void and disenfranchise, essentially taking away their "voice in the election of those who make the laws under which, we as good citizens, must live." *See generally Burdick v. Takushi*, 504 U.S. 428, 441 (1992) (internal quotations and citation omitted).

The Athens-Clarke County Elections Office has sequestered ballots because of this case. (Decl. Sosebee ¶ 6.)  These voters presumably submitted ballots via what they believed to be a permissible process.  There is no feasible process by which the voters who submitted absentee ballots in person to the Athens-Clarke County Elections Office on Monday, November 4, 2024, can withdraw their ballot, submit a new absentee ballot, or appear on November 5, 2024, to vote in person. They have submitted a ballot that has been properly received by elections staff, and their vote is now considered to be cast even though it may currently be sequestered pursuant to this litigation.  *See* O.C.G.A. § 21-2-388 ("When an absentee ballot which has been voted shall be returned to and received by the board of registrars, it shall be deemed to have been voted then and there; and no other ballot shall be issued to the same elector."). Plaintiffs urge this Court to disenfranchise voters who presumably submitted their ballots with the faith that those ballots would be counted in the 2024 Presidential Election. "Confidence in the integrity of our electoral processes is essential to the functioning of our participatory democracy." *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006).  Plaintiff's proposed preliminary injunction erodes that confidence.

As a further complication, if this Court were to grant Plaintiffs' motion and invalidate all absentee ballots submitted in person to elections staff on Monday, November 4, 2024, across the state, it would create an unprecedented situation where it could reasonably be expected that the

9

majority if not all of the 159 counties in Georgia not included as parties to this litigation would have received absentee ballots in person on Monday, would have already reviewed and processed those ballots in preparation for compliance with O.C.G.A. § 21-2-386(a)(3),[7] and that those ballots could no longer be sequestered or otherwise invalidated such that voters in non-Defendant counties would have their absentee ballots accepted and voters in the Defendant counties would not. This outcome would lead to true disparate voting opportunities across the state.

### III.   CONCLUSION.

The Georgia Election Code makes clear a distinction between absentee and advance voting. Plaintiffs' failure to appreciate this distinction and subsequent erroneous reading of the law—in particular, O.C.G.A. § 21-2-385(d)(1)—makes it highly unlikely that Plaintiffs will succeed on the merits. Injunctive relief would cause irreparable harm to absentee electors who acted in good faith in accordance with the law, and is substantially against the public interest. Accordingly, the Athens-Clarke County Defendants respectfully request the Court deny the relief sought by Plaintiffs in their Emergency Motion for Preliminary Injunction/Temporary Restraining Order.

*[Signatures of counsel appear on the next page.]*

---

[7] This subsection makes a distinction between absentee ballots that have been verified and accepted by elections staff by the Monday prior to the day of the election, thus necessitating that staff verify and accept, if possible, absentee ballots received by that Monday.

This 5th day of November, 2024.

Respectfully submitted,

*/s/ Judd T. Drake*
Judd T. Drake
Georgia Bar No. 299213
County Attorney

*/s/ John M. Hawkins*
John M. Hawkins[8]
Georgia Bar No. 120839
Deputy Chief County Attorney

*Attorney for the Athens-Clarke County Defendants*

Athens-Clarke County Attorney's Office
P.O. Box 427
Athens, Georgia 30603
Phone: (706) 613-3035
Fax: (706) 613-3037
Email: judd.drake@accgov.com
         john.hawkins@accgov.com

---

[8] Pending the Court's approval of Mr. Hawkins' Application for Admission Pro Hac Vice [Doc. 13-1.]

## **CERTIFICATE OF SERVICE**

This is to certify that I have electronically filed the foregoing BRIEF IN RESPONSE TO VERIFIED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER with the Clerk of Court using CM/ECF, which will automatically send e-mail notification of such filing to all attorneys of record for the respective parties.

This 5th day of November, 2024.

                                                              Respectfully submitted,

                                                              */s/ Judd T. Drake*
                                                              Judd T. Drake
                                                              Georgia Bar No. 299213
                                                              County Attorney

                                                              *Attorney for the Athens-Clarke County Defendants*