## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE and GEORGIA REPUBLICAN PARTY, INC., | )<br>)<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 4:24-cv-00248-RSB-CLR |
| v. | ) |
| THOMAS MAHONEY III, et al. | ) |
| Defendants. | ) |
| DEMOCRATIC NATIONAL COMMITTEE and DEMOCRATIC PARTY OF GEORGIA, INC. | )<br>)<br>) |
| Intervenor Defendants. | ) |

**DEFENDANT CHATHAM COUNTY BOARD OF ELECTIONS AND CHATHAM COUNTY BOARD OF REGISTRARS' BRIEF IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION / TEMPORARY RESTRAINING ORDER**

Defendants Thomas Mahoney III, Marianne Heimes, Trish Brown, James Hall, and Glynda Jones, in their official capacities as members of the Chatham County Board of Elections, and the Chatham County Board of Registrars file this Brief in Opposition to Plaintiffs' Emergency Motion for Preliminary Injunction/Temporary Restraining Order (doc. 2).

### I. Introduction

Chatham County has a separate board of elections and registrars. (Ex. 1, Dec. of McRae, ¶ 4). The Chatham County Board of Registrars conducts all pre-election day voting (absentee and in-person advance voting) in Chatham County. (Id.). The Chatham

1

County Board of Elections conducts voting on election day and tabulates all the votes, including absentee, in-person advance voting, and election day voting, after the polls close. (Id.). For purposes of this brief, the Chatham County Board of Elections and the Chatham County Board of Registrars are collectively referred to as "Chatham County."

This case arises from the Chatham County Board of Registrars's acceptance of hand-delivered absentee ballots after November 1, 2024. Plaintiffs incorrectly argue that Chatham County has "continued advance voting past the deadline." (Doc. 2, p. 2). However, Plaintiffs conflate and confuse "advance voting" with Chatham County's receipt of hand-delivered completed absentee ballots. These two entirely separate methods of voting are subject to different procedures and, relevant here, distinct deadlines. As shown below, no advance voting occurred in Chatham County beyond the deadline to do so, and thus Plaintiffs have no likelihood of success on the merits of their claim. Accordingly, the Court should deny Plaintiffs' motion.

II. **Factual Background**

In accordance with O.C.G.A. § 21-2-385(d)(1), the last day for in-person advance voting in Chatham County was Friday, November 1, 2024. (Ex. 1, Dec. of McRae, ¶ 5). On the same day, the Chatham County Board of Registrars notified news outlets that it would be accepting hand-delivered absentee ballots on November 2, 2024, November 4, 2024, and November 5, 2024, at its office located at 1117 Eisenhower Dr, Savannah, GA 31406. (Id., ¶ 6). On November 2, 2024, the Chatham County Board of Registrars accepted a total of 52 absentee ballots that were hand delivered by electors. (Id., ¶ 7). At the time of execution of his declaration, the Chairman of the Board of Registrars did not yet know the total number of absentee ballots returned via hand delivery on November 4, 2024, and November 5, 2024. (Id., ¶ 7).

### III. <u>Argument</u>

"A plaintiff seeking preliminary injunctive relief must show the following: (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause to the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest." <u>Sofarelli v. Pinellas Cnty.</u>, 931 F.2d 718, 723-24 (11th Cir. 1991). "In this Circuit, a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000).

    a. *<u>Plaintiffs have no likelihood of success on the merits</u>*.

Although Plaintiffs must satisfy their burden as to each of the factors, the likelihood that they will prevail on the merits of their claims "is generally considered the most important of the four factors, and failure to satisfy this burden—as with any of the other prerequisites—is fatal to [Plaintiffs' claims]." <u>In re Georgia Senate Bill 202</u>, 622 F. Supp. 3d 1312, 1326 (N.D. Ga. 2022) (internal citations omitted); <u>see also</u> <u>Garcia-Mir v. Meese</u>, 781 F.2d 1450, 1453 (11th Cir. 1986) ("Ordinarily the first factor is the most important."). Plaintiffs cannot show a substantial likelihood that they will ultimately prevail on the merits because Plaintiffs cannot prevail as a matter of law.

Plaintiffs' claims are built on a house of cards. Their sole basis for injunctive relief is that Chatham County allegedly permitted "advance voting" to continue beyond the deadline imposed by O.C.G.A. § 21-2-385(d)(1) by allowing "voters to return absentee

3

ballots." (Doc. 2, p. 3). Plaintiffs' argument reveals their fundamental misunderstanding of Georgia law because "advance voting" and voting by "absentee ballot" are separate methods of voting altogether.

Unlike advance voting, an elector voting by absentee ballot can return their completed ballot at any time before the closing of the polls on the date of the election. See O.C.G.A. § 21-2-386(a)(1)(A). Further, O.C.G.A. § 21-2-385(a) provides, in relevant part:

> At any time after receiving an official absentee ballot, but before the day of the primary or election, . . . the elector shall vote his or her absentee ballot, then fold the ballot and enclose and securely seal the same in the envelope on which is printed 'Official Absentee Ballot' . . . . Such envelope shall then be securely sealed and the elector shall then personally mail ***or personally deliver*** same to the board of registrars or absentee ballot clerk[.]

(emphasis supplied). The elector has the choice of whether to mail in the completed absentee ballot or "personally deliver it" to the registrar. Here, Chatham County allowed electors to personally deliver their completed absentee ballots on November 2, 2024, November 4, 2024, and November 5, 2024. (Ex. 1, Dec. of McRae, ¶ 7). Chatham County's actions are in accordance with this provision, and Plaintiffs point to no law that prohibits Chatham County from accepting hand-delivered completed absentee ballots prior to the closing of the polls on election day. No such prohibition exists.

Despite being treated as separate methods throughout the Election Code,[1] Plaintiffs argue that the acceptance of hand-delivered completed absentee ballots after

---

[1] See e.g. O.C.G.A. § 21-2-382(a) ("[T]he board of registrars may establish additional registrar's offices or places of registration for the purpose of ***receiving absentee ballots*** under Code Section 21-2-381 and for the purpose of ***advance voting*** under Code Section 21-2-385[.]") (emphasis supplied); O.C.G.A. § 21-2-381(a)(1)(A) ("To be timely received, an application for an ***absentee-by-mail ballot*** shall be received by the board of registrars or absentee ballot clerk no later than 11 days prior to the primary,

4

November 1, 2024, violates the deadline imposed on "advance voting" under O.C.G.A. § 21-2-385(d)(1). The statute provides that "[t]here shall be a period of **advance voting** that . . . shall end on the Friday immediately prior to each primary, election, or runoff." (emphasis supplied). As discussed above, "advance voting" (commonly referred to as "early voting") is separate and distinct from voting by absentee ballot, and therefore the deadline in O.C.G.A. § 21-2-385(d)(1) does not restrict Chatham County from accepting completed absentee ballots pursuant to O.C.G.A. § 21-2-385(a).

Plaintiffs are asking the Court to apply the deadline for advance voting to limit the acceptance of votes cast through absentee ballot voting. Because electors are entitled to "personally deliver" their completed absentee ballot on or before the day of the election, Chatham County did not violate Georgia law by accepting absentee ballots on November 2, November 4, and November 5, 2024. To hold otherwise would mean that absentee ballots were required to be completed and returned prior to the deadline for advance voting. There is no statutory support for this notion, and Plaintiffs have no likelihood of success on the merits of their claims.

Plaintiffs' federal constitutional claims are dependent on establishing a violation of state law. Their equal protection claim is premised on "granting special privileges to voters of [defendant] counties *in violation of state law*." (Doc. 1, ¶ 5) (emphasis supplied). Their Elections Clause claim depends on proving that the counties' actions "flout[] **the Georgia General Assembly's regulations** setting the 'Manner' of federal elections." (Id. ¶ 6) (emphasis supplied). Because, as established *supra*, Plaintiffs cannot establish a violation of state law, their federal claims necessarily fail.

---

election, or runoff. For **advance voting in person**, the application shall be made within the time period set forth in subsection (d) of Code Section 21-2-385.") (emphasis supplied).

Plaintiffs' equal protection and Elections Clause claims fail for additional reasons. Those grounds are discussed in detail in Intervenor Defendants' Memorandum of Law (doc. 25-1). In the interest of judicial economy, the points are not belabored here.

    b. *The balancing of harms and public interest favor Defendants*.

Plaintiffs claim irreparable harm based on alleged "violations of state law," but do not assert any irreparable injury predicated on a violation of their constitutional rights. (Doc. 2, p. 7). Because there is no violation of state law, Plaintiffs have not alleged, and will not suffer, irreparable harm.

Similarly, Plaintiffs cannot demonstrate that the balance of harms or public interest favors granting the relief sought (i.e., "a preliminary injunction prohibiting Defendants from continuing to receive absentee ballots delivered in person"). (Doc. 2, p. 8). The balancing of harm and the public interest factors "merge when, as here, the government is the opposing party." Gonzalez v. Governor of Georgia, 978 F.3d 1266, 1271 (11th Cir. 2020). If the Court were to grant Plaintiffs' motion, eligible voters would be prohibited from casting their absentee ballots and deprived of their right to vote. As best stated by our Supreme Court, "[n]o right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live." Burdick v. Takushi, 504 U.S. 428, 442 (1992). Because the public interest would be harmed, not served, by granting Plaintiffs' motion, this factor weighs heavily in favor of Chatham County.

### IV. Conclusion

The Court should deny Plaintiffs' Emergency Motion for Preliminary Injunction/Temporary Restraining Order. Defendants, including Chatham County, did not violate state law by accepting hand-delivered completed absentee ballots after the

deadline for advance voting, and therefore Plaintiffs have no likelihood of success on the merits. Moreover, the balancing of harms and the public interest favors denial of Plaintiffs' motion.

This 5th day of November, 2024.

                                              OLIVER MANER LLP

                                              */s/ Benjamin M. Perkins*

| | |
|---|---|
| Oliver Maner LLP | Benjamin M. Perkins |
| 218 West State Street | Georgia Bar No. 140997 |
| P.O. Box 10186 | Wes P. Rahn |
| Savannah, GA 31412 | Georgia Bar No. 609391 |
| (912) 236-3311 | |
| bperkins@olivermaner.com | |
| wrahn@olivermaner.com | *Attorney for Thomas Mahoney III, Marianne Heimes, Trish Brown, James Hall, and Glynda Jones, in their official capacities as members of the Chatham County Board of Elections, and the Chatham County Board of Registrars* |

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused electronic notification of filing and service of the foregoing to be made upon counsel of record for the parties by filing the same using the Court's CM/ECF filing system.

This 5th day of November, 2024.

<div style="float:right">

OLIVER MANER LLP

 /s/ Benjamin M. Perkins
Benjamin M. Perkins
Georgia Bar No. 140997
Wes P. Rahn
Georgia Bar No. 609391

*Attorney for Thomas Mahoney III, Marianne Heimes, Trish Brown, James Hall, and Glynda Jones, in their official capacities as members of the Chatham County Board of Elections, and the Chatham County Board of Registrars*

</div>

Oliver Maner LLP
218 West State Street
P.O. Box 10186
Savannah, GA 31412
(912) 236-3311
bperkins@olivermaner.com
wrahn@olivermaner.com