**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| REPUBLICAN NATIONAL COMMITTEE, et al. | ) ) ) | Civil Action No.: 4:24-cv-00248-RSB-CLR |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| THOMAS MAHONEY, III, et al. | ) ) | |
| Defendants. | ) ) ) | |

**RESPONSE OF COBB COUNTY DEFENDANTS IN OPPOSITION TO PLAINTIFFS'
VERIFIED EMERGENCY MOTION FOR PRELIMINARYINJUNCTION /
TEMPORARY RESTRAINING ORDER**

Defendants Steven F. Bruning, Tori Silas, Stacy Efrat, Debbie Fisher, and Jennifer Mosbacher, in their official capacities as members of the Cobb County Board of Elections and Registration ("Cobb BOER"), file this response brief in opposition to Plaintiff's Emergency Motion for Preliminary Injunction/Temporary Restraining Order [Doc. 2], showing the Court that the Plaintiff's claims are unlikely to succeed on the merits and are moot as to the Cobb County Defendants. Accordingly, this Court should deny Plaintiffs' motion and dismiss the present action in its entirety.

**I.      INTRODUCTION**

Plaintiffs have come to this Court on the basis of spurious claims about the hand delivery of absentee ballots to county election offices in the last three days before the November 5, 2024 General Election. Georgia law plainly allows absentee ballots to be hand delivered to an election superintendent's office by a voter or a voter's relative. O.C.G.A § 21-2-385 (a).  The absentee ballot

clerk is authorized to receive and retain those ballots at that office any time "prior to the closing of the polls on the day of the election." O.C.G.A. § 21-2-386 (a).  There is no restriction anywhere in the Georgia Election Code that says that absentee ballot clerks cannot receive those ballots at the office of the superintendent in the final three days before an election.

The arguments set forth in Plaintiffs' Complaint and Motion for Temporary Restraining Order are premised on an unabashed attempt to conflate the rules around two different methods of voting: advanced in-person voting and voting by an absentee ballot.  Plaintiffs are fully aware that the rules prescribing the days and hours for advanced voting and the rules regarding delivery of absentee ballots are not the same, because just three days ago a judge told them as much.  On Saturday morning November 2nd, a Fulton County Superior Court judge told the Georgia Republican Party, Inc., one of the Plaintiffs in this case, that their attempt to conflate those rules was just plain wrong and that ballots could be delivered to election offices on the weekend before the election. See, Transcript from hearing in Fulton County Republican Party & Ga. Republican Party v. Fulton County. [Doc. 29-1, p. 39].  Rather than accept that ruling or appeal it, Plaintiffs instead chose to forum shop and double down on their incorrect legal position, filing the present action against seven county superintendents in a Federal district court where only one of the six counties is located.  This bald-faced and cynical attempt to manufacture a false narrative about alleged violations of election law to stir up their anxious constituents on the eve of an election should not be permitted by the Court.

Even if there was a shred of merit to Plaintiffs' claims about the hand delivery of absentee ballots, their claims against the Cobb County Board of Elections and Registration are moot, because the relief they seek cannot be granted.  All of the ballots hand delivered to the absentee clerks at the Cobb County Election Office on November 2nd, 3rd, and 4th have been opened, verified, accepted and

scanned as permitted in O.C.G.A. §21-2-386 (a)(2)(A) and cannot now be removed from those scanners.

Lastly, as noted above, Plaintiffs' claims are barred by the doctrine of collateral estoppel because a Fulton County Superior Court has already told them that their position that the prescribed schedule for the advanced voting period does not prevent voters from hand delivering ballots to election offices.

## II.   STATEMENT OF FACTS AND RELEVANT ELECTION STATUTES

In Georgia, there are three ways to cast a ballot: 1) voting in person on Election Day, 2) voting in person during the advance voting period, and 3) absentee-by-mail voting. This case involves absentee-by-mail voting. To vote absentee-by-mail, a voter requests a ballot, receives it in the mail, fills it out, and then returns it either in the mail, via hand delivery to a county registrar, or by placing it in a drop box that is available during voting hours during the in person advance voting period. To be counted, absentee ballots must be received by the county registrars no later than the close of polls on Election Day, which is 7:00 p.m. on November 5 this year. O.C.G.A. § 21-2-386(a)(1)(F).

Cobb County's main election office, located at 995 Roswell Street, Marietta, Georgia, 30060, was open to prepare for the upcoming election and to receive the delivery of absentee ballots from 8:00 a.m. to 8:00 p.m. on Saturday, November 2nd; from 10:00 a.m. to 8:00 p.m. Sunday, November 3rd; and 8:00 a.m. to 8:00 p.m. Monday, November 4th.  Fall Declaration, ¶ 4.

All absentee ballots received during the first two days and the majority of the ballots received on November 4th have been opened, verified, accepted, and scanned using one or more ballot scanners as expressly permitted in O.C.G.A. § 21-2-386 (a)(2)(A). Fall Declaration, ¶ 5.  To the extent that the plaintiffs in this action have requested that the Cobb County Board of Elections and

Registration segregate the ballots received on those three days, that is no longer possible as all such ballots have been removed from their envelopes and scanned with all of the other ballots received in the office.  Fall Declaration, ¶ 6.

Absentee ballots are mailed to voters who have requested an absentee ballot beginning 29 days before the election.  O.C.G.A. § 21-2-384. "At any time after receiving an official absentee ballot, but before the day of the primary or election…the elector shall vote his or her absentee ballot…" O.C.G.A. § 21-2-385(a). Once a voter has voted his or her absentee ballot and properly filled out the oath envelope, "such envelope shall then be securely sealed and the elector shall then personally mail or personally deliver same to the board of registrars or absentee ballot clerk." O.C.G.A. § 21-2-385(a) (emphasis added). If the ballot is received prior to the close of polls on Election Day, the registrar, "upon receipt," writes the day and hour of receipt on the ballot envelope, and then undertakes the verification procedures set forth in Georgia law to ensure that the returned ballot matches the voter who requested the ballot. O.C.G.A. § 21-2-386(a)(1)(B). If the ballot is verified, it is then counted in accordance with Georgia law. Absentee ballots that are returned to the board of registrars after the close of polls on Election Day are kept unopened and then transferred to the appropriate clerk for storage for the required period of time. O.C.G.A. § 21-2-386(a)(1)(F).

## III.     ARGUMENT AND CITATION TO AUTHORITY

A district court may grant a preliminary injunction only if the moving party establishes that:

…(1) it has a substantial likelihood of success on the merits; (2) it will suffer an irreparable injury unless the injunction is granted; (3) the harm from the threatened injury outweighs the harm the injunction would cause the opposing party; and (4) the injunction would not be adverse to the public interest…The third and fourth factors "merge" when, as here, the [g]overnment is the opposing party. (internal quotation marks and citation omitted)

*Gonzalez v. Governor of Ga.*, 978 F.3d 1266, 1270-71 (11th Cir. 2020), citing to *Swain v. Junior*, 961 F.3d 1276, 1285 n.3 (11th Cir. 2020).

"In this Circuit, a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

### A. Plaintiffs have failed to show their claims are likely to succeed on the merits

Plaintiffs' attempt to demonstrate that it is likely to succeed on the merits begins, tellingly, not with a citation to Georgia law on the delivery of hand-marked absentee ballots, but instead with a citation about advance in-person voting. (See, Doc. 2, p. 3, "Under Georgia law, 'the period of advance voting … shall end on the Friday immediately prior to' the election. O.C.G.A. §21-2-385(d)(1)(B)"). Thus, from the very outset of its argument the Plaintiffs begin their effort to conflate "advance voting" with voting by hand-marked absentee ballot.

To be sure, under the quirky structure of the Georgia Election Code, "advance voting" is a form of "absentee voting." However, advance voting is a method of voting that allows voters to vote using ballot marking devices and optical scanned ballots in the same manner as they would on election day, while absentee voting involves hand-marking paper ballots that are mailed or hand-delivered to the office of the election superintendent. This distinction of the two methods is demonstrated by the separate the rules for each highlighted in O.C.G.A. §21-2-385(e) which sets forth a different reporting requirement for each method of voting.

Despite this clear distinction, Plaintiffs continue to insist on conflating the two methods, arguing that Cobb and other counties permitted "advance voting" to continue beyond the deadline imposed by O.C.G.A. § 21-2-385(d)(1) by allowing "voters to return absentee ballots." (Doc. 2, p.

3). The advance voting period set out in O.C.G.A. §21-2-285(d) only applies to that method of voting, while an elector voting by absentee ballot may return a completed ballot at any time before the closing of the polls on the date of the election. See O.C.G.A. § 21-2-386(a)(1).

"When the words of a statute are unambiguous, then, [the] first canon [of statutory construction] is also the last: judicial inquiry is complete. This Court must presume that Congress said what it meant and meant what it said." *Black Voters Matter Fund v. Raffensperger*, 508 F. Supp. 3d 1283, 1297 (N.D. Ga. 2020), citing to, *CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir. 2001.  Therefore, it is wholly inappropriate for Plaintiffs to ask this Court to ignore the plain language of the Georgia Election Code and adopt their intentionally conflated "interpretation" of the two provisions.

Plaintiffs' specious attempt to conflate these unambiguous statutory provisions means that their claims of violations of the Elections Clause and the Equal Protection Clause of the U.S. Constitution cannot succeed. Plaintiffs' Constitutional and Election Clause claims asserts that the defendant counties are not following the statutory scheme established in the Election Code, but in reality it is Plaintiffs' unsupported interpretation of Georgia law that would upend how the absentee ballot process has been understood and practiced by counties across Georgia.

Similarly, Plaintiffs' equal protection claims similarly fail. Rather than remedy an equal protection violation, their proposed remedy would actually create an equal protection violation by only forcing seven of Georgia's 159 counties to adhere to a newly created deadline and trying to hold those counties to a novel and nonsensical interpretation of Georgia law.

All of Plaintiffs' claims are really just state law interpretation claims, as they implicitly admit by first filing a state court claim that was unsuccessful in obtaining preliminary relief. Such

an attempt to manufacture federal question jurisdiction is not sufficient. *Oak Park Trust and Sav. Bank v. Therkildsen*, 209 F.3d 648, 651 (7th Cir. 2000) (holding that jurisdiction did not exist under § 1331 because the claim "[wa]s so feeble, so transparent an attempt to move a state-law dispute to federal court… that it d[id] not arise under federal law at all").

### B.    Plaintiffs' claims are moot as to Cobb BOER

Courts are "not empowered to decide moot questions. An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. And an issue can become moot at any stage of litigation, even if there was a live case or controversy when the lawsuit began. (internal citations and quotations removed). *Wood v. Raffensperger*, 981 F.3d 1307, 1316 (11th Cir. 2020).

As the 11th Circuit Court of Appeals has made clear many times, mootness is a jurisdictional issue:

> A case is moot when later events "deprive the court" of the power to grant "meaningful relief." Because "mootness is jurisdictional," a moot case "must be dismissed." Any decision on the merits of a moot case would be advisory, and Article III grants federal courts no authority to issue advisory decisions. We may not declare right or wrong an act that has no "continuing effect." (citation and internal quotation marks omitted).
>
> *Purpose Built Fams. Found., Inc. v. United States*, 95 F.4th 1346, 1352 (11th Cir. 2024), citing to *Spencer v. Kemna*, 523 U.S. 1, 18, 118 S. Ct. 978, (1998).

Here, Plaintiffs have requested a "preliminary injunction prohibiting Defendants from continuing to receive absentee ballots delivered in person after the advance voting period ended. Plaintiffs also request that Defendants segregate any absentee ballots received in such manner after the end of the advance voting period." [Doc. 2, p. 8].  Both requests are now moot.

Cobb BOER already received hand delivered ballots on November 2, 3 and 4. "This Court cannot prevent what has already occurred." *De La Fuente v. Kemp*, 679 F. App'x 932, 933 (11th Cir. 2017), therefore, Plaintiffs' first request for relief is clearly moot.

Likewise, Plaintiffs' second request for relief – to have Cobb BOER segregate the ballots received on November 2, 3 and 4 – is also moot.  The Declaration of Tate Fall establishes that "[a]ll absentee ballots received during the first two days and the majority of the ballots received on November 4th have been opened, verified, accepted, and scanned using one or more ballot scanners as expressly permitted in O.C.G.A. § 21-2-386 (a)(2)(A)."  Fall Declaration, ¶ 5.  Now that the hand-delivered ballots from this past weekend have been separated from their outer envelopes and scanned, it impossible to separate them out from the other ballots that have been opened and scanned.  Accordingly, all of Plaintiffs' claims for relief are moot and their motion for preliminary injunction should be denied.

## IV.    CONCLUSION

Plaintiffs have come to this Court offering an unsupported and intentionally misleading interpretation of the Georgia law surrounding the delivery of absentee ballots, attempting to disenfranchise thousands of voters in seven of the state's most densely populated counties.   At a time when all parties involved in this election should be seeking to instill confidence in the electoral process, Plaintiffs seem intent on filing specious claims to create a narrative about unfair "last minute" changes to voting rules.  The Court should not countenance this conduct.  Plaintiffs' claims must fail based on the unambiguous language of the Georgia Election Code.  Further, this Court lacks jurisdiction to even consider the claims asserted against Cobb BOER because the relief it seeks is now moot.  For these reasons and all of those set forth above the members of the Cobb

BOER request that the Court deny Plaintiffs' Motino for Preliminary Injunction/Temporary Restraining Order [Doc. 2] and dismiss all claims against Cobb BOER asserted in its Complaint [Doc. 1].

Respectfully submitted this 5th day of November, 2024.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

200 East Saint Julian Street
Post Office Box 9848
Savannah, GA 31412
(912) 236-0261
(912) 236-4936 (fax)
wherring@huntermaclean.com

*s/Wade W. Herring, II*
Wade W. Herring, II
Georgia Bar No. 349343

*Attorneys for Cobb County Defendants*

HAYNIE, LITCHFIELD & WHITE, PC

/s/ Daniel W. White
Daniel W. White*
Georgia Bar No. 153033

222 Washington Avenue
Marietta, GA  30060
(770) 422-8900
dwhite@hlw-law.com
bpinto@hlw-law.com
*Motion for admission pro hac vice pending*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 5, 2024, I electronically filed the foregoing NOTICE OF APPEARANCE with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record in this matter.


HUNTER, MACLEAN, EXLEY & DUNN, P.C.

200 East Saint Julian Street          *s/Wade W. Herring, II*
Post Office Box 9848                   Wade W. Herring, II
Savannah, GA 31412                     Georgia Bar No. 349343
(912) 236-0261
(912) 236-4936 (fax)                   *Attorneys for Cobb County Defendants*
wherring@huntermaclean.com