# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE and GEORGIA REPUBLICAN PARTY, INC., | )<br>)<br>)<br>) |
| Plaintiffs, | ) CIVIL ACTION NO. |
| | ) 4:24-CV-248-RSB-CLR |
| v. | )<br>) |
| THOMAS MAHONEY III, et al. | )<br>) |
| Defendants. | ) |

___

## GWINNETT COUNTY'S MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

Defendants Alice O'Lenick, Wandy Taylor, Loretta Mirandola, David Hancock, and Anthony Rodriguez, in their official capacities as members of the Gwinnett County Board of Voter Registrations and Elections, ("Gwinnett County") hereby move to dismiss Plaintiffs Republican National Committee and Georgia Republican Party, Inc. (collectively, "Plaintiffs")'s Complaint as it fails to state a claim upon which relief may be granted, fails to establish jurisdiction of the court as it simply dresses up a question of state law as a federal question, is barred due to laches and the *Purcell* principle, and is moot. Their motion for a temporary and permanent injunction should be denied because they have no likelihood of success on the merits, they face no irreparable injury while Gwinnett County and potentially

1

affected voters would face significant injuries, and an injunction would be against the public interest of assuring that lawful voting continues as it should.

Plaintiffs assert that the hand-delivery of absentee ballots by voters or other authorized individuals, which is expressly allowed by O.C.G.A. § 21-2-385(a), somehow becomes illegal after in-person advance voting ends on the Friday before the election, which was November 1 this year. They ask for an injunction prohibiting the county election boards of Chatham, Fulton, Dekalb, Cobb, Gwinnett, and Clarke counties (collectively, the "Counties") from accepting ballots at election offices between November 2 and November 4. Plaintiff's argument is a completely erroneous and nonsensical reading of the Georgia Election Code. Plaintiffs ask this Court to adopt an interpretation of Georgia law that would be entirely novel, contrary to the text of the Georgia Election Code, and inconsistent with long-standing practices of Georgia election administrators. Gwinnett County requests that this Court dismiss Plaintiff's Complaint and deny their motion for a preliminary injunction.

## BACKGROUND

In Georgia, there are three ways to cast a ballot: 1) voting in person on Election Day, 2) voting in person during the advance voting period, and 3) absentee-by-mail voting. This case involves absentee-by-mail voting. To vote absentee-by-mail, a voter requests a ballot, receives it in the mail, fills it out, and then returns it

either in the mail, via hand delivery to a county registrar, or by placing it in a drop box that is available during voting hours during the in person advance voting period. To be counted, absentee ballots must be received by the county registrars no later than the close of polls on Election Day, which is 7:00 p.m. on November 5 this year. O.C.G.A. § 21-2-386(a)(1)(F).

Absentee ballots are mailed to voters who have requested an absentee ballot beginning 29 days before the election.[1] O.C.G.A. § 21-2-384. "At any time after receiving an official absentee ballot, but before the day of the primary or election…the elector shall vote his or her absentee ballot…" O.C.G.A. § 21-2-385(a). Once a voter has voted his or her absentee ballot and properly filled out the oath envelope, "such envelope shall then be securely sealed and the elector shall then personally mail **or personally deliver** same to the board of registrars or absentee ballot clerk."[2] O.C.G.A. § 21-2-385(a) (emphasis added). If the ballot is received prior to the close of polls on Election Day, the registrar, "upon receipt," writes the day and hour of receipt on the ballot envelope, and then undertakes the verification procedures set forth in Georgia law to ensure that the returned ballot matches the

---

[1] Ballots for overseas and military voters are sent no later than 45 days before the election. *See* 52 U.S.C. § 20302(a)(8).

[2] Georgia law also allows mailing or delivery of a ballot to be made by certain approved family members, an individual residing in the same house as the voter, or a caregiver of a disabled voter. O.C.G.A. § 21-2-385(a).

voter who requested the ballot. O.C.G.A. § 21-2-386(a)(1)(B). If the ballot is verified, it is then counted in accordance with Georgia law. Absentee ballots that are returned to the board of registrars after the close of polls on Election Day are kept unopened and then transferred to the appropriate clerk for storage for the required period of time. O.C.G.A. § 21-2-386(a)(1)(F).

## ARGUMENT

Georgia law expressly allows personally delivery of absentee ballots to the board of registrars. Not only are the Counties allowed to accept personal delivery of absentee ballots, they are required to accept such delivery pursuant to the law. What Plaintiffs ask the Counties to do—not accept personal delivery of absentee ballots to their registrar's offices—is asking them to violate the law. Picture this—a voter walks into the Gwinnett County elections office on November 2, or on October 11 for that matter (which is before the in person advance voting period that Plaintiff nonsensically thinks is the only period in which voters can hand deliver ballots) with his absentee ballot. He is statutorily allowed to personally return that ballot pursuant to O.C.G.A. § 21-2-385(a) and the county is statutorily required to verify and then count absentee ballots that are returned prior to the close of polls on Election Day. Plaintiffs would have the Counties turn that voter away and not accept that ballot. That is not a scenario that Georgia law would countenance and neither should this Court. In that scenario, the voter has done everything they are supposed to do to have

4

their vote accepted and counted, and that is exactly what Georgia law mandates to occur.

Perhaps Plaintiffs' confusion stems from the fact that absentee ballot drop boxes, which are now required in every Georgia county pursuant to O.C.G.A. § 21-2-382(c), are expressly required to be closed when the in-person advance voting period ends. O.C.G.A. § 21-2-382(c)(1). But Georgia code is clear that absentee ballot drop boxes are "a" means to deliver absentee ballots, not the sole means as Plaintiff's argument necessarily requires. *Id.* Drop boxes are an additional way to return absentee ballots during the advance voting period, but they are not what is it issue here. Drop boxes were properly closed at the end of the advance voting period. Hand delivery of an absentee ballot to the registrar's office is a separate, and expressly allowed way in Georgia law, to return absentee ballots. Unlike drop boxes, nowhere in Georgia code is the hand delivery of absentee ballots to registrar's offices tied to the advance voting period. The advance voting period begins on the fourth Monday prior to the election, October 14 this year,[3] and ends the Friday immediately prior to the election, November 1 this year, and refers to the period when in-person advance voting (often referred to as early voting) takes place. Plaintiffs complain about ballots hand-delivered to registrar's offices after November 1, but they do not,

---

[3] This year, the advance voting period actually began on Tuesday, October 15 because Monday, October 14 was a federal holiday.

and did not at the time, raise any issues with any ballots hand-delivered prior to October 15. Not only do Plaintiffs make an argument that is not consistent with Georgia law, it is not even logically consistent with itself.

## GWINNETT COUNTY FACTS

On July 17, 2024, the Gwinnett County Board of Registrations and Elections voted in a public board meeting to keep their office open on November 2 and 3 for the purpose of accepting hand-delivery of absentee ballots. *See* Gwinnett County Board of Voter Registrations and Elections Official Meeting Minutes, July 17, 2024, § 7(e), attached hereto as Exhibit 1. The motion passed unanimously among the board members who were present, including the Republican-appointed board member.

O.C.G.A. § 21-2-215(c) requires that "the main office of the board of registrars in each county shall remain open for business during regular office hours on each business day…" which is exactly what the Gwinnett County Elections office did on regular business days such as Monday, November 4, 2024. The same code section further provides that:

> The main office, or such other offices, shall be open at such designated times other than the normal business hours as shall reasonably be necessary to facilitate registration and at such other hours as will suit the convenience of the public.

O.C.G.A. § 21-2-215(c). And that is exactly what Gwinnett County did when authorizing the elections office to open and accept absentee by mail ballot on

Saturday, November 2 and Sunday, November 3. On Monday, November 4, the Gwinnett County elections office was open and accepting absentee ballots as required by law.

As further set forth in Intervenor Defendant's Memorandum of Law (Doc. 25-1), even though Plaintiffs knew or should have known of Gwinnett's plan to accept hand-delivered absentee ballots at their elections office, "(1) there was a delay in asserting a right or a claim, (2) the delay was not excusable, and (3) the delay caused [Gwinnett County] prejudice." Therefore, their current claim is barred by the doctrine of laches.

## LEGAL STANDARD

### A. Plaintiffs Cannot Show a Likelihood of Success on the Merits, the Balance of Harms Favors Defendants, and Plaintiffs Are Not Entitled to a Preliminary Injunction.

"A plaintiff seeking preliminary injunctive relief must show the following: (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause to the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest." Sofarelli v. Pinellas Cnty., 931 F.2d 718, 723-24 (11th Cir. 1991). "In this Circuit, a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to

7

each of the four prerequisites." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). Plaintiffs meet none of those prongs.

For all the reasons set forth above, Plaintiffs have no likelihood of success on the merits. Further, the balancing of harms and public interest favor the Counties. Plaintiff's sole claim of irreparable harm actually weighs in favor of denying their motion. If their alleged irreparable injury is based on "violations of state law," their proposed remedy of an injunction banning counties from accepting properly returned absentee ballots would actually be a violation of state law. Therefore, they have not shown an irreparable harm or any harm whatsoever. For that same reason, the public interest would not be served by granting Plaintiff's proposed injunction. Entering the injunction would potentially stop lawful votes that were returned on time from being accepted and counted. That does not serve the public interest.

**B. Plaintiff's Constitutional Claims Fail to State a Claim Upon Which Relief Can Be Granted, Do Not Establish an Actual Federal Question, and Should be Dismissed.**

Plaintiffs' claims of violations of the Elections Clause and the Equal Protection Clause of the U.S. Constitution similarly fail for the reasons ably set forth in Intervenor Defendants Memorandum of Law (Doc. 25-1) and not further belabored here. Plaintiffs claim that the Counties are not following the statutory scheme put in place by the Georgia General Assembly, but as set forth above, Plaintiffs are the ones who actually propose a novel and nonsensical interpretation

of Georgia law that would upend how it has been understood and practiced by counties across Georgia.

Plaintiff's equal protection claims similarly fail. Rather than remedy an equal protection violation, Plaintiff's proposed remedy would actually do more to create an equal protection violation by only suing seven of Georgia's 159 counties and trying to hold those counties, and only those counties, to a standard that is not consistent with Georgia law.

Plaintiffs' claims are really just state law interpretation claims, as they implicitly admit by first filing a state court claim that was unsuccessful in obtaining preliminary relief. Such an attempt to manufacture federal question jurisdiction is not sufficient. Oak Park Trust and Sav. Bank v. Therkildsen, 209 F.3d 648, 651 (7th Cir. 2000) (holding that jurisdiction did not exist under § 1331 because the claim "[wa]s so feeble, so transparent an attempt to move a state-law dispute to federal court… that it d[id] not arise under federal law at all").

## CONCLUSION

The Court should deny Plaintiff's Motion for Preliminary Relief and dismiss Plaintiff's Complaint. Gwinnett County properly followed Georgia law by accepting hand-delivered absentee ballots at their elections office. Plaintiffs do not state a claim upon which relief can be granted, have not shown a likelihood of

success on the merits, and have not shown that the balancing of harms and the public's interest weighs in their favor.

RESPECTFULLY SUBMITTED this 5th day of November, 2024.

        */s/ Mark. D. Johnson*
        Mark D. Johnson
        Georgia Bar No. 395041
        C. Ryan Germany*
        Georgia Bar No. 500691
        Amber M. Carter
        Georgia Bar No. 631649
        GILBERT HARRELL
        SUMERFORD & MARTIN, P.C.
        Post Office Box 190
        Brunswick, Georgia 31521
        P: (912) 265-6700
        F: (912) 264-0244
        mjohnson@ghsmlaw.com
        rgermany@ghsmlaw.com
        acarter@ghsmlaw.com
        *\* Pro hac vice application forthcoming*

        Counsel for Gwinnett County

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| REPUBLICAN NATIONAL COMMITTEE and GEORGIA REPUBLICAN PARTY, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 4:24-CV-248-RSB-CLR |
| v. | ) ) | |
| THOMAS MAHONEY III, et al. | ) ) | |
| Defendants. | ) | |

_____

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served or caused to be served a copy of the within and foregoing <u>GWINNETT COUNTY'S MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION</u> in this matter by electronically filing the same with the Court via the CM/ECF system.

This 5th day of November, 2024.

*/s/ Mark D. Johnson*
Mark D. Johnson

11