U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE and GEORGIA REPUBLICAN PARTY, INC., <br> Plaintiffs, <br><br> v. <br><br> THOMAS MAHONEY III, et al., <br> Defendants, <br><br> DEMOCRATIC NATIONAL COMMITTEE and DEMOCRATIC PARTY OF GEORGIA, INC., <br> Intervenor Defendants. | CIVIL ACTION NO.: <br> 4:24-CV-248 |

**FULTON COUNTY DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION/TEMPORARY RESTRAINING ORDER**

Defendants Sherri Allen, Aaron V. Johnson, Michael Heekin, Teresa K. Crawford, and Julie Adams, in their official capacities as members of the Fulton County Registration and Elections Board ("Fulton County Board"), submit this response in opposition to Plaintiffs Republican National Committee ("RNC") and Georgia Republican Party, Inc.'s Emergency Motion for Preliminary Injunction/Temporary Restraining Order (Doc. 2). Plaintiffs' motion falls far short of the exacting standard required for the extraordinary injunctive relief requested. Plaintiffs cannot show a likelihood of success on the merits or irreparable harm

1

because nothing in the Plaintiffs' motion demonstrates the violation of any law. Instead, the motion conflates voting via absentee ballot with early voting, which are two entirely different voting procedures, and seeks the same relief that was already requested and denied the day before in Fulton County Superior Court on November 2, 2024. On balance, the only harm will be to the Fulton County Board, the voters it serves, and the public interest if Plaintiffs are allowed to prevent the Board from receiving and counting valid absentee ballots. The motion should be denied in toto.

## I.   BACKGROUND

The Fulton County Board accepted voters' hand delivered absentee ballots at four county elections offices on November 2, 3, and 4, 2024.[1] (*See* Declaration of N. Williams, attached as Ex. A, at ¶5.) Plaintiffs allege the acceptance of hand delivered ballots on these dates violates the advance voter deadline set forth in O.C.G.A. §21-2-385(d)(1)(B). (Doc. 1, Compl. ¶¶ 3, 29-31, 43-44; Doc. 2, at 3.) Plaintiffs also

---

[1]   (1) The Fulton County Elections Hub Office, located at 5600 Campbellton Fairburn Road, Union City, GA 30213, received 15 hand-delivered absentee ballots on November 2, 2024; 12 on November 3, 2024; and 16 on November 4, 2024. (2) The Fulton County Government Center Office, located at 130 Peachtree Street, Suite 2186, Atlanta, GA 30303, received 16 hand-delivered absentee ballots on November 2, 2024; 27 on November 3, 2024; and 46 on November 4, 2024. (3) The Fulton County South Annex Office, located at 5600 Stonewall Tell Road, South Fulton, GA 30349, received 17 hand-delivered absentee ballots on November 2, 2024; 35 on November 3, 2024; and 35 on November 4, 2024. (4) The Fulton County North Annex Office, located at 7741 Roswell Road, Sandy Springs, GA 30350, received 57 hand-delivered absentee ballots on November 2, 2024; 116 on November 3, 2024; and 217 on November 4, 2024. (*See* Ex. A, Dec. of N. Williams, at ¶¶6-9.)

claim that accepting these absentee ballots violates the Equal Protection Clause and the Elections Clause of the Constitution. Plaintiffs filed this emergency action on Sunday November 3, 2024, seeking injunctive relief to prevent acceptance of the absentee ballots on those dates and to sequester any ballots received. Note that all absentee ballots hand-delivered at these locations from November 2, 2024 through November 4, 2024 have been sequestered. (*See* Ex. A, Dec. of N. Williams, at ¶10.)

Plaintiffs presented a similar motion immediately before this one, and lost. The Georgia Republican Party, along with the Fulton County Republican Party, sued Fulton County for accepting absentee ballots on November 2 and 3, alleging it violated the advance voting deadline of November 1, 2024 as set forth in O.C.G.A. §21-2-385(d)(1)(B). (Doc. 25-1 at 55-56, ¶¶9-13.).[2] The complaint, filed November 1, challenged the hand delivery of absentee ballots to the same four county elections offices at issue in this case, along with the purported use of drop boxes. (*Id.* at 56, ¶¶12-14.) Judge Kevin Farmer heard argument via remote video means on Saturday, November 2 at 8:00 a.m.[3]

---

[2]  The Verified Emergency Petition was submitted as Exhibit G to Intervenor-Defendants' Opposition and Memorandum of Law (Doc. 25-1, at 54). To avoid duplication of exhibits, the Fulton County Board cites to the copy on file and incorporates the document as if attached hereto.

[3]  The court has not yet entered a written order. As of the date of this filing, the matter has not been assigned a civil action number. The entire hearing is available via Judge Kevin Farmer's Fulton County YouTube page, *at* https://www.youtube.com/watch?v=wGqGpNsqODg (last visited Nov. 5, 2024).

The plaintiffs argued that "there's absolutely no provision that allows for a hand-delivery" of absentee ballots after November 1. (Farmer Tr. 7:21-8:2.) Judge Farmer disagreed. First, Judge Farmer made clear that advance voting is not the same as absentee voting. (*Id.* at 22:16-23:21.) Second, he recognized that the plain language of O.C.G.A. §21-2-382 and 385(a) "permit voters to hand deliver their absentee ballots;" thus, there was no violation of the code section for voters to hand return absentee ballots and the petition was denied. (*Id.* at 39:9-17.) The Fulton County Board was not using drop boxes after November 1, so the petition was denied as to that argument as well. (*Id.* at 42:6-44:11.)

During the hearing, Ms. Nadine Williams, Director of the Fulton County Department of Registrations and Elections, testified under oath to answer certain questions from the court. (*Id.* at 31:7-21.) According to Ms. Williams, four Fulton County locations, all of which are regular business offices of the county, were open on November 2 and 3 to receive absentee ballots from voters via hand-delivery. Those same locations were available to and did accept absentee ballots via hand delivery during the 2024 advance voting period. (*Id.* at 31:22-32:21.) The press release identifying those locations went out on the afternoon of November 1. (*Id.* at 37:4-13.) Election monitors, which are separate from poll workers who undergo a

---

The hearing transcript was filed by Intervenor-Defendants ("Farmer Tr.") (Doc. 29-1).

4

different credentialing process for polling stations, were present at those locations. (*Id.* at 32:22-33:24.)

Judge Farmer recognized the inconsistency in plaintiffs' arguments. The Georgia Republican Party admitted that it had no objection to the Fulton County Board receiving an absentee ballot delivered by the U.S. Post Office on November 2-4, but the same is not true of a voter delivering his or her own ballot. (*Id.* at 10:6-10, 17:7-14.) More importantly, although counsel for the Georgia Republican Party said he would be willing to agree that the county could continue to receive absentee ballots on November 2-3 if it could have observers present to see the hand deliveries, he filed this case the next day. (*Id.* at 28:20-29:2.) Because that argument was not in the prayer for relief, the court did not reach the merits of the issue. Ultimately, Judge Farmer denied the plaintiffs' motion for temporary and permanent injunctive relief based on the plain language of O.C.G.A. §21-2-382 and 385(a) which allows voters to "personally mail or personally deliver" absentee ballots. (*Id.* at 39:9-17.)

The Georgia Secretary of State agrees. Since 2022, his official guidance has directed voters that a "ballot must be received by the county registrar no later than the close of polls on Election Day" and "[d]elivery can be either U.S. first class mail or hand delivered by the voter."[4] In fact, other county election boards accepted

---

[4] *See* Raffensperger, Brad, *A Guide for Registered Voters: An Overview of Georgia's Absentee Voting Process*, GA. SEC'Y OF STATE (Mar. 30, 2022),

5

absentee ballots through the close of the polls on election day in 2022.[5]  Both the Superior Court of Fulton County and the Georgia Secretary of State recognize the right of voters to hand deliver absentee ballots up until the polls close on election day, yet the Plaintiffs saw fit to file this emergency complaint and motion for injunctive relief to see if this Court would hold otherwise.

The Fulton County Board, along with certain of its members and staff, has been forced to defend against no less than *five* lawsuits leading up to this election, all prosecuted by the Fulton County Republican Party or Republican members of the board, and all filed by the same counsel representing the Plaintiffs in this case.[6]  Not

---

submitted as Exhibit G to Intervenor-Defendants' Opposition and Memorandum of Law (Doc. 25-1, at 61).  See also Farmer Tr. at 8:24-9:6.

[5]     See also Exhibits C-E to Intervenor-Defendants' Opposition and Memorandum of Law (Doc. 25-1, at 30-46).

[6]     See *Julie Adams v. Fulton County Board of Registration and Elections, et al.*, Civil Action No. 24CV006566, Superior Court of Fulton County, filed 5/22/2024 (dismissed on procedural grounds); *Julie Adams v. Fulton County, Georgia*, Civil Action No. 24CV011584, Superior Court of Fulton County, filed 9/12/2024 (denied requested declaration that certification of election results is discretionary, but permitted access to documents); *Fulton County Republican Party, Inc. v. Nadine Williams*, Civil Action No. 24CV012584, Superior Court of Fulton County, filed 10/03/2024 (denied request to compel Fulton County to hire more GOP poll workers prior to election); *Julie Adams v. Nadine Williams*, Civil Action No. 24CV012584, Superior Court of Fulton County, filed 10/31/2024 (denied mandamus relief for greater access to election materials); and *Fulton County Republican Party, Inc. v. Fulton County*, Civil Action No. __ (not yet assigned), Superior Court of Fulton County, filed 11/1/24 (denied request to block Fulton County from accepting hand-delivered absentee ballots November 2-3).

one of these lawsuits provided the relief the plaintiffs sought, and the present case is similarly without merit. These repetitive lawsuits, most of which are filed on an emergency basis, take valuable time away from the Board and its staff during a very busy election season.

## II.   LEGAL STANDARD

To obtain a preliminary injunction, Plaintiffs are required to show (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).  The balancing of harm and the public interest factors "merge when, as here, the government is the opposing party." *Gonzalez v. Governor of Georgia*, 978 F.3d 1266, 1271 (11th Cir. 2020). The same standard applies to a motion for temporary restraining order. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

A preliminary injunction is an "extraordinary and drastic remedy," and Plaintiffs bear the "burden of persuasion" to clearly establish all four of these prerequisites. *Wreal*, 840 F.3d at 1247. Failure to meet any one of the perquisites "dooms" the motion. *Id.* at 1248. "At the preliminary injunction stage, a district court may rely on affidavits and hearsay materials which would not be admissible

7

evidence for a permanent injunction, if the evidence is 'appropriate given the character and objectives of the injunctive proceeding.'" *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (internal citations omitted).

## III.  ARGUMENT

The Fulton County Board accepted voters' hand delivered absentee ballots at county elections offices on November, 2, 3, and 4, 2024, which Plaintiffs allege violates O.C.G.A. §21-2-385(d)(1)(B). (Doc. 1, Compl. ¶¶ 3, 29-31, 43-44; Doc. 2, at 3.)  Plaintiffs claim that accepting these absentee ballots also violates the Equal Protection Clause and the Elections Clause of the Constitution.  They seek entry of a preliminary injunction to prevent acceptance of absentee ballots on November 2, 3, and 4, and an order directing the Fulton County Board and others to segregate all absentee ballots received after November 1.  (Doc. 2, at 8.)

Plaintiffs fail to make the required showing for a preliminary injunction. Indeed, Plaintiffs have zero likelihood of success on the merits because there is no violation of law at all.  Plaintiffs want to bar acceptance of absentee ballots past a deadline that applies only to advance voting, improperly conflating the two voting processes under Georgia law.  Similarly, Plaintiffs' alleged constitutional violations, which are rooted in state law violations, also fail.  Balancing the equities and the public interest weighs against the Plaintiffs and in favor of the Fulton County Board,

8

as the requested relief would deny Georgia voters the right to cast valid absentee ballots.

### A.    There Is No Violation of State Law – Plaintiffs Improperly Conflate Voting via Absentee Ballot with Advance Voting.

Plaintiffs' argument is fundamentally flawed – Georgia's election code provides *separate* procedures for voting via absentee ballot and advance voting. There is zero likelihood that Plaintiffs' claims will succeed on the merits, which alone defeats the motion.

***Absentee voting.***  Georgia voters may apply for an absentee-by-mail ballot no later than 11 days before an election. O.C.G.A. § 21-2-381.  Voters may "personally mail or personally deliver" their absentee ballots. O.C.G.A. § 21-2-385(a). Counties are permitted to establish "additional registrar's offices or places of registration for the purpose of receiving absentee ballots," provided those locations meet certain basic requirements, such as being a government building or polling place. O.C.G.A. § 21-2-382(a).  County boards are to "keep safely, unopened, and stored in a manner that will prevent tampering … all official absentee ballots received from absentee electors *prior to the closing of the polls on the day of the ... election*." O.C.G.A. § 21-2-386(a)(1)(A) (emphasis added).  In contrast, absentee ballots received "after the closing of the polls on the day of the … election" must be stored unopened and are subsequently destroyed.  O.C.G.A. § 21-2-386 (a)(1)(F).

9

*Advance voting.* Georgia provides for a period of advance voting beginning the fourth Monday before the election and ending the Friday immediately before the election. O.C.G.A. §21-2-385 (d)(1)(A-B).  For advance voting, Georgia requires voters to visit an early voting location to complete and cast their ballot in person. O.C.G.A. § 21-2-385(d).

Plaintiffs ask this Court to impose the deadline for advance voting on the receipt of absentee ballots, but there is nothing in the election code that requires absentee ballots to be received by the advance voter deadline. In fact, the code expressly sets forth separate deadlines for each with good reason.  As the Fulton County Superior Court recognized in rejecting this same argument just two days ago, the Fulton County Board would be able to receive absentee ballots delivered by the U.S. Postal Service through the close of the polls on election day but would not be able to receive the very same ballots if hand-delivered by voters themselves.  Such a result would be nonsensical and serve only to disenfranchise voters.  This Court should likewise reject Plaintiffs' argument.[7]

The plain language of O.C.G.A. §21-2-385(a) allows voters to "personally mail or personally deliver" absentee ballots, and per O.C.G.A. §21-2-386(a)(1), such ballots are to be accepted until the polls close on election day.  Plaintiffs have zero

---

[7] The Fulton County Board incorporates by reference Intervenor-Defendants' arguments and authority regarding abstention.  (Doc. 25-1, I.C.)

10

likelihood of success on the merits because they fail to demonstrate a violation of state election law. The motion should be denied for that reason alone.

### B. There Is No Constitutional Violation.

Plaintiffs claim that accepting these absentee ballots also violates the Equal Protection Clause and the Elections Clause of the Constitution. Plaintiffs admit that their federal constitutional claims are based on a violation of state law – *i.e.* the same improper application of the advance voter deadline to the period for accepting absentee ballots. Their equal protection claim is premised on "granting special privileges to voters of [defendant] counties in violation of state law." (Doc. 1, Compl. ¶ 5). Their Elections Clause claim depends on proving that the counties' actions "flout[] the Georgia General Assembly's regulations setting the 'Manner' of federal elections." (*Id.* ¶ 6) (emphasis supplied). As set forth above, the Georgia election code expressly permits acceptance of absentee ballots through the close of the polls on election day. By Plaintiffs' own logic, in the absence of any underlying state law violations, there can be no Constitutional violation. Here too, there is zero likelihood of success on the merits.

Plaintiffs' Constitutional claims fail for other distinct reasons too. Systems for implementing elections may vary by location, as can the procedures for casting ballots without running afoul of the equal protection clause. Likewise, the Fulton County Board did not "re-write" state law regarding absentee ballots, so there is no

11

basis to conclude it usurped the General Assemblies authority to prescribe the time, place, and manner of elections.[8]

To the extent that Plaintiffs' requested relief would foster uncertainty and confusion on the eve of an election, it is barred by the *Purcell* doctrine; "[c]ourt orders affecting elections … result in voter confusion and consequent incentive to remain away from the polls." *Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006) (per curiam). In fact, *Purcell* "'heightens' the standard that a plaintiff must meet to obtain injunctive relief that will upset a state's interest in running its elections without judicial interference." *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1372 (11th Cir. 2022).[9]

Plaintiffs' claims are also barred by the doctrine of laches. County election boards have accepted hand-delivered absentee ballots through the close of the polls on election day as far back as 2022. The same press reports that Plaintiffs claim alerted them to the acceptance of such ballots this year were made back in 2022. Clearly, Plaintiffs unreasonably delayed asserting their claims for two years, there

---

[8] For a fulsome discussion and citation of authority, see Intervenor-Defendants' Opposition and Memorandum of Law (Doc. 25-1, at I.B). The Fulton County Board adopts those arguments as if fully set forth herein.

[9] For additional legal authority regarding the *Purcell* doctrine, see Intervenor-Defendants' Opposition and Memorandum of Law (Doc. 25-1, at II.A). The Fulton County Board adopts those arguments as if fully set forth herein.

was no excuse for such delay, and the delay is prejudicial to the Fulton County Board and the voters it serves.[10] *Wood v. Raffensperger*, 501 F. Supp. 3d 1320, 1323 (N.D. Ga. 2020) (*quoting United States v. Barfield*, 396 F.3d 1144, 1150 (11th Cir. 2005)).

### C. The Balance of Harms and Public Interest Weigh in Favor of Defendants.

Plaintiffs claim irreparable harm based on violations of the state law. (Doc. 2, at 7.) There are no such violations. Even if there were, that would not rise to the level of irreparable harm. To the contrary, there is no harm to Plaintiffs if the Fulton County Board continues to receive and *segregate* absentee ballots that were hand delivered from November 2-4. (*See* Dec. of N. Williams.) In fact, the only harm from enjoining the receipt of such ballots would be to the Fulton County Board and the voters it serves, who would not be able to submit absentee ballots up to and including on election day as they did in the previous election.

Likewise, the public interest also weighs in favor of defendants and warrants denial of the motion. Just two days ago, the Fulton County Superior Court held that Georgia law expressly permits acceptance of absentee ballots through the close of the polls on election day. Entry of an order interpreting the same law – O.C.G.A. § 21-2-385(a) – on election day would at best sow confusion and at worst deter voters

---

[10] For additional legal authority regarding the doctrine of laches, see Intervenor-Defendants' Opposition and Memorandum of Law (Doc. 25-1, at II.B). The Fulton County Board adopts those arguments as if fully set forth herein.

from hand-delivering their absentee ballots. This is especially so given that other county election boards accepted hand delivered absentee ballots in 2022. Entry of an injunction would not preserve the status quo as any vote that is not hand delivered to or accepted by the Fulton County Board today cannot be recaptured.

## IV.   CONCLUSION

The Fulton County Board Respectfully requests the Court deny Plaintiff's emergency motion for preliminary injunction, which fails to meet the exacting standard required for the extraordinary injunctive relief requested. Plaintiffs cannot show a likelihood of success on the merits or irreparable harm because nothing in the Plaintiffs' motion demonstrates the violation of any law. Georgia law expressly permits receipt of absentee ballots via hand delivery through the close of the polls on election day. Plaintiffs conflate voting via absentee ballot with early voting, which are two entirely different voting procedures. Moreover, Plaintiffs seek the same relief that was already requested and denied the day before in Fulton County Superior Court on November 2, 2024. On balance, the only harm will be to the Fulton County Board, the voters it serves, and the public interest if Plaintiffs are allowed to prevent the Board from receiving and counting valid absentee ballots.

Dated: November 5, 2024            */s/ Lauren A. Warner*
                                   Lauren A. Warner
                                   Georgia Bar No. 425769
                                   Chilivis Grubman
                                   1834 Independence Square

Atlanta, Georgia 30338
Tel: (404) 233-4171
Fax: (404) 261-2842
lwarner@cglawfirm.com

*Attorneys for Defendants Sherri Allen, Aaron V. Johnson, Michael Heekin, Teresa K. Crawford, and Julie Adams in their official capacities as members of the Fulton County Registration and Elections Board*

15

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using the font type of Times New Roman and a point size of 14.

*/s/ Lauren A. Warner*
Lauren A. Warner
Georgia Bar No. 425769
Chilivis Grubman
1834 Independence Square
Atlanta, Georgia 30338
Tel: (404) 233-4171
Fax: (404) 261-2842
lwarner@cglawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2024, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record.

/s/ *Lauren A. Warner*
Lauren A. Warner
Georgia Bar No. 425769
Chilivis Grubman
1834 Independence Square
Atlanta, Georgia 30338
Tel: (404) 233-4171
Fax: (404) 261-2842
lwarner@cglawfirm.com