IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE and GEORGIA REPUBLICAN PARTY, INC., ) ) ) ) | |
| Plaintiffs, ) ) | CIVIL ACTION FILE NO. 4:24-cv-00248-RSB-CLR |
| v. ) ) | |
| THOMAS MAHONEY III, et al., ) ) | |
| Defendants. ) ) | |
| DEMOCRATIC NATIONAL COMMITTEE and DEMOCRATIC PARTY OF GEORGIA, INC., ) ) ) ) | |
| Intervenor Defendants. ) ) | |

**DEFENDANT CLAYTON COUNTY BOARD OF ELECTIONS AND REGISTRATION'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER**

COME NOW Defendants Danny Hope, Dorothy Foster Hall, Carol Wesley, Pat Pullar, and Dominque Grant all in their official capacities as members of the Clayton County Board of Elections and Registration[1] ("Clayton County"), and by way of special appearance and without waiving and specifically reserving all

---

[1] Clayton County Board of Elections and Registration is incorrectly identified in the Complaint as "Clayton County Board of Registrations and Elections."

available defenses, hereby file this response in opposition to plaintiffs' motion for preliminary injunction/temporary restraining order (Doc. 2), showing the Court as follows:

## I.     INTRODUCTION

Plaintiffs the Republican National Committee and the Georgia Republican Party, Inc. ("plaintiffs") bring this action claiming that "Defendants" have allegedly violated "state election law" because defendants allegedly extended early voting through November 2-3, 2024 in violation of statutory deadlines. (Doc. 1, ¶¶ 14, 33.) Plaintiffs assert that alleged hand-delivery of absentee ballots by voters or other authorized individuals, despite the language in O.C.G.A. § 21-2-385(a), becomes illegal after in-person advance voting ends on the Friday before the election, which was November 1 this year. Based on the foregoing, plaintiffs bring Section 1983 claims against the county election boards of Chatham, Fulton, DeKalb, Cobb, Gwinnett, Clayton, and Clarke counties for violations of the Equal Protection Clause (Counts I and II) and violations of the Elections Clause (Counts III and IV). (Id.) Plaintiffs seek a declaratory judgment that defendants collectively violated these constitutional provisions as well as a temporary, preliminary, and permanent injunction prohibiting defendants from accepting ballots at election offices between November 2 and 4, 2024 and to segregate ballots returned in person to election offices between these dates. (Id., Prayer for Relief.)

Separately, plaintiffs have also filed a motion for preliminary injunction/temporary restraining order (Doc. 2), requesting the entry of an injunction prohibiting defendants from continuing to receive balloted delivered in person after "the advance voting period ended" and requesting that defendants "segregate any absentee ballots received in such manner after the end of the advance voting period." (Doc. 2, p. 8.)  Clayton County hereby files its response in opposition.  As shown below, plaintiffs' motion for an injunction/temporary restraining order should be denied because they cannot meet their burden for injunctive relief.  Therefore, plaintiffs' motion should be denied.

## II.     ARGUMENT AND CITATION OF AUTHORITY

### A.     Preliminary Injunction Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).  In order to obtain one, a party must establish four separate requirements—namely, that "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."  Jones v. Governor of Fla., 950 F.3d 795, 806 (11th Cir. 2020).  Plaintiffs bear "the 'burden of persuasion' to

clearly establish all four" of these elements.  Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016).

### B. <u>Plaintiffs Fail To Meet Their Burden For An Injunction</u>

As shown in co-defendants' responses in opposition to plaintiff's motion, as well as intervenor defendants' response and motion to dismiss (Doc. 25-1), plaintiffs cannot success on the merits of their claims, cannot demonstrate a constitutional violation, and fail to demonstrate that the balance of harms favors preliminary relief.[2] Therefore, because plaintiffs fail to meet their burden on any of the prongs for injunctive relief, their motion should be denied. Jones, 950 F.3d at 806.

### C. <u>Plaintiffs' Complaint Fail to State a Claim Upon Which Relief Can Be Granted Against Clayton County</u>

Plaintiffs' complaint fails to state a claim for the additional reason that they fail to allege any facts to support a constitutional violation against Clayton County. (Doc. 1.)  A plaintiff is required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d 989, 995 (11th Cir. 1983).

---

[2] Rather than re-assert the same arguments, for the sake of brevity, Clayton County hereby incorporate by reference and refers the Court to this briefing in the record.

The only paragraph in the complaint that addresses Clayton County is paragraph 42, which alleges "upon information and belief" that Clayton County "*will not*" have locations open for advance voting through November 2-3, 2024. (Id., ¶ 42) (emphasis added).  There are no other substantive allegations against Clayton County in the complaint, and plaintiffs' vague allegations against "Defendants" collectively are insufficient to establish any constitutional violation against Clayton County.  See Quality Foods de Centro America, 711 F.2d at 995 (finding "[c]onclusory allegations that defendant violated the antitrust laws and plaintiff was injured thereby will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief.").  Moreover, the declaration of Jared Hooper (Doc. 30), filed by plaintiffs today on November 5, 2024, makes no reference to Clayton County specifically either, but identifies only Fulton and Chatham Counties.  Therefore, plaintiffs' motion should be denied because they are unlikely to succeed on the merits against Clayton County for this additional reason.

### III.   CONCLUSION

As shown above, as well as in the briefing by the parties in the record, plaintiffs have failed to meet their burden, and their request for a preliminary injunction and temporary restraining order should be denied

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

*Attorneys for Clayton County Board of Elections and Registration*

661 Forest Parkway, Suite E
Forest Park, GA  30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANT CLAYTON COUNTY BOARD OF ELECTIONS AND REGISTRATION'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to all counsel of record who are CM/ECF system participants.

This 5th day of November, 2024.

/s/ A. Ali Sabzevari
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

*Attorneys for Clayton County Board of Elections and Registration*

FREEMAN MATHIS & GARY, LLP
661 Forest Parkway, Suite E
Forest Park, GA  30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)